Whitney, Thompson & Jeffcoach LLP
Marshall C. Whitney, #82952
Brodie A. Surfus, #349269
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:    (559) 753-2550
Facsimile:    (559) 753-2560

Moore & Van Allen, PLCC
William D. Curtis, #53811
Gabriel L. Mathless, #48857
  *(Admitted Pro Hac Vice)*
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone:    (704) 331-3884

Attorneys for Federal Agricultural Mortgage Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO CONSIDER EX PARTE MOTION FOR APPOINTMENT OF RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Crtrm.:   6<br><br>Action Filed:  November 27, 2024 |

Now comes Plaintiff Federal Agricultural Mortgage Corporation ("Farmer Mac" or "Plaintiff"), by and through the undersigned counsel, and for its Ex Parte Application Regarding Motion for Appointment of Receiver and for Preliminary Injunction (the "Application"), state as follows:

885.0 06202638.000

Substantially contemporaneously herewith, Farmer Mac filed its Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction (the "Motion"), seeking appointment of a receiver to manage, preserve and protect the Real Property which serves as collateral for the Farmer Mac Loans. Farmer Mac seeks consideration of the Motion on an ex parte basis. Farmer Mac has satisfied the requirements for the ex parte consideration of the Motion.

Pursuant to Section III of this Court's Standing Order in Civil Cases, a filer seeking ex parte consideration of a pleading must: (a) contact the courtroom deputy and the opposing parties prior to filing to advise them that the filing is being made; (b) indicate whether an objection will be filed; and (c) submit an affidavit explaining (1) the need for issuance of an order on an ex parte basis, (2) the inability of the filer to obtain a stipulation of the issuance of such order from the opposing parties, and (3) why such request cannot be noticed on the Court's calendar pursuant to Local Rule 230. The affidavit of Brodie Surfus is attached hereto as Exhibit 1 (the "Affidavit").

As set forth in the Affidavit, Farmer Mac contacted the courtroom deputy on December 18, 2024 and contacted counsel for the Borrower Defendants on December 17, 2024 to inform them that Farmer Mac will be filing the Motion and Application and seeking ex parte relief.

Upon information and belief, and as set forth in the Motion, not all of the Borrower Defendants have consented to or are in a position to consent to the relief requested therein, and therefore it, while unlikely, Borrower Defendant Assemi Brothers, LLC may file an objection to the Motion.

In addition, the Affidavit sets forth the three additional criteria above. First, and as more fully set forth in the Motion and the Complaint, the Real Property is subject to damage or destruction if not properly maintained. This maintenance requires significant, immediate cash outflows. Borrower Defendants have indicated to Farmer Mac that they do not have sufficient funds to operate at any level currently, and if the Receiver is appointed it may take one or more days for Farmer Mac to fund thereafter.

Maintenance of the Real Property requires significant weekly payments to third parties for watering, spraying and other maintenance activities. Because Borrower Defendants do not have sufficient funds to maintain the Real Property, there is a significant risk of value destructive

deterioration of the Real Property.

As a result, if a receiver is not appointed on an emergency basis, then the Real Property – Plaintiff's collateral securing the Farmer Mac Loans – will not be properly maintained and faces imminent damage.

Second, Farmer Mac shared its proposed Order Appointing Receiver (the "Proposed Receiver Order") with Borrower Defendants and requested that Borrower Defendants provide comments or stipulation thereto. In response, Borrower Defendants, with the exception of Borrower Defendant Assemi Brothers, LLC, provided their consent.

Third, this Court maintains civil law and motion dates on certain Mondays. The next available of such dates is January 6, 2025. However, as set forth in more detail above and in the Motion, Borrower Defendants have indicated to Plaintiff that they lack sufficient funds to operate. As a result, if the Motion is set for a hearing on January 6, 2025, the Borrower Defendants will have been unable to maintain the Real Property for some time. Further, it is likely that any order appointing the receiver would not be entered until several days after such a hearing, especially if the Court has taken the Motion, any other relevant papers, and any oral arguments under advisement. During this period, the Borrower Defendants would not have funds to operate or otherwise maintain the Real Property, which would likely result in damage to the Real Property, which serves as Plaintiff's collateral.

However, Local Rule 230(b) indicates that a motion will ordinarily be heard not less than thirty-five (35) days after service and filing of the motion. This Court's next scheduled hearing date at least thirty-five (35) days from the date of filing is January 22, 2025. Such a delay would mean that the Real Property would not have been adequately maintained for approximately two and a half months, making it highly likely that the Real Property will suffer damage and destruction. Further, this delay could result in damage to the trees and failure of future harvests, further significantly diminishing the value of Plaintiff's collateral.

///

///

///

## CONCLUSION

Farmer Mac has satisfied this Court's requirements for taking an ex parte request under submission. As such, Farmer Mac respectfully requests that this Court accept this Application and take the Motion under ex parte consideration.

Dated:  December 19, 2024         WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Marshall C. Whitney
Brodie A. Surfus
Attorneys for Federal Agricultural Mortgage Corporation