Whitney, Thompson & Jeffcoach LLP
Marshall C. Whitney, #82952
Brodie A. Surfus, #349269
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:    (559) 753-2550
Facsimile:    (559) 753-2560

Moore & Van Allen, PLCC
William D. Curtis, #53811
Gabriel L. Mathless, #48857
  *(Admitted Pro Hac Vice)*
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone:    (704) 331-3884

Attorneys for Federal Agricultural Mortgage Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Crtrm.:   6<br><br>Action Filed:  November 27, 2024 |

Plaintiff Federal Agricultural Mortgage Corporation ("Farmer Mac" or "Plaintiff"), by and through the undersigned counsel, and for its *Ex Parte* Motion for Appointment of Receiver and for Preliminary Injunction (the "Motion") pursuant to, *inter alia*, Fed. R. Civ. P. 66 and Local Rules 231 and 232, states as follows:

885.0 06200960.000

# I.
# INTRODUCTION

Defendants Assemi Brothers, LLC, a California limited liability company ("Assemi Brothers"), Maricopa Orchards, LLC, a California limited liability company ("Maricopa"), C & A Farms, LLC, a California limited liability company ("C & A Farms"), Whitesbridge Farms, LLC, a California limited liability company ("Whitesbridge"), Willow Avenue Investments, LLC, a California limited liability company ("Willow Avenue"), Lincoln Grantor Farms, LLC, a California limited liability company ("Lincoln"), Copper Avenue Investments, LLC, a California limited liability company ("Copper Avenue"), ACAP Farms, LLC, a California limited liability company ("ACAP"), Cantua Orchards, LLC, a California limited liability company ("Cantua"), and Gradon Farms, LLC, a California limited liability company ("Gradon", and collectively, the "Borrower Defendants") are in default to Farmer Mac on their obligations under certain loans secured by real property. As of the filing hereof, the outstanding amount owed under the Loan Documents by the Borrower Defendants is in excess of $41,833,201.59.

The Borrower Defendants, and various other related entities, are currently subject to multiple lawsuits brought by financial institutions and creditors based on defaults on secured agricultural loans[1]. The Borrower Defendants and their related entities' financial distress has resulted in an imperiled harvest, which was recently concluded only with the assistance of an additional financing infusion from Prudential Life Insurance Company, and has caused imminent danger to the real property, trees, irrigated crops, water rights and delivery systems of all of the entities, including the Borrower Defendants. The Borrower Defendants are without the financial resources necessary to protect and manage their Real Property, necessitating the imposition of a receivership to protect the Real Property and Personal Property Collateral, preserve its viability and value, and maintain the productive nature of the property to protect Farmer Mac's interest documented by the Farmer Mac

---

[1] See, e.g., Case Nos. 1:24-cv-01102-KES-SAB; 1:24-cv-01230-KES-SAB; 1:24-cv-01235-KES-SAB; 1:24-cv-01233-KES-SAB; 1:24-cv-01105-KES-SAB; 1:24-cv-01226-KES-SAB; 1:24-cv-01231-KES-SAB; 1:24-cv-01232-KES-SAB; 1:24-cv-01241-KES-SAB; 1:24-cv-01261-KES-SAB, all pending before this Court.

885.0 06200960.000

2

PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

Loans and Deeds of Trust[2].

In connection with the Farmer Mac Loans, certain of the Borrower Defendants executed a series of Deeds of Trust (as more particularly described in the Complaint; see Complaint ¶ 20(a)-(f)) pursuant to which the Borrower Defendants granted Farmer Mac an interest in certain Real Property collateral located in and around Fresno County, California, Kings County, California, and Kern County, California in order to secure all obligations under the Farmer Mac Loans.  Pursuant to the terms of the Deeds of Trust, Farmer Mac is entitled to the appointment of a receiver. Complaint ¶ 26; see generally, Deeds of Trust, § 23.

