Whitney, Thompson & Jeffcoach LLP
Marshall C. Whitney, #82952
Brodie A. Surfus, #349269
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:     (559) 753-2550
Facsimile:     (559) 753-2560

Moore & Van Allen, PLCC
William D. Curtis, #53811
Gabriel L. Mathless, #48857
   (Admitted Pro Hac Vice)
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone:     (704) 331-3884

Attorneys for Federal Agricultural Mortgage
Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>                    Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**DECLARATION OF BRODIE A. SURFUS IN SUPPORT OF EX PARTE APPLICATION**<br><br>Date:<br>Time:<br>Crtrm.:    6<br><br>Action Filed:  November 27, 2024 |

I, Brodie A. Surfus, declare as follows:

1.      I am an attorney duly admitted to practice law in the State of California and in this Court, practicing law with the law firm Whitney, Thompson & Jeffcoach, LLP.

2.      I have personal knowledge of the matters set forth in this affidavit.

3.      I make this affidavit in support of Plaintiff FEDERAL AGRICULTURAL MORTGAGE CORPORATION ("Farmer Mac" or "Plaintiff") in its capacity as a lender for its Ex Parte Application Regarding Motion for Appointment of Receiver and for Preliminary Injunction (the "Application"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4.      Pursuant to Section III of this Court's Standing Order in Civil Cases, a filer seeking ex parte consideration of a pleading must: (A) contact the courtroom deputy and the opposing parties prior to filing to advise them that the filing is being made; (B) indicate whether an objection will be filed; and (C) submit an affidavit explaining (1) the need for the issuance of an order on an ex parte basis, (2) the inability of the filer to obtain a stipulation for the issuance of such order from the opposing parties, and (3) why such request cannot be noticed on the Court's calendar pursuant to Local Rule 230.

5.      On December 18, 2024, my colleague spoke with the courtroom deputy to inform them that Plaintiff will be filing the Motion and Application and seeking ex parte relief.

6.      On December 17, 2024, my colleague emailed counsel for the Borrower Defendants to inform them that Plaintiff will be filing the Motion and Application and seeking ex parte relief.

7.      Upon information and belief and as noted in the Motion, all Defendant Borrowers have not consented to the relief requested in the Motion and an objection, though unlikely, may be filed.

8.      As more fully set forth in the Motion and the Complaint, the Property, and particularly the trees and Crops, is subject to damage or destruction if not properly maintained. This maintenance requires significant, immediate cash outflows. Borrower has indicated to Plaintiff that Borrower does not have sufficient funds to operate the Real Property.  Plaintiff believes that if the Receiver is appointed it may take one or more days for Plaintiff to fund thereafter, so appointment of a Receiver in as expeditious a manner as possible is necessary.

///

///

///

WHITNEY
THOMPSON &
JEFFCOACH

9.     The continued maintenance of the Real Property requires significant weekly payments to third parties for the successful watering, spraying, and maintenance of Plaintiff's collateral. Because Defendant Borrowers' will not have sufficient funds to maintain the Real Property, there is significant and ongoing risk to the Plaintiff's collateral.

10.     As a result, if a receiver is not appointed on an emergency basis, then the Real Property – Plaintiff's collateral securing the Farmer Mac Loans – will not be properly maintained and face imminent damage.

11.     Plaintiff shared their proposed Order Appointing Receiver (the "Proposed Receiver Order") with Borrower Defendants and requested that Borrower Defendants provide comments or stipulation thereto. In response, counsel for all Borrower Defendants, with the exception of Assemi Brothers, LLC, approved of the form of the Proposed Receiver Order.

12.     This Court maintains civil law and motion dates on certain Mondays. The next available of such dates is January 6, 2025. However, as set forth in more detail above and in the Motion, Borrower Defendants have indicated to Plaintiff that they lack sufficient funds for maintenance of the Real Property as of today. As a result, if the Motion is set for a hearing on January 6, 2025, the Real Property will continue to suffer harm and reduction of value. However, it is likely that any order appointing the receiver would not be entered until several days thereafter, after the Court has taken the Motion, any other relevant papers, and any oral arguments under advisement. During this period, the Real Property would be without maintenance and protection, which would likely result in damage to the Real Property, including the trees thereon, which serves as Plaintiff's collateral.

13.     Local Rule 230(b) indicates that a motion will ordinarily be heard not less than thirty-five (35) days after service and filing of the motion. This Court's next scheduled hearing date at least thirty-five (35) days from the date of this filing is January 22, 2025. Such a delay would mean that the Real Property would not have been adequately maintained for approximately two and a half months, making it highly likely that the Real Property will suffer damage and destruction. Further, this delay could result in damage to the trees and failure of future crops, further significantly diminishing the value of Plaintiff's collateral.

///

1      I declare under penalty of perjury under the laws of the State of California that the foregoing

2 is true and correct and that this Affidavit was executed this 19th day of December 2024, at Fresno,

3 California.

4

5

6 _____

7 Brodie A. Surfus

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28