Whitney, Thompson & Jeffcoach LLP
Marshall C. Whitney, #82952
Brodie A. Surfus, #349269
970 W. Alluvial Ave.
Fresno, California 93711
Telephone:   (559) 753-2550
Facsimile:   (559) 753-2560

Moore & Van Allen, PLCC
William D. Curtis, #53811
Gabriel L. Mathless, #48857
  *(Admitted Pro Hac Vice)*
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
Telephone:   (704) 331-3884

Attorneys for Federal Agricultural Mortgage Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Crtrm.:   6<br><br>Action Filed:  November 27, 2024 |

I, Zachary Carpenter, declare as follows:

1. I am the Executive Vice President – Chief Business Officer of Federal Agricultural Mortgage Corporation, a corporation organized and existing under the laws of the United States and authorized to conduct business in the State of California ("Farmer Mac").

885.0 06202160.000

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

2. I have personal knowledge of the matters set forth in this declaration and have access to Farmer Mac's business records related to the matters set forth herein, which I have reviewed. Farmer Mac has maintained records related to matters referenced herein and in Farmer Mac's Complaint [Dkt. 1] and these records were either maintained by me or another individual at Farmer Mac who has direct knowledge and interaction with the Borrower Defendants. I make this declaration based on such personal knowledge, and if called upon as a witness in this case, I could and would testify competently to the truth of the same.[1]

3. I have personal knowledge of, among other things, Farmer Mac, the Borrower Defendants, the Farmer Mac Loans, and the Real Property, Water Rights, and Personal Property Collateral, as well as facts and circumstances surrounding the same, including but not limited to the facts and circumstances giving rise to the Complaint.

4. The Defendant Borrowers own certain tracts of real property located in and around Fresno County, California, Kings County, California, and Kern County, California. Farmer Mac is one of many lenders and creditors who have financed the operations of the Defendant Borrowers and various related entities and taken security interests in and to the Collateral. Beginning in or around January 2018, Farmer Mac entered into a series of transactions whereby, pursuant to that certain Farmer Mac Seller/Servicer Agreement dated as of May 12, 2014, a true and accurate copy of which is attached to the Complaint as Exhibit A, it became the holder of certain loans and security interests originated by Conterra Agricultural Capital, LLC ("Conterra") in favor of the Borrower Defendants. Specifically:

a. On or about January 8, 2018, C & A and Whitesbridge executed a promissory note in favor of Conterra in the original principal amount of $5,500,000 (as amended, restated or modified from time to time, the "Loan 1725 Note"). The terms of the Loan 1725 Note were amended by that certain Amendment to Note dated June 27, 2018. Conterra has assigned all of its rights, title and interest in the Loan 1725 Note to Farmer Mac pursuant to that certain Allonge to Promissory

---

[1] Capitalized terms used herein but not defined herein shall have the meaning given them in the Complaint, filed contemporaneously herewith.

Note dated as of January 8, 2018, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1725 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  Farmer Mac is the holder of the Loan 1725 Note.  True and accurate copies of the Loan 1725 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached to the Complaint as Exhibit B.

    b. On or about January 8, 2018, C & A and Whitesbridge executed a promissory note in favor of Conterra evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $1,500,000 (as amended, restated or modified from time to time, the "Loan 1728 Note").  The terms of the Loan 1728 Note were modified by that certain Exhibit A to Note Form of Agreement to Convert dated as of June 27, 2018.  Conterra has assigned all of its rights, title and interest in the Loan 1728 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note dated as of January 8, 2018, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1728 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  Farmer Mac is the holder of the Loan 1728 Note.  True and accurate copies of the Loan 1728 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached to the Complaint as Exhibit C.

    c. On or about October 11, 2019, Copper, Maricopa, along with non-defendant California limited liability companies Ashlan & Hayes Investments, LLC ("A&H") and ACAP Holdings, LLC ("ACAP Holdings") executed a promissory note in favor of Conterra evidencing a line of credit extended to the relevant Borrower Defendants in the original principal in the original principal amount of $5,297,232 (as amended, restated or modified from time to time, the "Loan 1673 Note").  The terms of the Loan 1673 Note were modified by that certain First Amendment to Note dated February 2, 2023.  Conterra has assigned all of its rights, title and interest in the Loan 1673 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note dated as of October 11, 2019, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1673 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  Farmer Mac is the holder of the Loan 1673 Note.  True and accurate copies of the Loan 1673 Note, amendment and allonge evidencing Farmer Mac's

