Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice* application filed)
Michaela C. Crocker (*pro hac vice* application filed)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

*Proposed Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FEDERAL AGRICULTURAL MORTGAGE CORPORATION,

Plaintiff,

v.

ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,

Defendants.

No. 1:24-cv-01455-KES-SAB

**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL *NUNC PRO TUNC*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: March 3, 2025
Hearing Time: 1:30 P.M. PT
Location: Courtroom 6, 7th floor

**HONORABLE KIRK E. SHERRIFF**

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on March 3, 2025, at 1:30 pm PT, or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, not individually but solely in his capacity as the duly appointed receiver (the "**Receiver**"), will and hereby does move the Court for entry of an order authorizing him to employ Katten Muchin Rosenman LLP as his counsel (the "**Motion**").

This Motion is made following the conference of counsel pursuant to Section I.C. of this Court's *Standing Order in Civil Cases* which took place on January 13-14, 2025, with Gabriel Mathless of Moore & Van Allen on behalf Federal Agricultural Mortgage Corporation ("**Farmer Mac**") and with David Hurst of McDermott Will & Emery LLP on behalf of the Borrower Defendants. Farmer Mac does not object to the requested relief and does not request a hearing on the motion. The Borrower Defendants are considering their position with respect to the requested relief and do not know by when a decision will be made.

Dated: January 16, 2025

                                                  Respectfully submitted,

                                                  **KATTEN MUCHIN ROSENMAN LLP**

                                                  By:    /s/*Terence G. Banich*
                                                              Terence G. Banich

                                                  *Proposed Attorneys for the Receiver*
                                                 Lance Miller

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, hereby requests authority to employ Katten Muchin Rosenman LLP ("**Katten**") as his general counsel *nunc pro tunc* to November 27, 2024, and respectfully states the following:

**BACKGROUND**

On November 27, 2024, Farmer Mac filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order).[2] Receivership Order ¶ 1. The Receivership Order authorizes the Receiver, among other things, to:

> [E]mploy a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order and pay the reasonable fees and expenses of such Receiver's Counsel for services rendered in preparation of and during the receivership, as approved by the Court. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the receivership estate and in preparing for the Receiver's appointment. The attorneys' fees and costs incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 12 of this Order.

*Id.* ¶ 4(q); *see also id.* ¶ 13 (establishing fee procedures).

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed in the Receivership Order.

The Receiver chose Katten as the firm best suited to meet his needs in this case based on Katten's concurrent representation of him in the related case styled *The Prudential Insurance Company of America et al. v. ACDF, LLC et al.*, Case No. 1:24-cv-01102-KES (the "**Prudential Case**") and Katten's experience in federal courts, including receiverships, and in the agricultural arena. *Declaration of Lance Miller*, attached hereto as Exhibit A, (the "**Miller Declaration**") ¶ 6. The Receiver and Katten agreed to a supplemental engagement letter on January 9, 2025, a true and correct copy of which is attached as Exhibit 1 to the *Declaration of John Mitchell*, attached hereto as Exhibit B, (the "**Mitchell Declaration**").[3] The proposed terms of Katten's engagement in this case mirror those of Katten's representation of the Receiver in the Prudential Case. *Mitchell Decl.* ¶ 8.

**REASON FOR SELECTION**

Katten is a law firm that employs approximately 700 attorneys worldwide and maintains offices for the practice of law in New York, New York; Chicago, Illinois; Dallas, Texas; Washington, D.C.; Charlotte, North Carolina; Los Angeles, California; London, England; and Shanghai, P.R. China. Katten is a full-service law firm that employs attorneys skilled in real estate, mergers and acquisitions, corporate law, insolvency, litigation, and commercial transactions, among other practices. Katten has substantial knowledge and experience in these areas, as well as federal receiverships generally, that will enable cost-effective administration of this Case.

