Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice* application filed)
Michaela C. Crocker (*pro hac vice* application filed)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Proposed Attorneys for the Receiver*
Lance Miller

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF NOVEMBER 27, 2024**<br><br>Hearing Date: March 3, 2025<br>Hearing Time: 1:30 P.M. PT<br>Location: Courtroom 6, 7th floor<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302344081

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT, on March 3, 2025, at 1:30 p.m. PT, or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, not individually but solely in his capacity as the duly appointed receiver (the "**Receiver**"), will and hereby does move the Court for entry of an order authorizing him to employ Cutts Law, PC as special counsel (the "**Motion**").

This Motion is made following the conference of counsel pursuant to Section I.C. of this Court's *Standing Order in Civil Cases* which took place on January 13-14, 2025, with Gabriel Mathless of Moore & Van Allen on behalf Federal Agricultural Mortgage Corporation ("**Farmer Mac**") and with David Hurst of McDermott Will & Emery LLP on behalf of the Borrower Defendants. Farmer Mac does not object to the requested relief and does not request a hearing on the motion. The Borrower Defendants are considering their position with respect to the requested relief and do not know by when a decision will be made.

Dated: January 16, 2025

                                  Respectfully submitted,

                                  **KATTEN MUCHIN ROSENMAN LLP**

                                  By:   /s/*Terence G. Banich*
                                           Terence G. Banich

                                  *Proposed Attorneys for the Receiver*
                                  Lance Miller

2

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024

302344081

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, hereby requests authority to employ Cutts Law, PC ("**Cutts**") as special counsel *nunc pro tunc* to October 29, 2024, and respectfully states the following:

## BACKGROUND

On November 27, 2024, Farmer Mac filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and *Plaintiff's Ex Parte Application To Consider Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order).[2] Receivership Order ¶ 1. The Receivership Order authorizes the Receiver to, among other things:

> [E]mploy a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order and pay the reasonable fees and expenses of such Receiver's Counsel for services rendered in preparation of and during the receivership, as approved by the Court. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the receivership estate and in preparing for the Receiver's appointment. The attorneys' fees and costs incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 12 of this Order.

*Id.* ¶ 4(q); *see also id.* ¶ 13 (establishing fee procedures).

Based on the Receiver's relationship with Cutts as his special counsel in the related case styled *The Prudential Insurance Company of America et al. v. ACDF, LLC et al.*, Case No. 1:24-

---

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed in the Receivership Order.

3

No. 1:24-cv-01455-KES-SAB
**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024**
302344081

cv-01102-KES (the "**Prudential Case**"), as well as Cutts' specialized expertise in agricultural law and water rights, the Receiver believes Cutts is the best suited to meet his needs in this Case. See *Declaration of Lance Miller*, attached hereto as Exhibit A, (the "**Miller Declaration**") ¶ 7, 8. The terms of Cutts' engagement letter signed effective as of October 30, 2024 with respect to the Prudential Case will also serve as the engagement letter in this Case.

## REASON FOR SELECTION

Cutts is a small, highly specialized, transactional law firm that specializes in, among other things, agricultural, farm, and ranch law. Its shareholder, Lisa A. Cutts, who will be the primary attorney advising the Receiver on matters related to agricultural law, has substantial knowledge and experience in these areas. *See Declaration of Lisa A. Cutts*, attached hereto as Exhibit B, (the "**Cutts Declaration**") ¶ 4.

Cutts' practice has in-depth experience in agricultural law representing different constituencies. Cutts has represented numerous agricultural businesses, lenders, and nonprofit organizations, helping its clients navigate complex issues, including issues relating to agricultural property. Cutts' background in agricultural law provides its clients with an in-depth understanding of the nuances of farm-related contracts, land use and agricultural property issues, water rights issues, and the intricate workings of state and federal agricultural support programs. It has successfully managed matters, preserving vital assets, protecting creditor interests, and supporting long-term farm viability. Accordingly, Cutts is well suited to understand and address the multifaced legal issues that will inevitably arise in this Case. Cutts Decl. ¶ 9.

