# EXHIBIT B

Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:  (214) 765-3600
Facsimile:  (214) 765-3602

*Proposed Attorneys for the Receiver*
Lance Miller

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**DECLARATION OF LISA A. CUTTS IN SUPPORT OF RECEIVER LANCE MILLER'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF NOVEMBER 27, 2024**<br><br>Hearing Date: March 3, 2025<br>Hearing Time: 1:30 P.M. PT<br>Location: Courtroom 6, 7th floor<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302350906

I, Lisa A. Cutts, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen years, am under no disability and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Motion of Receiver Lance Miller for Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of November 27, 2024* (the "**Motion**").

3. I am an attorney licensed to practice law in, and I am a member in good standing of the bar of the State of California. There are no disciplinary proceedings pending against me.

4. I am a shareholder at Cutts Law, PC ("**Cutts**"), a small, highly specialized, transactional law firm that specializes in, among other things, agricultural, farm, and ranch law.

5. Cutts is located at 5088 N. Fruit Avenue, Suite 101, Fresno, California 93711.

6. On November 27, 2024, Federal Agricultural Mortgage Corporation ("**Farmer Mac**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

7. On January 3, 2025, after the notice period passed, the Court entered *the Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order). Receivership Order ¶ 1. The Receivership Order authorizes the Receiver to, among other things:

[E]mploy a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order and pay the

reasonable fees and expenses of such Receiver's Counsel for services rendered in preparation of and during the receivership, as approved by the Court. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the receivership estate and in preparing for the Receiver's appointment. The attorneys' fees and costs incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 12 of this Order.

*Id.* ¶ 4(q); *see also id.* ¶13 (establishing fee procedures).

8. On October 29, 2024, the Receiver engaged Cutts to be his special counsel in the related case styled *The Prudential Insurance Company of America et al. v. ACDF, LLC et al.*, Case No. 1:24-cv-01102-KES (the "**Prudential Case**"), the terms of which will also cover Cutts' engagement in this Case. A true and correct copy of the engagement letter is attached hereto as Exhibit 1.

9. Cutts' practice has in-depth experience in agricultural law representing different constituencies. Cutts has represented numerous agricultural businesses, lenders, and nonprofit organizations, helping its clients navigate complex issues, including, in particular, issues relating to agricultural property. Cutts' background in agricultural law provides its clients with an in-depth understanding of the nuances of farm-related contracts, land use and agricultural property issues, water rights issues, and the intricate workings of state and federal agricultural support programs. It has successfully managed matters, preserving vital assets, protecting creditor interests, and supporting long-term farm viability.

10. Cutts has advised the Receiver that it has conducted conflict of interest searches of all known parties in this Case and has determined there are no conflicts for which notice, or consent of any person is required.

11.     I am a lawyer at Cutts with the primary responsibility for representing the Receiver.

12.     The Receiver proposes that the Court authorize Cutts to advise him with respect to agricultural property issues, including without limitation, possible shared irrigation improvements, water rights, access and irrigation easement concerns, and general agricultural property issues and concerns, related to the operation and potential disposition of property for which I have been appointed. Additionally, Cutts may perform such other legal services (not including tax law services or litigation) as may be necessary, or that the Receiver may request from time to time.

13.     Cutts' fees for this engagement will be based upon its hourly rates. The fees charged by Cutts in this proceeding are consistent with the fees and costs charged to other clients of Cutts on comparable matters.

14.     Cutts adjusts its rates annually in response to market trends and other factors, generally in the first calendar quarter of the year.

15.     Cutts will also seek reimbursement of its out-of-pocket expenses which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Cutts typically advances those costs on its client's behalf and includes them in its monthly bills, though some large disbursements may be forwarded to the client for direct payment.

16.     Cutts acknowledges that the sole source of its compensation in this case will be funds in the receivership estate. Cutts further acknowledges that any and all compensation for legal services rendered on behalf of the Receiver will be subject to Court approval following notice and a hearing.

17. The Cutts attorneys who may work on this matter from time to time as appropriate include:

| Name | Practice (Office) | Title | Class | Rate |
|------|-------------------|-------|-------|------|
| Lisa A. Cutts | Agricultural Law, Real Estate Law | Shareholder | 2011 | $425.00 |
| Bradley J. Kalebjian | Agricultural Law, Real Estate Law | Associate | 2024 | $300.00 |

The Receiver has reviewed and considered the above staffing model, as well as Cutts' hourly rates, and found them to be reasonable and appropriate considering the scope of this receivership.

