1 | Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
2 | **KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
3 | Chicago, IL 60661-3693
Telephone:    (312) 902-5200
4 | Facsimile:    (312) 902-1061

5 | John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
6 | **KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
7 | Dallas, TX 75201-2591
Telephone:    (214) 765-3600
8 | Facsimile:    (214) 765-3602

9 | *Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**DECLARATION OF LANCE MILLER IN SUPPORT OF UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302487977

Docusign Envelope ID: CE0072D9-D5FB-44EB-93AB-C65BC3769041

I, Lance E. Miller, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen years, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this Case (defined below), I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Unopposed Motion of Receiver Lance Miller for Order Authorizing Engagement and Compensation of Capstone Capital Markets LLC as Investment Banker* (the "**Motion to Employ**").[2]

3. I am the Founder and a Managing Director of Pivot Management Group, LLC ("**Pivot Group**"), a financial advisory and turnaround management firm with an office located at 1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266. I have more than 19 years of experience in complex receiverships, workouts, restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney and later as a partner in distressed advisory firms (including Pivot Group), I have provided services over a multitude of industries and markets to companies, creditors, equity holders, asset purchasers, receiverships, and creditors' trusts.

4. On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and*

---

[2] All capitalized terms used in this Declaration but not defined shall have the meanings ascribed to them in the Motion to Employ.

2
No. 1:24-cv-01102-KES-SAB
**DECLARATION OF LANCE MILLER IN SUPPORT OF UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**

302487977

*for Preliminary Injunction* [Dkt. No. 12].

5. On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* (the "**Receivership Order**"), appointing me as general receiver over the Receivership Property, as defined in the Receivership Order. The scope of my duties under the Receivership Order are:

> [T]o preserve the Receivership Property and protect it from dissipation and diminution in value; (b) to conduct business and operations in connection with the Receivership Property, including the collection and disbursement of Proceeds; and (c) to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval.

Receivership Order ¶ 23. In furtherance of these duties, the Receivership Order authorizes me to employ various professionals, including appraisers, liquidators, auctioneers, brokers, and other professionals to assist in the sales process. Receivership Order ¶ 3(o).

6. I, with the assistance of Pivot Group, have spent considerable time analyzing the Receivership Property and related operations and have concluded, in the exercise of my business judgment, that a sale of the Receivership Property is appropriate. To maximize value, I have placed the Receivership Property into two categories in relation to the marketing and sale process: (1) parcels of real estate that should be sold together in order to maximize value (the "**Farm Properties**"), which are the subject of the Motion to Employ and listed on Exhibit B of the

3
No. 1:24-cv-01102-KES-SAB
DECLARATION OF LANCE MILLER IN SUPPORT OF UNOPPOSED MOTION OF
RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND
COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER

302487977

Engagement Letter; and (2) parcels of real estate whose value is not linked to the operation of the Farm Properties (the "**Excluded Properties**"), which are or shall hereafter be the subject of a separate motion to employ a real estate broker.

7. I interviewed and considered eight separate firms before deciding to engage Capstone Capital Markets LLC ("**Capstone**") as my investment banker in this Case, primarily because of Capstone's extensive experience in complex sales involving agricultural property and related water rights. I believe that Capstone's experience, as set forth in the Motion to Employ, makes Capstone well situated to serve as my investment banker in this Case.

8. I believe that the terms of Capstone's engagement and compensation, as set forth in the Engagement Letter, are warranted, reasonable, and appropriate under the circumstances.

9. The Engagement Letter contains standard indemnification and limitation of liability language with respect to Capstone's services (the "**Indemnity**"). See Engagement Letter § 8. I believe that the Indemnity is customary and reasonable for engagements of this type and should be approved.

10. I further believe, in the exercise of my business judgment, that hiring an investment banker to market and sell the Farm Properties, while hiring a broker to market and sell the Excluded Properties, will maximize value by permitting each set of properties to be marketed to its target demographic by a banker or broker knowledgeable of the market and the parties likely interested in such properties.

11. For the avoidance of doubt, should Capstone negotiate an acceptable transaction(s) approved by myself, I will file a separate motion seeking the Court's prior approval of such transaction free and clear of all liens, claims and encumbrances.

12. I respectfully request that the Court grant the Motion to Employ and enter an order

4

approving my engagement of Capstone.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2025
In Manhattan Beach, California

By: _____
Lance E. Miller

5
No. 1:24-cv-01102-KES-SAB
**DECLARATION OF LANCE MILLER IN SUPPORT OF UNOPPOSED MOTION OF
RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND
COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**

302487977

Docusign Envelope ID: CE0072D9-D5FB-44EB-93AB-C65BC3769041

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On February 24, 2025, I served the following document(s) described as:

**DECLARATION OF LANCE MILLER IN SUPPORT OF UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on February 24, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

302487977