Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed concurrently with Ex Parte Application to Shorten Time*<br><br>Hearing:<br>Hearing Date: March 3, 2025 (subject to *Ex Parte* Application to Shorten Time)<br>Hearing Time: 1:30 P.M. PT<br>Location: Robert E. Coyle U.S. Courthouse<br>2500 Tulare Street<br>Courtroom 6, 7th floor<br>Fresno, CA 93721<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302567275

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, Lance Miller, not individually but solely in his capacity as Court-appointed receiver (the "**Receiver**"), moves the Court for entry of an order authorizing the Receiver's engagement and compensation of Pearson Realty ("**Pearson**") as real estate broker to assist him in the marketing and sale of certain Receivership Property in the above-captioned case (the "**Motion**").

PLEASE TAKE FURTHER NOTICE THAT the Motion is based on the *Memorandum of Points and Authorities* below and is supported by: (a) the *Declaration of Lance Miller* (the "**Miller Declaration**") a copy of which is attached hereto as Exhibit A; (b) the *Declaration of Sullivan Grosz* (the "**Grosz Declaration**"), a copy of which is attached hereto as Exhibit B; and (c) the Receiver's Exclusive Engagement Letter (the "**Engagement Letter**"),[2] a copy of which is attached as Exhibit 1 to the Grosz Declaration.

## Summary of Proposed Compensation Structure

The Receiver proposes that Pearson receive the following compensation:

| Total Commission Based on Transfer Sales Price | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Agent OTHER THAN Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, or Kameron Stewart | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, Or Kameron Stewart |
|---|---|---|
| ≥$500,000,000 | 1.00% | 1.00% |
| ≥ $250,000,000 and < $500,000,000 | 1.50% | 1.25% |
| ≥ $100,000,000 and < $250,000,000 | 2.00% | 1.75% |
| ≥ $50,000,000 and < $100,000,000 | 2.50% | 2.25% |
| ≥ $25,000,000 and < $50,000,000 | 3.00% | 2.75% |
| ≥ $10,000,000 and < | 3.50% | 3.25% |

---

[2] All capitalized terms used but not defined in the Motion shall have the meanings ascribed to them in the Engagement Letter. The descriptions of the Engagement Letter contained in this Motion are summary in nature and parties are urged to review the Engagement Letter. In the event of any inconsistency between the summary in the Motion and the terms of the Engagement Letter, the terms of the Engagement Letter shall prevail.

| Total Commission Based on Transfer Sales Price | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Agent OTHER THAN Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, or Kameron Stewart | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, Or Kameron Stewart |
|---|---|---|
| $25,000,000 | | |
| < $10,000,000 | 4.00% | 3.75% |

**Payment of Fees Subject to Court Approval**

Pearson will seek Court approval for the payment of any fees and expenses incurred under the Engagement Letter; however, it requests a waiver of any requirement that it keep detailed time records of its services rendered since its compensation is based on the results of subsequent sales of assets, as set forth in the Engagement Letter.

PLEASE TAKE FURTHER NOTICE THAT this Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 20, 2025, with

- Jason DeJonker and Nicholas Marcus on behalf of the Plaintiffs;
- David Hurst and Michael Nadel on behalf of the Farming Defendants (as defined in the Receivership Order);
- Gabriel Mathless and William Curtis on behalf of Federal Agricultural Mortgage Corporation; and
- Virginia Pedreira and Thomas Woods on behalf of Metropolitan Life Insurance Company, Metropolitan Real Estate Lending, LLC, and Brighthouse Life Insurance Company.

The above parties were requested to respond with any objections on or before Monday, February 24, 2025, at noon CT.  **No party stated an objection to the relief requested in the Motion or to the Court holding an expedited hearing on the Motion.**

Dated: February 25, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: <u>/s/ *Terence G. Banich*</u>
     Terence G. Banich

*Attorneys for the Receiver*
Lance Miller

4
No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER
AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302567275

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, hereby requests authority to employ and compensate Pearson Realty ("**Pearson**") as his real estate broker to assist him in the marketing and sale of certain Receivership Property described below, and respectfully states the following:

## BACKGROUND

On November 27, 2024, Federal Agricultural Mortgage Corporation filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order). The scope of the Receiver's duties under the Receivership Order are:

> (a) to preserve the Receivership Property and protect it from dissipation and diminution in value; (b) to conduct business and operations in connection with the Receivership Property, including the collection and disbursement of proceeds of Receivership Property; and (c) to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval.