As a result of the Borrower Defendants' default under the terms of the Farmer Mac Loans, and the severe economic distress of the Borrower Defendants resulting in their inability to make payments now due and owing under the terms of the Farmer Mac Loans or to maintain the Collateral, specifically the Real Property, and pursuant to Fed. R. Civ. P. 66 and Local Rule 232, Farmer Mac requests the appointment of a receiver in order to maintain, manage and conserve the Real Property owned by the Borrower Defendants, and to conserve certain Personal Property Collateral on which Farmer Mac has a security interest, including but not limited to, all buildings, improvements, equipment, fixtures and permanent plantings affixed, attached to or incorporated in the Real Property, all Water Rights, whether such water rights are riparian, appropriative or otherwise, along with all ditch and ditch rights and shares of stock, licenses, permits and contracts evidencing such water or ditch rights appurtenant to the Real Property, and all wells, reservoirs, dams, embankment or fixtures located on the Real Property, all windmills, pumps, irrigation, equipment, motors, engines, and devices of every kind associated with the Real Property (together with the Real Property and Water Rights, the "Receivership Property").  See Complaint, ¶ ¶ 20-21.

The Receivership Property does not include the crops or proceeds of crops grown on the Real Property.  Upon information and belief, U.S. Bank, N.A. ("U.S. Bank") holds a first lien interest on the crops and crop proceeds[3].  Farmer Mac is informed that the Borrower Defendants

---

[2] Capitalized terms used herein but not defined herein shall have the meanings given them in the Complaint [Dkt. 1].

[3] Farmer Mac is informed and believes that U.S. Bank has declined to advance funds necessary to fund a 2025 crop on the Real Property constituting Receivership Property.  However, Farmer Mac has confirmed that U.S. Bank will not

lack funding to finance the crop for crop year 2025 and have no objection to the appointment of a receiver[4]. Farmer Mac has approached U.S. Bank to provide that funding, but U.S. Bank has declined to do so. It is unlikely that a crop will be produced from the Receivership Property in 2025 absent funding by Farmer Mac for the receiver to maintain and operate the Receivership Property, including the cultivation of the 2025 crops thereon, as discussed further below.

Farmer Mac has provided notice to the Borrower Defendants of the Events of Default. Complaint ¶¶ 24-25. The Borrower Defendants have failed to cure the Events of Default which are curable, and in fact, the Borrower Defendants are without sufficient funds to make payments due under the Farmer Mac Loans and cure the Events of Default. Certain of the Borrower Defendants and their related entities are already the subject of ongoing receivership actions as a result of their default under similar agricultural loans and an inability to make payment thereon or care for the real property collateral of other lenders[5]. In addition, the 2024 crop harvest has concluded, and the Borrower Defendants are without funds sufficient to maintain the Receivership Property and cultivate the 2025 crops on the Real Property. Without funding, and without the appointment of a receiver, the Receivership Property is at risk of damage or destruction to the permanent plantings and the 2025 crops to be grown thereon through value destructive mismanagement and neglect. A receiver is necessary to preserve and protect the Receivership Property.

In addition, Farmer Mac requests that the receiver be empowered to borrow from Farmer Mac in order to fund the costs and expenses of maintaining, protecting and operating the

---

oppose the Application for Appointment of Receiver and issuance of Receivership Certificates affording the Receiver a first lien on the 2025 crop and crop proceeds to secure protective advances made by Farmer Mac to the Receiver to maintain and provide for the cultivation of the 2025 crops.

[4] Farmer Mac has not received the agreement of Borrower Defendant Assemi Brothers, LLC to the relief requested herein. However, the Collateral subject to the proposed receivership does not contain any assets of Assemi Brothers.

[5] Farmer Mac includes by reference and asks that the Court take judicial notice of Plaintiff's Ex Parte Motion for Order Appointing Receiver and For Preliminary Injunction [Dkt. 11] filed by Prudential Life Insurance Company and PGIM Real Estate Finance, LLC and the Order Expanding Receivership and for Preliminary Injunction [Dkt. 120] both entered in Case No. 1:24-cv-01102-KES-SAB pending before this Court; and the Complaint and Plaintiff U.S. Bank's Ex Parte Motion for Order Appointing Receiver, Temporary Restraining Order, and Order to Show Cause Why A Preliminary Injunction Should Not Issue: Memorandum of Points and Authorities filed in Cases No. 1:24-cv-01230-KES-SAB [Dkt. 1 and 12, respectively]; 1:24-cv-01235-KES-SAB [Dkt. 1 and 12, respectively]; 1:24-cv-01233-KES-SAB [Dkt. 1 and 11, respectively]; 1:24-cv-01105-KES-SAB [Dkt. 1 and 16, respectively]; 1:24-cv-01226-KES-SAB [Dkt. 1 and 12, respectively]; 1:24-cv-01231-KES-SAB [Dkt. 1]; 1:24-cv-01232-KES-SAB [Dkt. 1]; 1:24-cv-01241-KES-SAB [Dkt. 1]; 1:24-cv-01261-KES-SAB [Dkt. 1 and 11, respectively], all pending before this Court.