885.0 06202160.000

3

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

ownership of the loan are attached to the Complaint as Exhibit D.  Ashlan & Hayes Investments, LLC and ACAP Holdings, LLC assigned all rights, title and interest in and to Loan 1673 and the real property collateral securing Loan 1673 as evidenced by those certain Assumption Agreements dated February 2, 2023, true and accurate copies of which are attached to the Complaint as Exhibit E.

        d.      On or about October 11, 2019, Copper, Maricopa, along with non-defendants A&H and ACAP Holdings executed a promissory note in favor of Conterra in the original principal amount of $10,258,632 (as amended, restated or modified from time to time, the "Loan 1674 Note"). The terms of the Loan 1674 Note were modified by that certain First Amendment to Note dated February 2, 2023.  Conterra has assigned all of its rights, title and interest in the Loan 1674 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note executed October 11, 2019, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1674 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  Farmer Mac is the holder of the Loan 1674 Note.  True and accurate copies of the note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached to the Complaint hereto as Exhibit F.  Ashlan & Hayes Investments, LLC and ACAP Holdings, LLC assigned all rights, title and interest in and to Loan 1673 and the real property collateral securing Loan 1673 as evidenced by those certain Assumption Agreements dated February 2, 2023, true and accurate copies of which are attached to the Complaint as Exhibit G.

        e.      On or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers and Whitesbridge executed a promissory note in favor of Conterra, evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $12,500,000 (as amended, restated or modified from time to time, the "Loan 2676 Note").  Conterra has assigned all of its rights, title and interest in the Loan 2676 Note to Farmer Mac pursuant to the direction included in the Loan 2676 Note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  Farmer Mac is the holder of the Loan 2676 Note.  True and accurate copies of the note evidencing Farmer Mac's ownership of the loan are attached to the Complaint as Exhibit H.

4

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

f.     On or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers and Whitesbridge executed a promissory note in favor of Conterra, evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $12,500,000 (as amended, restated or modified from time to time, the "Loan 2678 Note").  Conterra has assigned all of its rights, title and interest in the Loan 2678 Note to Farmer Mac pursuant to the direction included in the Loan 2678 Note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  True and accurate copies of the note evidencing Farmer Mac's ownership of the loan are attached to the Complaint as Exhibit I.

g.     On or about February 2, 2023, Maricopa, Copper, Lincoln, C & A, Willow, Cantua, Gradon and ACAP executed a promissory note in favor of Conterra in the original principal amount of $7,400,000 (as amended, restated or modified from time to time, the "Loan 1004 Note"; and together with the Loan 1724 Note, the Loan 1728 Note, the Loan 1673 Note, the Loan 1764 Note, the Loan 2676 Note, and the Loan 2678 Note, the "Farmer Mac Loans").  Conterra has assigned all of its rights, title and interest in the Loan 1004 Note to Farmer Mac pursuant to the direction included in the note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac.  A true and accurate copy of the note evidencing Farmer Mac's ownership of the loan is attached to the Complaint as Exhibit J.

5.     The Farmer Mac Loans each contain cross-default and cross-collateralization provisions referencing the other of the Farmer Mac Loans, as evidenced by Section 24 and Section 25 of the Deeds of Trust, stating that "all liens, security interests, assignments . . . and remedies granted to [Farmer Mac] in any loan document or agreement secure all obligations, debtors and liabilities, including interest thereon" of the Borrower Defendants to Farmer Mac; and that the Borrower Defendants' "default under any note or agreement in which [Farmer Mac] has an interest . . . shall be a breach under the [Deed of Trust] . . . ."

A.     **FARMER MAC DEEDS OF TRUST**

6.     In connection with the Farmer Mac Loans, the Borrower Defendants executed a series of deeds of trust ( as described in further detail herein below and collectively, the "Deeds of

885.0 06202160.000

5

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

WHITNEY THOMPSON & JEFFCOACH

Trust") pursuant to which the Borrower Defendants granted Farmer Mac an interest in certain real property collateral (collectively, the "Real Property") located in and around Fresno County, California, Kings County, California, and Kern County, California in order to secure all obligations under the Farmer Mac Loans. Specifically:

      a. The Borrower Defendants' obligations under the Loan 1725 Note are secured by that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as File No. 2023-0011222 in the Fresno County Recorder, Fresno County, California on February 2, 2023 (the "Loan 1725 DOT"). A true and accurate copy of the Loan 1725 DOT is attached to the Complaint as Exhibit K.