Katten's Insolvency and Restructuring practice has in-depth experience representing different constituencies and in all types of in-court and out-of-court restructurings and workouts, bankruptcy and bankruptcy litigation, transactions under section 363 of the Bankruptcy Code, and other M&A transactions involving distressed companies. *Mitchell Decl.* ¶ 10. In addition, Katten

[3] The engagement letter is dated effective as of August 28, 2024; however, Katten is only seeking *nunc pro tunc* engagement to the date the Case was filed. Nothing in the Motion or associated documents should be construed to prevent Katten from recovering fees incurred in relation to this Case prior to November 27, 2024.

regularly represents corporate debtors, official and unofficial creditors' committees, secured lenders, trade creditors, administrative agents, federal and state receivers, indenture trustees and equity sponsors. *Id.*

**SERVICES TO BE PROVIDED**

The services to be performed by Katten are appropriate and necessary to enable the Receiver to fulfill his duties and to prosecute this Case. Pursuant to the Engagement Agreement, Katten and the Receiver agreed that Katten would provide the Receiver with the following specialized professional services:

a. Advise the Receiver with respect to his rights, duties, and responsibilities under the Receivership Order and applicable law, and with regard to the administration of the receivership estate;

b. Assist the Receiver in his investigation of the acts, transactions, conduct, assets, liabilities, and financial condition of Borrower Defendants[4] and their affiliates;

c. Assist the Receiver in obtaining custody and control over Receivership Property;

d. Assist and advise the Receiver with respect to sales of Receivership Property;

e. Assist and advise the Receiver in his investigation and pursuit of litigation;

f. Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements, and other legal documents to be filed in this Case;

g. Confer with parties in interest and their counsel;

[4] The "**Borrower Defendants**" are comprised of Assemi Brothers, LLC, Maricopa Orchards, LLC, C & A Farms, LLC, Whitesbridge Farms, LLC, Willow Avenue Investments, LLC, Lincoln Grantor Farms, LLC, Copper Avenue Investments, LLC, ACAP Farms, LLC, Cantua Orchards, LLC, and Gradon Farms, LLC.

h. Appear in court for hearings in this Case and any related litigation;

i. Enforce the injunction imposed by the Receivership Order;

j. Assist the Receiver in identifying, and retaining and appointing, any other professional persons;

k. Advise the Receiver regarding proposing a claims process and formulating a plan of distribution; and

l. Perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request from time to time.

It is necessary for the Receiver to employ attorneys to render the foregoing professional services and Katten has stated its desire and willingness to act in this Case and render the necessary professional services as counsel for the Receiver. Miller Decl. ¶¶ 6, 8.

Katten's attorneys began working on this matter prior to the Receiver's appointment, including in providing comments to the form of Receivership Order entered by the Court. Accordingly, the Receiver seeks Katten's appointment *nunc pro tunc* to November 27, 2024, but requests that the Order approving Katten's employment be without prejudice to Katten recovering fees incurred prior to that date. Miller Decl. ¶ 12. The Receiver's employment of counsel is necessary considering the size and complexity of this Case, which involves significant assets, sophisticated parties, and multiple matters requiring legal attention. *Id.*

**DISINTERESTEDNESS**

Katten has advised the Receiver that it has conducted conflict of interest searches of Plaintiffs and Defendants, and neither holds nor represents any adverse interest in connection with the matters upon which Katten is to be employed by the Receiver. Mitchell Decl. ¶ 12.

**COMPENSATION**

The Katten attorneys who may work on this matter from time to time, as appropriate, include:

| Name | Practice (Office) | Title | Class | 2024 Rate | 2025 Rates[5] |
|---|---|---|---|---|---|
| John Mitchell | Insolvency & Restructuring (Dallas) | Partner | 1996 | $1,250 | $1,470 |
| Michaela Crocker | Insolvency & Restructuring (Dallas) | Partner | 2001 | $1,155 | $1,315 |
| Terence Banich | Insolvency & Restructuring (Chicago) | Partner | 1999 | $1,220 | $1,405 |
| Yelena Archiyan | Insolvency & Reorganization (Dallas) | Partner | 2016 | $1,030 | $1,250 |
| Ethan Trotz | Insolvency & Restructuring (Chicago) | Associate | 2018 | $930 | $1,095 |
| Ny'esha Young | Insolvency & Restructuring (Dallas) | Associate | 2024 | $650 | $715 |
| Janice Brooks-Patton | Insolvency & Restructuring (Dallas) | Paralegal | n/a | $475 | $520 |
| William Rivers | Mergers/Acquisitions/Private Equity (Dallas) | Partner | 1988 | $1,310 | $1,435 |
| Mark Solomon | Mergers/Acquisitions/Private Equity (Dallas) | Partner | 1985 | $1,510 | $1,655 |