## SERVICES TO BE PROVIDED

The services to be performed by Cutts are appropriate and necessary to enable the Receiver to fulfill his duties and to prosecute this Case. Miller Decl. ¶ 6. Pursuant to the Engagement Letter, Cutts and the Receiver agreed that Cutts would advise the Receiver with respect to agricultural property issues, including without limitation, possible shared irrigation improvements, water rights, access and irrigation easement concerns, and general agricultural property issues and concerns, related to the operation and potential disposition of property for which the Receiver has been

4

No. 1:24-cv-01455-KES-SAB
**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024**
302344081

appointed. Additionally, Cutts may perform such other legal services (not including tax law services or litigation) as may be necessary, or that the Receiver may request from time to time. *Id.* ¶ 9.

It is necessary for the Receiver to employ a law firm to render the foregoing professional services and Cutts has stated its desire and willingness to act in this Case and render the necessary professional services as special counsel for the Receiver.

## DISINTERESTEDNESS

Cutts has advised the Receiver that it has conducted conflict of interest searches of all known parties in this Case and has determined that there are no conflicts for which notice, or consent of any person is required. Cutts Decl. ¶ 10.

## COMPENSATION

The Cutts attorneys who may work on this matter from time to time, as appropriate, include:

| Name | Practice (Office) | Title | Class | Rate |
|---|---|---|---|---|
| Lisa A. Cutts | Agricultural Law, Real Estate Law | Shareholder | 2011 | $425.00 |
| Bradley J. Kalebjian | Agricultural Law, Real Estate Law | Associate | 2024 | $300.00 |

The fees charged by Cutts in this Case are consistent with the fees and costs charged to other clients of Cutts on comparable matters. Cutts Decl. ¶ 13. The Receiver reviewed and considered the above staffing model, as well as Cutts' hourly rates, and found them to be reasonable and appropriate considering the scope of this receivership. Miller Decl. ¶ 12. The Receiver may in the future determine that present needs warrant the assignment of different or additional Cutts personnel. *Id.*

Cutts will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, outgoing faxes, research service charges (*e.g.*, Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Cutts Decl. ¶ 15. Cutts typically advances those

costs on its clients' behalf and includes them in its monthly bills, though some large disbursements may be forwarded to the client for direct payment. *Id.*

Cutts has acknowledged that the sole source of its compensation in this Case will be funds in the receivership estate, including the carve-outs contained in the Receivership Orders, and that final allowance of its fees and expenses will be subject to Court order. *Id.* ¶ 13.

## LEGAL STANDARD

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In an equity receivership, "[t]he court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment motion "is left entirely to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

## RELIEF REQUESTED

The Court should grant the Motion and authorize the Receiver to employ Cutts as special counsel on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to "retain" and "employ" attorneys of her choice. Receivership Order ¶ 4(q). The Receiver believes Cutts is the best suited firm for the Case because of his prior relationship with the firm and Cutts' specialized expertise in agricultural law and water rights. Miller Decl. ¶ 7. Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate

6

No. 1:24-cv-01455-KES-SAB
**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024**

302344081

administration. *See, e.g., Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The Receiver believes it is essential that Cutts be employed to provide the services described above and that Cutts be permitted to bill on an hourly basis, subject to the requirements imposed by this Court.

**WHEREFORE**, based on the foregoing, the Receiver requests that this Court enter an Order authorizing the employment of Cutts Law, PC as special counsel on the terms and conditions set forth above, *nunc pro tunc* to November 27, 2024, and granting the Receiver such other and further relief the Court may deem proper in the circumstances.

Dated: January 16, 2025

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich
*Proposed Attorneys for the Receiver*
Lance Miller

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On January 16, 2025, I served the following document(s) described as:

**MOTION OF THE RECEIVER TO EMPLOY CUTTS LAW, PC AS SPECIAL COUNSEL TO THE RECEIVER LANCE MILLER EFFECTIVE AS OF NOVEMBER 27, 2024**

as follows:

**[ ]   BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on January 16, 2025, at Winnetka, Illinois.

*/s/ Terence G. Banich*
Terence G. Banich

8

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024
302344081