18. I expect to serve as lead counsel and will provide legal advice to the Receiver relating to agricultural property law.

19. Bradley J. Kalebjian is an associate at Cutts who will work with me to provide legal advice to the Receiver relating to agricultural property law. Bradley J. Kalebjian will conduct legal research, prepare initial drafts of certain documents, review documents and perform other tasks as requested or as appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2025
In Fresno, California

/s/ Lisa A. Cutts
Lisa A. Cutts

**PROOF OF SERVICE**

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On January 16, 2025, I served the following document(s) described as:

**DECLARATION OF LISA A. CUTTS IN SUPPORT OF RECEIVER LANCE MILLER'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024**

as follows:

**[ ]   BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on January 16, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

6

No. 1:24-cv-01455-KES-SAB
DECLARATION OF LISA A. CUTTS IN SUPPORT OF RECEIVER LANCE MILLER'S MOTION FOR ORDER AUTHORIZING EMPLOYMENT OF CUTTS LAW, PC AS SPECIAL COUNSEL EFFECTIVE AS OF OCTOBER 29, 2024

302350906

# EXHIBIT 1



*Lisa A. Cutts*
*Bradley J. Kalebjian*

October 30, 2024

**EMAIL ONLY**

Mr. Lance Miller
c/o Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
Attention:  John Mitchell, Esq.

      Re:      <u>Legal Representation/Conflict Waiver Request</u>

Dear Mr. Miller:

This is to confirm the understanding under which we will be representing you with respect to the matters referred to below, and such other legal matters as you may request and in which our office undertakes to counsel or represent you.  This letter is required by California Business and Professions Code Section 6148.

<u>General Nature of Legal Services to be Provided</u>

You have initially retained us to assist you and your primary counsel (Katten Muchin Rosenman LLP_ with agricultural property issues, including without limitation, possible shared irrigation improvements, water rights, access and irrigation easement concerns, and general agricultural property issues and concerns, related to the operation and potential disposition of property for which you are the court appointed receiver ("Receiver") under that certain litigation by The Prudential Insurance Company of America, and their affiliates (collectively "Prudential"), against ACDF, LLC, et al (Eastern District of California Case No.  1:24-cv-01102-KES-SAB) (the "Litigation").   The proposed representation is referred to herein as the "Transaction".

We are only responsible for advising you based on the information that you have disclosed to us.  This agreement will govern all services we provide to you.  We will provide additional legal services that you expressly request and that we expressly agree to undertake.  **We note, specifically, that we are here to assist in transactional and support matters related to the Litigation , but our services will not include litigation of any kind (whether in court, in administrative hearings or before government agencies or arbitration panels) without our express agreement to undertake those services**.  Given the specialized nature of our practice, we may also advise you that certain issues or matters are outside of our expertise, and if that occurs, we may be able to help you in locating other appropriate counsel to assist it.

Mr. Lance Miller
October 30, 2024
Page 2



Fees and Expenses

In general, our time will be billed on an hourly basis, with our fees calculated by multiplying the number of hours expended on your behalf by the then-current billing rate of the person performing the services. Currently, the hourly rates for our legal personnel are as follows:

> Shareholder Attorneys: $425 per hour
> Associate Attorneys: $300 to $400 per hour
> Paralegals: $165 per hour

We may adjust our billing rates from time to time (usually at the beginning of the year) without prior notice. You will be charged for all time which is spent on your behalf. This includes time spent for conferences with you and with others whose consultation we believe is necessary for the handling of your matters (including professional consultation with other attorneys in this firm), for preparation and research, for making and receiving telephone calls, for drafting documents, and for both reviewing and preparing correspondence. Necessary travel time is likewise included. The performance of some legal work may be delegated to a legal assistant.

Any discussion or estimate given by us regarding fees and costs is only an estimate, and the fees and costs may be more or less than that estimate. The time expended in any matter, and the resulting fees and costs, can vary greatly depending on working relationships, the opposing party, and opposing counsel. In addition, over the course of a transaction, circumstances can change and legal and factual issues can become more or less complex. These factors, among others, often make it impossible to estimate an ultimate fee and cost amount with any reasonable accuracy.

In addition to our legal fees, we may incur certain expenses on your behalf which will be reflected in our billings. We do not charge for routine expenses such as normal long-distance telephone calls, facsimile transmissions and minimal in-house photocopy charges. By executing this letter, you acknowledge that you have authorized us to incur those expenses and to reimburse us for them as set forth below. Such expenses include postage/shipping in excess of $10.00, fees for messenger and courier services, computer database charges, filing fees, mileage at the then-current IRS-approved rate, and similar charges. Generally, expenses are billed at our cost; in some limited instances, we add an additional amount to cover our overhead in providing and administering the services generating the expenses. All expenses will be itemized on your billing statements.