Receivership Order ¶ 15. In furtherance of these duties, the Receivership Order authorizes the Receiver to employ various professionals, including appraisers, liquidators, auctioneers, brokers, and other professionals to assist in the sales process. Receivership Order ¶ 4(o).[3]

---

[3] Although the Receivership Order authorizes the employment of Pearson without further Court order, the Receiver files this Motion to ensure transparency in the marketing and sale of

The Receiver, with the assistance of Pivot Management Group, LLC ("**Pivot**"), has spent considerable time analyzing the Receivership Property and related operations and has concluded, in the exercise of his business judgment, that a sale of the Receivership Property is appropriate. Miller Decl. ¶ 6. To maximize value, the Receiver has placed the Receivership Property into two categories in relation to the marketing and sale process: (1) parcels of real estate that should be sold together in order to maximize value (the "**Investment Banker Properties**"), which are the subject of the motion to employ Capstone Capital Markets LLC as investment banker; and (2) parcels of real estate whose value is not linked to the operation of the Investment Banker Properties (the "**Broker Properties**") and may be marketed on a standalone basis. *Id.* ¶ 7.

The Receiver believes that the terms of Pearson's engagement and compensation, as set forth herein and described in further detail in the engagement letter (the "**Engagement Letter**") attached as Exhibit 1 to the Grosz Declaration, are warranted, reasonable, and appropriate under the circumstances. *Id.* ¶ 10. Accordingly, the Receiver respectfully requests that the Court grant this Motion and enter an order approving the Receiver's engagement of Pearson.

The Receiver further believes, in the exercise of his business judgment, that hiring an investment banker to market and sell the Investment Banker Properties, while hiring a broker to market and sell the Broker Properties, will maximize value by permitting each set of properties to be marketed to its target demographic by a banker or broker knowledgeable of the market and the parties likely interested in such properties. *Id.* ¶ 11.

**REASON FOR SELECTION**

Pearson is a real estate brokerage firm established in 1919. It has offices in Fresno, Visalia, and Bakersfield, California, and engages in local, regional, and statewide agricultural real estate transactions.

Pearson is highly qualified and experienced to market and sell the Broker Properties. Grosz Decl. ¶ 5. Pearson has sold over 84,000 acres of agricultural property in just the last four years alone

---

Receivership Property, including in the engagement and compensation of professionals hired to assist him in this Case.

and has 21 full-time farm sales specialists. *Id.* ¶ 6. Mr. Grosz has personally brokered transactions for approximately 23,400 acres with a value of approximately $411,500,000.00 in his 8 years as a broker/agent. *Id.* ¶ 7. The marketing of the properties will be conducted primarily by Mr. Grosz, A.J. Ferdinandi, Dan Kevorkian, Robb Stewart, and Kameron Stewart, ALC. *Id.* ¶ 5.

## SERVICES TO BE PROVIDED

Subject to Court order, and consistent with the terms of the Engagement Letter, the Receiver requests the retention and employment of Pearson to render the following services (the "**Services**"), among others, as directed by the Receiver:

(i) take all actions reasonably required or helpful in transferring part or all of the Property as promptly as possible;

(ii) promoting and marketing the Property, using its diligent and best efforts, skill, judgment, and abilities to show the Property;

(iii) offering the Property for sale;

(iv) procuring prospective purchasers for Property;

(v) cooperating with outside brokers representing such prospective transferees;

(vi) obtaining financial and reference information on prospectives;

(vii) promptly submitting all offers to the Receiver;

(viii) taking photographs of the Property; and

(ix) making monthly inspections of the Property, and other actions as may be directed by the Receiver from time to time including, but not limited to, as and when requested by the Receiver, using best efforts to assist Receiver with obtaining tenant estoppel certificates and subordinations.