Receivership Property, and where necessary, to borrow from Farmer Mac to finance the crop on the Receivership Property for crop year 2025 (all such borrowings, collectively, the "Receivership Loans").  Farmer Mac also requests that the receiver be authorized to issue receivership certificates (the "Receivership Certificates") to secure the Receivership Loans, together with all protective advances made by Farmer Mac pursuant to the Deeds of Trust or any other Loan Document (including the protective advances made during the period commencing on the filing of this action through the appointment of the receiver, and that such receivership certificates evidence a super-priority Lien in favor of Farmer Mac on the Receivership Property), the crops growing on the Receivership Property for crop year 2025 and the proceeds of such crops, in each case senior in priority to any and all liens, encumbrances and claims thereon (including without limitation any lien of U.S. Bank or any other person on such crops and crop proceeds).

Farmer Mac is entitled to the immediate appointment of a receiver to manage and operate the Receivership Property, to bring and defend actions in his or her own name as receiver, to take and keep possession of the Real Property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the Receivership Property as the Court may authorize pending the forthcoming foreclosure under the Deeds of Trust, or disposition by private sale or public auction.

Pursuant to Fed. R. Civ. P. 65 and Local Rule 231, the granting of a preliminary injunction is also necessary, and Farmer Mac is entitled to the same, enjoining the Borrower Defendants and their agents, partners, property managers, employees, officers, directors, affiliates, assignees, successors, and representatives and all persons acting under, in concert with, or for them, from taking any action to interfere with the receiver in the performance of his or her duties.

A receiver will ensure that the Receivership Property will be protected and preserved. Accordingly, Farmer Mac requests that this Court issue an order appointing a receiver over the Receivership Property and enjoining any and all Borrower Defendants and third parties from interfering with the receiver's operation, management and maintenance of the Receivership Property.  In addition to the general maintenance of the Receivership Property, Famer Mac requests that the order appointing the receiver instruct the receiver to operate the Receivership Property

pending any future foreclosure or disposition by sale of the Receivership Property, collect any accounts, rents or profits in the ordinary course of operations, liquidate the Receivership Property, in whole or in part, by auction or private sale subject to Court approval, and perform all other acts consistent with the terms of the order entered by the Court.

## II.
## FACTUAL BACKGROUND

Farmer Mac makes reference to the factual allegations of the Complaint filed as Docket No. 1 on November 27, 2024, which are incorporated herein by reference as if fully set forth herein. In addition, Farmer Mac submits the Declaration of Zachary Carpenter in support of its factual allegations, attached hereto as Exhibit A.

Beginning in or around January 2018, Farmer Mac entered into a series of transactions whereby Farmer Mac became the holder of certain loans and security interests originated by Conterra Agricultural Capital, LLC in favor of the Borrower Defendants as more specifically described in the Complaint. See Complaint, ¶ 18(a)-(g). In connection with the Farmer Mac Loans, the Borrower Defendants executed a series of Deeds of Trust (as more particularly described in the Complaint) pursuant to which the Borrower Defendants granted Farmer Mac an interest in certain Real Property collateral located in and around Fresno County, California, Kings County, California, and Kern County, California in order to secure all obligations under the Farmer Mac Loans. See Complaint ¶ 20(a)-(g). Pursuant to the terms of the Deeds of Trust, Farmer Mac is entitled to the appointment of a receiver. Complaint ¶ 26; see generally, Deeds of Trust, § 23.

The Borrower Defendants have defaulted under the terms of the Farmer Mac Loans by, *inter alia*, failing to make payments of outstanding principal and interest as due under the terms of the applicable Farmer Mac Loans, and failing to meet certain non-monetary financial covenants under the terms of the Farmer Mac Loans (the "Events of Default"). Following these Events of Default, Farmer Mac notified the Borrower Defendants of the Events of Default and applicable cure periods for the Events of Default that can be cured. See Complaint ¶¶ 24-25. Rather than cure the Events of Default, Borrower Defendants and Farmer Mac began engaging in discussions regarding the existent receivership actions identified herein and brought by other lenders as a result of the

Borrower Defendants' (and related entities) severe financial distress.  Farmer Mac understands that the Borrower Defendants' and the related Assemi entities are out of cash.  That is, without further financing from lenders, the Real Property and future crops of the Borrower Defendants and other entities are at serious risk of irreparable damage, and the future crops and companies' futures are imperiled by the current financial disaster.