      b. The Borrower Defendants' obligations under the Loan 1728 Note are secured by that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as File No. 2023-0011223 in the Fresno County Recorder, Fresno County, California on February 2, 2023 (the "Loan 1728 DOT"). A true and accurate copy of the Loan 1728 DOT is attached to the Complaint as Exhibit L.

      c. The Borrower Defendants' obligations under the Loan 1673 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2303339 in the Kings County Recorder, Kings County, California on March 3, 2023; and, that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as File No. 2023-0011386 in the Fresno County Recorder, Fresno County, California on February 8, 2023 (together, the "Loan 1673 DOTs"). True and accurate copies of the Loan 1673 DOTs are attached to the Complaint as Exhibit M.

///

885.0 06202160.000

6

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

      d.      The Borrower Defendants' obligations under the Loan 1674 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2303340 in the Kings County Recorder, Kings County, California on March 3, 2023; and, that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as File No. 2023-0011359 in the Fresno County Recorder, Fresno County, California on February 8, 2023 (together, the "Loan 1674 DOTs"). True and accurate copies of the Loan 1674 DOTs are attached to the Complaint as Exhibit N.

      e.      The Borrower Defendants' obligations under the Loan 2676 Note and the Loan 2678 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kern County, California as more particularly described therein and recorded as document no. 223016523 in the Kern County Official Records, Kern County, California on February 13, 2023 (the "Loan 2676/2678 DOT"). A true and accurate copy of the Loan 2676/2678 DOT is attached to the Complaint as Exhibit O.

      f.      The Borrower Defendants' obligations under the Loan 1004 Note are secured by that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2301891 in the Kings County Official Records, Kings County, California on February 7, 2023; that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as File No. 2023-0010330 in the Fresno County Recorder, Fresno County, California on February 6, 2023; and, that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kern County, California as

885.0 06202160.000

7

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

WHITNEY THOMPSON & JEFFCOACH

more particularly described therein and recorded as document no. 223013714 in the Kern County Official Records, Kern County, California (together, the "Loan 1004 DOTs"). True and accurate copies of the Loan 1004 DOTs are attached to the Complaint as Exhibit P.

7. In addition to the Real Property, pursuant to Section 19 of each of the Deeds of Trust, the Deeds of Trust "constitute a security agreement within the meaning of the Uniform Commercial Code as adopted by the State of California," and provide that the Farmer Mac Loans are secured, pursuant to the recital portion of each of the Deeds of Trust, by certain other items of personal property collateral and fixtures, including but not limited to: all buildings, improvements, equipment, fixtures and permanent plantings affixed, attached to or incorporated in the Real Property, all water rights appurtenant to the Real Property (the "Water Rights"), whether such water rights are riparian, appropriative or otherwise, along with all ditch and ditch rights and shares of stock, licenses, permits and contracts evidencing such water or ditch rights appurtenant to the Real Property, and all wells, reservoirs, dams, embankment or fixtures located on the real Property, all windmills, pumps, irrigation, equipment, motors, engines, and devices of every kind associated with the Real Property (exclusive of the Water Rights, the "Personal Property"; and together with the Water Rights and the Real Property, the "Collateral").

8. Farmer Mac's interest in the Personal Property Collateral and Water Rights was properly perfected by the filing of certain UCC-1 financing statements (the "UCCs"), specifically:

 a. UCC Filing Acknowledgment filed January 31, 2018, with the California Secretary of State, Filing Number 18-7631437101;

 b. UCC recorded January 31, 2018, in the Fresno County Recorder, File No. 2018-0011387-00;

 c. UCC recorded October 15, 2019, in the Fresno County Recorder, File No. 2019-0123393;

 d. UCC recorded October 15, 2019, in the Official Records of Kings County, Document Number 1917425;

 e. UCC Filing Acknowledgment filed October 16, 2019, with the California Secretary of State, Filing Number 19-7741674006;

885.0 06202160.000

8

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

True and accurate copies of the UCCs and corresponding UCC-1 Continuation Statements are attached to the Complaint as Exhibit Q.