[5] Katten raised its hourly rates in the ordinary course on 1/1/25, as disclosed in paragraph 11 of the Declaration of Lance E. Miller in Support of Receiver's Unopposed Motion for Order Authorizing Employment of Katten Muchin Rosenman LLP as Counsel Nunc Pro Tunc [Docket No. 122-1].

| Name | Practice (Office) | Title | Class | 2024 Rate | 2025 Rates[5] |
|---|---|---|---|---|---|
| Weston Love | Mergers/Acquisitions/Private Equity (Dallas) | Associate | 2015 | $1,030 | $1,155 |
| Kelsey McKeag | Mergers/Acquisitions/Private Equity (Dallas) | Associate | 2020 | $855 | $990 |

The fees charged by Katten in this proceeding are consistent with the fees and costs charged by Katten to its other clients on comparable matters. Mitchell Decl. ¶ 14. The Receiver reviewed and considered the above staffing model, as well as Katten's hourly rates, and found them to be reasonable and appropriate considering the scope of this receivership and the complexity of this Case. Miller Decl. ¶ 11. The Receiver may in the future determine that present needs warrant the assignment of different or additional Katten personnel. *Id.*

Since Terence Banich is licensed to practice in the State of California and is admitted to the bar of the Eastern District of California, the Receiver will not incur the additional cost of local counsel. Moreover, the Receiver will be filing a motion to employ Cutts Law, PC as special counsel to assist in water rights and sale-related matters at a rate of approximately $450 per hour (and under for associates and paraprofessionals). Each of these items will help lower the costs payable in relation to this Case.

Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, outgoing faxes, research service charges (*e.g.*, Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Miller Decl. ¶ 10; Mitchell Decl. ¶ 15. Katten typically advances those costs on its client's behalf and includes them in its monthly bills. Mitchell Decl. ¶ 15.

Katten has acknowledged that the sole source of its compensation in this Case will be funds in the receivership estate, including the carve-outs contained in the Receivership Order, and that final allowance of its fees and expenses will be subject to Court order. *Id.* ¶ 16.

## **LEGAL STANDARD**

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In an equity receivership, "[t]he court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment motion "is left entirely to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

## **RELIEF REQUESTED**

The Court should grant the Motion and authorize the Receiver to employ Katten as his counsel on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to "retain" and "employ" attorneys of his choice. Receivership Order ¶ 4(q). The Receiver requests to engage Katten primarily because of its concurrent representation of him in the Prudential Case, his prior experience with Katten, and Katten's experience in federal courts, including receiverships, and in the agricultural arena. Miller Decl. ¶ 6. Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate administration. *See, e.g., Bennett*

*v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The Receiver believes it is essential that Katten be employed to provide the services described above and that Katten be permitted to bill on an hourly basis, subject to the requirements imposed by this Court.

**WHEREFORE**, based on the foregoing, the Receiver requests that this Court enter an Order authorizing his employment of Katten Muchin Rosenman LLP *nunc pro tunc* to November 27, 2024, and granting such other and further relief the Court may deem proper in the circumstances.

Dated: January 16, 2025

    Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/Terence G. Banich*
Terence G. Banich
*Proposed Attorneys for the Receiver*
Lance Miller

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On January 16, 2025, I served the following document(s) described as:

**MOTION OF THE RECEIVER TO EMPLOY KATTEN MUCHIN ROSENMAN LLP AS COUNSEL TO THE RECEIVER LANCE MILLER *NUNC PRO TUNC***

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on January 16, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

11

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL NUNC PRO TUNC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302343349