We wish to emphasize that we will consider you to be a client of our firm, rather than the client of any individual lawyer in the office. Therefore, you should feel free to contact any of the attorneys in the office at any time and understand that any of us may be working on your matters. We allocate the responsibility for performing our services among ourselves in the manner that we believe provides our clients with efficient, cost-effective representation. Of course, we will at all times strive to avoid duplication of effort.

Mr. Lance Miller
October 30, 2024
Page 3



Trust Deposit

Our practice with new clients is to request a deposit to be placed in our client trust account. This requirement has been waived in this case, however we reserve the right to require a trust deposit for any future work for which we may agree to provide for you, on request. Any such deposit will be applied to our fees for legal services and to expenses incurred in connection with our representation of you in the matters described above. By executing this letter below, you authorize us to withdraw funds from your trust account balance to apply to the payment of bills rendered to it as a part of the normal billing cycle and without advance notice. Any amount remaining in your trust account balance at the conclusion of our services will be refunded to you. You should recognize, however, that the amount of the trust deposit is not generally intended to cover all anticipated fees and expenses; those fees and expenses will generally exceed the amount of your initial trust deposit. The firm reserves the right to require future trust deposits, upon request.

Billings

Our billing statements will indicate the nature of the legal services performed, the fees and expenses incurred in connection with those services, and your trust account balance (if any) as of the date of the statement. Statements are payable upon presentation, with payment expected within 30 days. We reserve the right to impose a late charge of .833% per month on all amounts not paid within 30 days. If you have any questions about your bill, please call.

In the event any legal action or collection activity is necessary to enforce the terms of this fee agreement, you agree to pay reasonable costs and attorney fees incurred by us in attempting to collect the amount due.

If our fees charged to you are not clear, please do not hesitate to contact us regarding them. Of course, we will not charge you to discuss your billing with you. We want to ensure that you understand and agree with any fees that are charged to you. However, you do have the right to arbitrate any fee dispute through Fresno County Fees Arbitration Procedures (California Business & Professions Code Section 6200, et seq.).

We have the right to suspend all services for you if statements are not paid within 30 days. Our continuing to provide services during any such delinquency is not a waiver of our ability to suspend services at any time thereafter.

Termination

Our engagement as your legal counsel or our representation of you in any particular matter may be terminated by you at any time for any reason by written notice, effective as of the date we receive that notice. We will provide no further services and advance no further expenses on such Corporation's behalf after receipt of the notice unless you specifically direct us to do so in writing and we agree.

Mr. Lance Miller
October 30, 2024
Page 4



We may withdraw as your legal counsel or from our representation of you in any particular matter with your consent or for good cause, which includes your failure to live up to your obligations described in this letter, your failure to timely make payment on billing statements rendered, your refusal to cooperate with us or to follow our advice on a material matter, or any other fact or circumstance that would render our continuing representation unlawful or unethical. If and when our services to you conclude, all unpaid fees and costs will be immediately due and payable. You will remain obligated to pay us for all services provided to it and to reimburse us for all expenses advanced on your behalf. Of course, we recognize our obligation to deliver your files and materials to you at or after the termination or conclusion of our services if so requested.

Duties

Effective legal representation requires a high level of cooperation between attorney and client. Therefore, by executing this letter, you are agreeing to cooperate with us, keep us fully and truthfully informed of all developments, and to abide by this letter. In turn, we are agreeing to provide those legal services reasonably required to represent you with respect to the matters described above and to take reasonable steps to keep you informed of our progress and to respond to your inquiries. Of course, we cannot make any promises or guarantees about the outcome of the matters as to which you have asked us to represent you, and nothing in this letter or in our statements to it should be so construed. When we provide you our opinion as to the probable outcome of any matter, it is with the understanding that our opinion is just that, and not a promise or guarantee.

Responding to Subpoenas and Other Requests for Information

In the event we are required to respond to a subpoena or other formal request from a third party or a governmental agency for our records or other information relating to services we have performed for a Corporation, or to testify by deposition or otherwise concerning such services, we will first consult with you as to whether you wishes to supply the information demanded or assert your attorney-client privilege to the extent it may properly do so. It is understood that you will reimburse us for our time and expense incurred in responding to any such demand, including, but not limited to, time and expense incurred in search and photocopying costs, reviewing documents, appearing at depositions or hearings, and otherwise litigating issues raised by the request.

Release, Retention, and Disposition of Client's Papers and Property

Following the completion of each engagement for which we are retained, we will keep the files, documents, records, and writings relating to that engagement (the "files") for a period of time, so that we may be able to respond if additional items come up regarding that engagement. However, we are unable to store these files indefinitely, so from time to time we review our files to determine which files should be retained and which may be destroyed. When we no longer believe that our retention of the files is needed, we will send you a letter asking whether it wishes to pick up the files or whether it wishes to have us destroy the files. We will give you at least 30 days to respond. Please keep us advised of any changes of address so that we may be able to communicate with you regarding the files. By signing this letter, you agree that if we are unable to reach it, or if we do not hear from it within 30

days after notification, we may proceed with file destruction. Your file may be "digital only" in which case it will receive a CD of your file, or a copy through a file sharing service.

**Waiver of Transaction Conflicts**

**In order for us to assist you in the Transaction, your separate signature on the Conflict Waiver Request Rider, attached to this letter, is required.**

Waiver of Future Conflicts

You should be aware that we provide services on a wide variety of legal subjects to a large number of clients, some of whom are or may in the future operate in the same areas of business in which you are operating or may operate. By signing this letter, you are acknowledging that we are free to represent those other clients on matters unrelated to you and that it is possible that we might take positions on behalf of other clients that are not consistent with yours. In some instances, the Rules of Professional Conduct may require that we notify you of such a conflict once we become aware of it, and in some instances, it may require a written waiver of those conflicts by you. We will, of course, at all times observe our ethical obligations relative to future conflicts of interest.

Mediation

If a dispute arises out of or relating to our attorney-client relationship (other than any fee dispute subject to Fresno County Fees Arbitration Procedures under California Business & Professions Code Section 6200, et seq.), and if the dispute cannot be settled through negotiation, you agree to first try in good faith to settle the dispute by private mediation before resorting to litigation, or any other dispute resolution procedure. The cost of such mediation shall be borne equally by the parties, unless otherwise stipulated in a settlement agreement by the parties.

Privacy

Since we take our obligations to safeguard you' private information seriously, we wanted to take this opportunity to confirm our commitment to maintaining the confidentiality of you' private information. In the course of our representation, our clients may share with us various sorts of nonpublic personal information, such as social security numbers, financial statements, asset appraisals, and property dispositions. This information may be stored on paper or in electronic formats. As stated above, as attorneys we are required by law and by the highest ethical obligations of our profession to keep such nonpublic personal information confidential. Regardless of the type of nonpublic personal information provided, or how it is stored, no voluntary disclosure of any of this information will be made without the permission of our client.

Approval

If the foregoing meets with your approval, please sign and date a copy of this letter where indicated, complete the requested information, and return it to me via fax or email, or by regular mail. Of course,

Mr. Lance Miller  
October 30, 2024  
Page 6



the date of this letter and the date you execute it are for reference purposes only; even if this letter is never executed, you are obligated to pay us the reasonable value of any services we perform for you.

Thank you for engaging us to represent you. If you have any further questions concerning our fee and expense arrangements or procedures, the scope of the legal services we hope to provide to you, or our respective obligations as to the performance of the agreement described in this letter, please give me a call.

We look forward to working with you.

                              Very truly yours,

                              *Lisa A. Cutts*

                              Lisa A. Cutts

Email: lac@cutts-law.com

Mr. Lance Miller
October 30, 2024
Page 7



I have read the foregoing letter, understand the matters discussed therein, and agree to have Cutts Law, PC represent you with respect to the matters described in, and in accordance with the terms of, the foregoing letter.  Your contact information is provided below.


Dated: _____


_____
LANCE MILLER


**Please confirm or update the information below:**

Mailing address:        _____
                        _____

Contact Name:           _____

Phone Number:           _____

Email: _____

Email Statements:       _____        _____
(Check One)             Yes           No

Billing email (if yes checked):   [  ] same as above
                                  [  ] _____

Mr. Lance Miller
October 30, 2024
Page 8



# CONFLICT WAIVER REQUEST RIDER

<u>Waiver of Transaction Conflicts</u>

In order for us to assist you in the Transaction, your separate signature on the Conflict Waiver Rider, attached to this letter, is required.

This firm, and its predecessor (Bolen Fransen Cutts LLP) has been privileged to represent Prudential in numerous lending and property acquisition and disposition matters in the past, and has ongoing matters at this time, which do not involve you or the Litigation (the "Unrelated Matters").

Although as Receiver, you are an agent of the court and legally neutral, as a result of your fiduciary responsibilities to all parties to the Litigation, there is the potential for a conflict to arise with respect to our past and ongoing representation of Prudential in unrelated matters. Our proposed representation of you in the Transaction has significant implications you should consider. Our ethical duty as attorneys to preserve a client's confidences will apply to information acquired in the course of our representation of Prudential, as well as to information acquired in the course of our representation of you. While we do not believe this is the case, as a result of our prior and ongoing representation of Prudential, it could be argued that we may have obtained confidential information that could be material to our representation of you in connection with the Transaction and the Litigation. Further, it could be argued that our ongoing representation of Prudential on the Unrelated Matters could affect the zealousness of our representation of you in connection with the Transaction.

As attorneys, we are governed by specific rules relating to our representation of clients when present or potential conflicts of interest exist. Rule 1.7, clauses (a), (b), (d) and (e) of the Rules of Professional Conduct of the State Bar of California provide as follows:

> *Rule 1.7 Conflict of Interest: Current Clients*
>
> *(a)        A lawyer shall not, without informed written consent\* from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.*
>
> *(b)        A lawyer shall not, without informed written consent\* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or*
> *relationships with another client, a former client or a third person,\* or by the lawyer's own interests.*
>
> *. . .*
>
> *(d)        Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:*
>
> > *(1)        the lawyer reasonably believes\* that the lawyer will be able to provide competent and diligent representation to each affected client;*

Mr. Lance Miller
October 30, 2024
Page 9

    *(2)    the representation is not prohibited by law; and*

    *(3)    the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.*

    *(e)    For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons,\* or a discrete and identifiable class of persons.\**

    *[note: an \* identifies a word or phrase defined in Rule 1.0.1 of the Rules of Professional Conduct]*

We are further governed by specific rules relating to protection of the confidential information of a client. Rule 1.6, clause (a) of the Rules of Professional Conduct of the State Bar of California provides as follows:

    *Rule 1.6 Confidential Information of a Client*

    *(a)    A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent,\* or the disclosure is permitted by paragraph (b) of this rule.*

Accordingly, we must obtain the written consent of each of you and Prudential to our representation of you in connection with the Transaction and to the further representation of Prudential in the Unrelated Matters. It is understood by all parties that such consent is limited to our representation of you in connection with the Transaction and to our representation of Prudential in connection with Unrelated Matters only. Any future prospective matters where you are directly adverse to Prudential will require separate informed written consent.

Prudential further requires, as a condition of its consent to our representation of you in the Transaction (which shall be documented through its required forms and process), that:

    (1) In the event of a development that substantially changes the nature of the Transaction, we must notify Prudential and obtain its consent to continue our representation of you in the Transaction;

    (2) In the event of any litigation arising between you and Prudential as to the Transaction or related thereto, we will not represent or advise any party to such dispute.

**If after careful consideration of the foregoing, you wish to waive the conflicts of interest and consent to this firm's representation of you in connection with the Transaction, subject to**

Mr. Lance Miller
October 30, 2024
Page 10



the additional requirements of Prudential enumerated above, and further consent to the continuing representation of Prudential in the Unrelated Matters, please sign this Rider where indicated below and return this letter to us by facsimile or email. *If you have any questions regarding this matter, we urge you to consult with independent legal counsel before signing and returning this Rider.*

**MILLER CONSENT**

Lance Miller ("Miller") hereby acknowledges the disclosure of the conflicting interests as stated in the foregoing Rider, and hereby consents to Cutts Law, PC ("Cutts Law") representing Miller in connection with the Transaction and desires that Cutts Law represent him in such matter. Miller consents to Cutts Law representing Prudential in the Unrelated Matters.

Miller expressly acknowledge that Cutts Law's prior and current representation of Prudential may have provided Cutts Law with confidential information concerning Prudential that may be material to its representation of Miller in connection with the Transaction. However, nothing contained herein shall be construed as an authorization to share the confidential information of Prudential with Miller, or of Miller with Prudential, and Cutts Law shall undertake appropriate procedures to prevent the sharing of such information, if any exists.

Notwithstanding the foregoing, Miller agrees that if litigation is instituted by either Miller or Prudential against the other party as discussed herein, relating to the Transaction, Cutts Law will withdraw and not undertake or continue representation of any party in any such litigation or proceeding unless all parties again consent in writing to its continuing representation of Miller in connection therewith

Miller acknowledges and understands he has the right to seek independent counsel before signing this consent or at any future time.

AGREED:

_____
LANCE MILLER