Pearson shall also be responsible for coordinating and supervising all services provided by any cooperating brokers as necessary to facilitate the timely and proper performance of the services and activities required by the Engagement Letter. The costs of any services performed by any cooperating brokers are included in the compensation for Pearson's services set forth in the Engagement Letter.

It is not the general practice of brokers, including Pearson, to keep detailed time records similar to those kept by the attorneys and other Court-approved professionals in this Case. Because Pearson does not keep detailed time records, coupled with the fact that its compensation is results based, Pearson requests that it be excused from compliance with any rule that would require it to keep detailed time records of services rendered.

### COMPENSATION

Pearson has accepted this engagement conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for its out-of-pocket expenses incurred, all in accordance with its customary billing practices as set forth in the Engagement Letter, as follows:

> Upon any transfer pursuant to a written agreement executed during the term of this Agreement, Receiver agrees, subject to the conditions contained herein, to pay to Broker a commission[.] The commission shall be calculated solely in respect of cash proceeds actually received by Receiver in respect of such Transfer and shall (excluding, for the avoidance of doubt, Contingent Consideration (as defined below)) be deemed earned, due and payable in full when, and only if, such Transfer is consummated, Receiver shall pay such commission (or cause such commission to be paid) concurrent with its receipt of such cash proceeds. Broker shall be responsible for paying any and all commissions to any other cooperating broker after Broker is paid by Receiver, and Broker shall indemnify and hold Receiver harmless from and against the claims of any other cooperating broker with claims arising from a cooperating broker relationship initiated by or through Broker, including, but not limited to, attorneys' fees and expenses in connection with Receiver's defense against such claims. All commissions due and payable to Broker shall be calculated based upon, and be paid solely from, the cash proceeds of the relevant Transfer actually received by Receiver. In the event any consideration for such Transfer is in the form of Contingent Consideration, the commission in respect of such Contingent Consideration shall be calculated in respect

8

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER
AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302567275

of the cash proceeds actually received by Receiver in respect of such Contingent Consideration and shall be earned, due and payable in full upon Receiver's receipt of cash proceeds of such Contingent Consideration. Nothing in this Agreement shall require the Receiver to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties or in the exercise of any of its rights or powers hereunder. Broker acknowledges and expressly agrees that the Receiver is entering into this Agreement solely in his capacity as Court-appointed receiver and shall have no personal liability for any claims arising under or related to this Agreement, including any indemnification related claims. Any liability arising under or related to this Agreement shall be the sole responsibility of the receivership estate(s). As used herein, the term "Contingent Consideration" means consideration for a Transfer in the form of escrowed funds, holdbacks or otherwise deferred payments.

Agreement § 4.

The Receiver believes, in his reasonable business judgment, that the terms of the Engagement Letter are warranted, reasonable, and appropriate under the circumstances. Miller Decl. ¶ 10. The essential terms of the Engagement Letter are standard and usual terms that Pearson includes within its agreements for similar engagements. Grosz Decl. ¶ 9. For the avoidance of doubt, should Pearson negotiate an acceptable transaction(s) approved by the Receiver, the Receiver will file a separate motion seeking the Court's prior approval of such transaction free and clear of all liens, claims, encumbrances, and other interests. Miller Decl. ¶ 12.

## LEGAL STANDARD

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In receivership, "[t]he court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment motion "is left entirely

to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

## **RELIEF REQUESTED**

The Court should grant the Motion and authorize the Receiver to employ Pearson as his real estate broker on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to employ a broker to assist him in the marketing and sale of Receivership Property. Receivership Order ¶ 4(o). The Receiver considered eight separate firms before deciding to engage Pearson, primarily because of its experience with, and connections to, the regional market and potentially interested buyers. Miller Decl. ¶ 9. Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate administration. *See, e.g., Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The Receiver believes it is essential that Pearson be employed to provide the services described above and that Pearson be compensated as set forth above, subject to the requirements imposed by this Court.

**WHEREFORE**, based on the foregoing, the Receiver requests that this Court enter an Order authorizing his employment of Pearson, and granting such other and further relief the Court may deem proper in the circumstances.

Dated: February 25, 2025

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On February 25, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

as follows:

[ ] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

[ ] **BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

[X] **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on February 25, 2025, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

---

11
No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302567275