Farmer Mac is informed and believes that, though the 2024 crop has been harvested, the permanent plantings on the Real Property, including the Receivership Property securing the Farmer Mac Loans, is in need of regular watering and spraying to preserve the health and value of the underlying land and the trees on the property and to ensure the viability of future harvests.  The Borrower Defendants are unable to finance the necessary maintenance and preservation of the Receivership Property, and as a result, there is significant danger of immediate loss, deterioration, and diminution of the Receivership Property.  Given that the Receivership Property is the primary security and source of repayment of the Farmer Mac Loans, any diminution in the value of the Receivership Property risks significant harm to Farmer Mac, and given the Borrower Defendants' financial distress, such harm would lack sufficient remedy at law.

Because of the extreme financial distress of the Borrower Defendants and their inability to fund continued maintenance and preservation of the Receivership Property, Farmer Mac will be required to advance funds to the receiver to finance the maintenance of the Receivership Property as allowed by the terms of the Farmer Mac Loans and Deeds of Trust.

As a result of the impending financial collapse of the Borrower Defendants, and the immediate necessity of funding the preservation and safeguarding of the Receivership Property, Farmer Mac requests the immediate appointment of a receiver over the Receivership Property. Specifically, Farmer Mac seeks the appointment of Lance Miller of Pivot Management Group, LLC. Mr. Miller is currently engaged as receiver in the receivership action commenced by Prudential Life Insurance Company which Farmer Mac has requested the Court take judicial notice of herein above. His knowledge and familiarity with the financial issues, operations, and real property portfolio of the Assemi entities, including the Borrower Defendants, supports his appointment as receiver in this case.

# III.
# ARGUMENT

## A. APPOINTMENT OF A RECEIVER IS WARRANTED UNDER F.R.C.P. 66

Courts in this district sitting in a diversity case apply federal law to a request to appoint a receiver. See *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp 287 (E.D. Cal. 1991). In federal court, appointment of a receiver is governed by Fed. R. Civ. P. Rule 66, which states that "[t]he practice in the administration of estates by receivers or other similar officers appointed by the court shall be in accordance with the practice heretofore followed in the courts the United States or as provided in rules promulgated by the district courts." Outside of this and "in all other respect," an action seeking the appointment of a receiver "or which is brought by or against a receiver is governed by these rules." Fed. R. Civ. P. 66.

The appointment of a receiver in federal court is "an extraordinary equitable remedy" and "should be applied with caution." *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). While "no precise formula" determines the appointment of a receiver, federal courts have considered a variety of factors in assessing whether to appoint a receiver. *Id*. These factors include:

1. Whether the party seeking appoint of a receiver has a valid claim;
2. Whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant;
3. Whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered;
4. Whether legal remedies are inadequate;
5. Whether the harm to the plaintiff by denial of the appointment would outweigh the injury to the party opposing appointment;
6. The Plaintiff's probable success in the action and the possibility of irreparable injury to the plaintiff's interest in the property; and
7. Whether the plaintiff's interests sought to be protected will in fact be well-served by receivership.

*Id.*; see also *N.Y. Life Ins. Co.*, 755 F. Supp. At 292. "Most important among the factors are the adequacy of the security and financial position of the mortgagor." *N.Y. Life Ins. Co.*, 755 F. Supp. at 292; *HSBC Bank USA, N.A. v. Dara Petroleum, Inc.*, 2014 U.S. Dist. LEXIS 61570, at *5 (E.D. Cal. 2014) (appointing receiver in post-judgment context).

An assessment of these factors supports the appointment of a receiver. As to the first element, and as set out in the Complaint and referenced above, Farmer Mac has a valid claim. The Borrower Defendants have defaulted under the terms of the Farmer Mac Loans by failing to make payment of outstanding principal and interest when due under the terms of the relevant Farmer Mac Loans, breached certain financial covenants under the Farmer Mac Loans, and pursuant to the cross-default provisions of the Farmer Mac Loans, all Farmer Mac Loans are now in default. As a result of the Events of Default, the outstanding and currently due and owing amount under the terms of the Farmer Mac Loans is in excess of $41,833,201.59, inclusive of interest and fees, and the Borrower Defendants are without financial resources sufficient to cover the debt service on the Farmer Mac Loans, let alone pay them in full. In addition, the Borrower Defendants and related entities face debts in the cumulative amount of almost $1 billion. The inability to pay Farmer Mac the outstanding amounts now due and owing, in addition to the Borrower Defendants' financial collapse, support a conclusion that the first element weighs in favor of the appointment of a receiver.

Farmer Mac is unaware of any fraudulent conduct on the part of the Borrower Defendants. However, this does not preclude the possibility that such conduct may at some time in the future come to light. The second element weighs neither in favor nor against the appointment of a receiver.

With respect to the third element, it is apparent that the Real Property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered. The Borrower Defendants are without finances to support the maintenance of the Real Property. Certain of the Borrower Defendants, and related entities, are facing a myriad of lawsuits over non-payment of debts, and at least two receivers have been appointed over the property of the larger Assemi family of entities. Without proper watering, spraying, and maintenance, the Receivership Property, and the crops thereon, are at immediate risk of damage and loss of value. The third element very clearly weighs in favor of the appointment of a receiver.

With respect to the fourth element, the legal remedies available to Farmer Mac, in the absence of the appointment of a receiver, are inadequate. The Real Property is in imminent danger of irreparable damage. Given the Borrower Defendants' financial distress, a money judgment would likely be uncollectable, the Receivership Property represents Farmer Mac's only means of collecting

the amounts due and owing it from the Borrower Defendants. The very real and very immediate risk to the value of Receivership Property means the fourth element weighs in favor of the appointment of a receiver.

As to the fifth element, the Borrower Defendants would suffer no real harm. Rather, the Borrower Defendants have consented to the relief requested herein and have agreed to cooperate with Farmer Mac upon its successful motion for the appointment of a receiver. The real and immediate harm posed to Farmer Mac and the Receivership Property far outweighs the minimal risk to the Borrower Defendants, especially in light of the Borrower Defendants' consent to the relief requested herein.

With respect to the sixth element, Farmer Mac has notified the Borrower Defendants of the Events of Default, and the Borrower Defendants are without any real or legitimate defense to the claims of Farmer Mac arising from the Events of Default, and in fact certain of the Events of Default are not curable. Farmer Mac has instituted the default interest rate which continues to accrue, and the Borrower Defendants are without financial resources to repay the amounts due and owing to Farmer Mac. Combined with the physical damage to the Receivership Property that will occur absent the appointment of a receiver, the sixth factor weighs in favor of the appointment of a receiver.

Finally, Farmer Mac's interest in the Real Property would be well served, and is in need of, the appointment of a receiver. The receiver will preserve the Receivership Property and its value and is the best means to achieve eventual sale of the same. Without the appointment of a receiver, Farmer Mac's Collateral, and especially the Real Property, is at serious risk of diminution of value and Farmer Mac's ability to recover the amounts due and owing it will be diminished. This factor weighs in favor of the appointment of a receiver.

The financial situation of the Borrower Defendants is perilous at best, and catastrophic at worst. If left alone, the Receivership Property and other real property of the Assemi entities will suffer and be irreparably damaged. At this moment, a receivership is the only viable way to care for the Receivership Property and ensure it continues to provide sufficient security for the interest of Farmer Mac.

As stated above, the Borrower Defendants have consented to the appointment of and agreed to cooperate with a receiver. The Deeds of Trust expressly state that Farmer Mac is entitled to the appointment of a receiver upon proper notice to the Borrower Defendants, which has been provided, under Section 23 of each of the Deeds of Trust. All of the foregoing supports the appointment of a receiver over the Receivership Property.

In addition, Farmer Mac requests that any order appointing a receiver entered as a result of this Motion grant the receiver the ability to borrow funds against Farmer Mac's interest in the Receivership Property in order to fund the necessary maintenance and preservation costs for the Receivership Property. In connection with this authority, the receiver should be permitted to issue "receiver's certificates" such as those provided for under California law "in order to secure repayment to [Farmer Mac] of any and all indebtedness which comes from such borrowing by the receiver." *Europlay Capital Advisors v. Personalweb Technologies, LLC*, 2021 Cal. Super. LEXIS 154712, at *3-*4 (Super. Ct. December 8, 2021). Further, the order appointing the receiver should make clear that "these receiver's certificates shall have priority and be superior to all other liens, encumbrances, and claims against the collateral." *Id*. Courts "have substantial discretion to authorize a receiver to borrow money to fund the preservation and management of" receivership property. *City of Sierra Madre v. SunTrust Mortgage, Inc.*, 32 Cal. App. 5th 648, 658 (Cal. Ct. App. 2019). "Typically, such a receivership certificate will have priority over all other liens, even pre-existing liens." *Id*. Given the financial needs of a receiver to protect the Receivership Property, the receiver should be so authorized, and granted the authority to issue receiver's certificates to secure the funds disbursed and advanced, and such receiver's certificates should be secured by super priority liens in the Receivership Property and 2025 crop, irrespective of the existing liens of Farmer Mac, or where applicable, U.S. Bank.

B. **THE COURT SHOULD GRANT PLAINTIFF A PRELIMINARY INJUNCTION PURSUANT TO F.R.C.P. 65**

"A court has the power to issue a preliminary injunction to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." *HSBC Bank USA*, 2014 U.S. Dist. LEXIS 61750, at *9-*10 (citing Republic of the *Philippines v. Marcos*, 862 F.2d 1355,

1364 (9th Cir. 1988)). Though "injunctive relief is an extraordinary remedy, a preliminary injunction in aid of receivership is no more extraordinary than the appointment of a receiver itself." *Id*. at *10 (internal citations removed) (cleaned up). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 55 U.S. 7, 20, 129 S. Ct. 365, 374 (2008); see also *HSBC Bank USA*, 2014 U.S. Dist. LEXIS at *10.

As outlined above, Farmer Mac has a valid claim. The amounts due and owing under the Farmer Mac Loans, the Events of Default thereunder, and the impossibility of cure given the financial distress of the Borrower Defendants, means Farmer Mac is likely to succeed on the merits of its claims. Further, Farmer Mac will suffer irreparable harm in the absence of relief, and the balance of equities supports the appointment of a receiver as outlined above. An injunction would benefit the public interest following the appointment of a receiver, as it would support the receiver in the fulfilment of its duties.

C. **THE COURT SHOULD APPOINT LANCE MILLER AS RECEIVER**

Farmer Mac requests that Lance Miller of Pivot Management Group, LLC ("Mr. Miller") be appointed receiver. Mr. Miller is experienced in the maintenance, management, and daily operation of properties similar to the Receivership Property, and along with his proposed team has a wealth of experience as a receiver. In addition, Mr. Miller has been appointed receiver by this court in an action brought by lender Prudential Life Insurance Company as to other property owned by certain of the Borrower Defendants and is well positioned to serve as receiver in this action given the intermingling of real property, and operations, between the two actions and lender collateral. Mr. Miller has already become familiar with the interconnected web of entities that includes the Borrower Defendants and would benefit from that "institutional knowledge," limiting the cost and expense of Mr. Miller "getting up to speed" in this action. Attached hereto as Exhibit B is Mr. Miller's declaration in support for his proposed receivership, which provides, *inter alia*, an overview of Pivot Management Group, LLC, and a proposed fee schedule.

///

12

PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

## IV.
## CONCLUSION

Based upon the foregoing, and pursuant to, *inter alia*, Fed. R. Civ. P. 66 and Local Rule 232, Farmer Mac respectfully requests that the Court appoint a receiver in this action to preserve and protect the Receivership Property pending a resolution of this action. Further, pursuant to, *inter alia*, Fed. R. Civ. P. 65 and Local Rule 231, Farmer Mac further requests that the Court enter a preliminary injunction to prevent parties from interfering with the receiver or the Receivership Property during the pendency of this receivership.

THEREFORE, Farmer Mac respectfully requests that the Court enter an order:

(i) appointing Lance Miller of Pivot Management, LLC as receiver to operate, preserve, and protect the Receivership Property, to collect the rents from and pay the expenses of the Receivership Property (including fees and expenses of the receiver), to borrow funds to provide for the cultivation of the 2025 crops and to take such other and further action with regard to the Receivership Property as are permitted by the order and applicable law, and as the receiver sees fit;

(ii) enjoining the Borrower Defendants, their officers and directors, vendors, and any and all third parties from interfering with the receiver or the Receivership Property during the pendency of the receivership; and

(iii) providing Farmer Mac such other and further relief as the Court deems just and proper.

Dated: December 19, 2024

WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Marshall C. Whitney
Brodie Surfus
Attorneys for Federal Agricultural Mortgage Corporation