B. **DEFAULTS UNDER THE FARMER MAC LOANS**

9. The Borrower Defendants have defaulted under the terms of the Farmer Mac Loans by, *inter alia*, failing to make payments of outstanding principal and interest as due under the terms of the applicable Farmer Mac Loans, and failing to meet certain non-monetary covenants under the terms of the Farmer Mac Loans (the "Events of Default"). Specifically:

   a. The Borrower Defendants have failed to make payment of accrued interest under the applicable terms of each of the Farmer Mac Loans on or before July 1, 2024, which constitutes an event of default under each of the Farmer Mac Loans;

   b. The Borrower Defendants have failed to make payment of principal amounts due and owing before July 1, 2024, under the applicable terms of the Loan 1725 Note, the Loan 1728 Note, the Loan 1674 Note and the Loan 1004 Note, which require the applicable Borrower Defendants to make payment of such principal amounts on or before July 1, 2024, which constitutes an event of default under each such Farmer Mac Loan;

   c. The Borrower Defendants have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal year end a debt service coverage ratio of greater than or equal to 1.25:1.00, which constitutes an event of default under each such Farmer Mac Loan;

   d. The Borrower Defendants have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal year end a current ratio of not less than 1.50:1.00, which constitutes an event of default under each such Farmer Mac Loan; and

   e. Finally, each of the Farmer Mac Loans is cross defaulted with each of the other individual Farmer Mac Loans and, accordingly, each of the Events of Default under the Farmer Mac Loans and Loan Documents described in subparagraphs (a) through (d) constitutes an event of default under all Famer Mac Loans.

///

885.0 06202160.000

9

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

10. On or about September 12, 2024, Farmer Mac provided notice of the Events of Default to the Borrower Defendants by mailing a Notice of Events of Default and Reservation of Rights (the "September Notice"). A true and accurate copy of the September Notice is attached to the Complaint as Exhibit R.

11. On or about October 16, 2024, Farmer Mac provided notice of the Events of Default to the Borrower Defendants by mailing a Notice of Events of Default and Reservation of Rights (the "October Notice"), notifying the Borrower Defendants of the continuing Events of Default and imposition of the default interest rate under the applicable terms of each of the Farmer Mac Loans. A true and accurate copy of the October Notice is attached to the Complaint as Exhibit S.

12. Following notice to the Borrower Defendants of the Events of Default under Section 23 of each of the Deeds of Trust, Famer Mac is entitled to, inter alia, seek to collect rents and profits from Real Property, and "shall be entitled to have a receiver appointed to take possession of and manage the [Real] Property and collect the Rents and profits derived from the [Real] Property . . ."

13. Following notice of the Events of Default to the Borrower Defendants, Farmer Mac and the Borrower Defendants have engaged in ongoing discussions regarding the financial difficulties currently impacting the Borrower Defendants and related entities. Farmer Mac is informed and believes that, simply put, the Borrower Defendants are or imminently will be out of cash.

14. As a result, the Borrower Defendants are unable to maintain the Real Property or other Collateral, and the same is at significant risk of irreparable damage which would impair Farmer Mac's security interest and ability to collect outstanding amounts due and owing.

15. As of filing of the Complaint, the outstanding amount due and owing to Famer Mac under the terms of the Farmer Mac Loans was $41,833,201.59, inclusive of accrued interest in the amount of $3,811,973.24 and unpaid principal in the amount of $37,604067.25.

16. Under the Farmer Mac Loans, and applicable law, Farmer Mac has the right to the immediate appointment of a receiver, and the same is necessary to preserve the Real Property and other Collateral and to prevent irreparable harm from occurring to the Real Property.

///

885.0 06202160.000

10

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

///

17. In addition, Farmer Mac intends to provide additional funding to the receiver in order to help fund the operation, maintenance and preservation of the Real Property and other Collateral. Farmer Mac is conditioning its funding to the receiver upon the granting to Farmer Mac of a first lien in the 2025 crop.

18. In light of the foregoing, Farmer Mac requests that Lance Miller, the designated representative of Pivot Management Group, LLC, be appointed as the receiver. Mr. Miller is qualified and Farmer Mac is informed that he is willing to serve as a receiver to operate, maintain and preserve the Real Property and other Collateral pursuant to an order providing appropriate authority duties and responsibilities.

19. Farmer Mac and Prudential Life Insurance Company of America and PGIM Real Estate Finance, LLC have entered into an agreement regarding the proper apportionment of receiver costs between this action and Case No. 1:14-cv-01102-KES-SAB, where Mr. Miller has been appointed receiver.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Further affiant sayeth not

Dated: November 26, 2024

By: _____
    Zachary Carpenter

WHITNEY THOMPSON & JEFFCOACH

11

DECLARATION OF ZACHARY CARPENTER IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION