Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION, | No. 1:24-cv-01455-KES-SAB |
| Plaintiff, | **DECLARATION OF SULLIVAN GROSZ IN SUPPORT OF RECEIVER LANCE MILLER'S UNOPPOSED MOTION FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF PEARSON REALTY AS REAL ESTATE BROKER** |
| v. | |
| ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC, | **HONORABLE KIRK E. SHERRIFF** |
| Defendants. | |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302567264

I, Sullivan Grosz, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen years, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Unopposed Motion of Receiver Lance Miller for Order Authorizing Engagement and Compensation of Pearson Realty as Broker* (the "**Motion**"). A true and correct copy of the Listing Agreement between Pearson and the Receiver is attached hereto as **Exhibit 1.**

3. I am President of Pearson Realty ("**Pearson**") and, as President, am authorized to submit this declaration on behalf of Pearson and in support of the Motion.

4. I am a California licensed real estate broker, license number DRE #02019422. I work primarily out of the Fresno, California office, but have brokered sales throughout California. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

5. Pearson is highly qualified and experienced to market and sell the Broker Properties, which are listed on Exhibit A to the Engagement Letter. The marketing and sale of the Broker Properties will be conducted primarily by myself, A.J. Ferdinandi, Dan Kevorkian, Robb Stewart, and Kameron Stewart.

6. Pearson has sold over 84,000 acres of agricultural property in just the last 4 years alone and has 21 full-time farm sales specialists.

7. I personally have brokered transactions for approximately 23,400 acres with a value of approximately $411,500,000.00 in my 8 years as a broker/agent.

8. Pearson has accepted this engagement conditioned upon our ability to be retained in accordance with our customary terms and conditions of employment, compensated for our services, and reimbursed for our out-of-pocket expenses incurred, all in accordance with our customary billing practices as set forth in Section 4 of the Listing Agreement.

9. The essential terms of the Listing Agreement are standard and usual terms that Pearson includes within its agreements for similar engagements.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2025
In Fresno, California

By: _____Sullivan Grosz_____
Sullivan Grosz

Docusign Envelope ID: EC87BEED-9C68-4102-BE49-A727E7AEC41E

# LISTING AGREEMENT
*(01102)*

**THIS LISTING AGREEMENT** (this "Agreement") is made as of February 18, 2025, by and between **LANCE MILLER** ("Receiver"), in his capacity as receiver pursuant to Court Order ("Receivership Order"), having an address for notice purposes of PIVOT MANAGEMENT GROUP, LLC, ATTN: LANCE MILLER, 1230 ROSECRANS AVENUE, SUITE 530, MANHATTAN BEACH, CA 90266, and **PEARSON REALTY**, a California corporation, having an address for notice purposes of c/o 7480 N. PALM AVENUE, SUITE 101, FRESNO, CA 93711, ATTN: PETER J. ORLANDO ("Broker"), and subject to approval by the United States District Court, Eastern District of California. Broker and Receiver shall be referred to herein each as a "party" and collectively as the "parties".

## WITNESSETH:

WHEREAS, for purposes this Agreement, the term "Property" used herein shall refer to any combination of the real property parcels individually or collectively listed on **Exhibit "A"**, and Receiver agrees that any combination of such parcels as part of this Agreement shall constitute Property;

WHEREAS, the Property is subject to various orders in the United States District Court, Eastern District of California, Case No. 1:24-CV-01406 (the "Receivership" and the court overseeing the Receivership, the "Receivership Court");

WHEREAS, the Receivership Court has approved Lance Miller to act as the duly appointed Receiver;

WHEREAS, any sale or other transfer of the Property (each a "Transfer") is subject to the approval of the Receiver and the Receivership Court; and

WHEREAS, Receiver, desires to engage Broker to facilitate sales of the Property and Broker desires to accept such engagement, upon and subject to the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the mutual agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Receiver and Broker hereby agree as follows:

302713047v5

## AGREEMENT

1. **Authorization**

Receiver hereby grants to Broker the exclusive right to market the Property for sale for the term of this Agreement. Notwithstanding anything to the contrary herein or elsewhere, all terms and conditions of an agreement with any prospective purchaser or other person shall be subject to Receiver's sole and absolute discretion. Receiver has the absolute right in all events to approve or to disapprove any and all proposals regarding pricing, marketing and terms of transfer of the Property. Broker shall have no authority to extend any offer or make any agreement on behalf of or binding on Receiver, and Broker shall have no authority to accept security or other deposits in connection with any offer to purchase the Property; accordingly, an agreement to Transfer shall become effective only when it is (A) signed by an authorized signatory on behalf of Receiver and the prospective transferee, (B) delivered by Receiver to such prospective transferee, and (C) approved by the Receivership Court. Receiver agrees that Broker and its representatives shall have the right to enter upon and inspect the Property with prospective purchasers at all reasonable times, but only upon prior reasonable request.

2. **Term**

The "term" of this Agreement shall end, and this Agreement shall terminate and be of no further force and effect, on December 31, 2025, unless otherwise extended by written amendment signed by the Receiver and Broker; provided, however, that (a) Receiver shall have the right to terminate this Agreement and end the term without cause at any time by providing thirty (30) days' prior written notice to Broker, (b) following any material breach of this Agreement by Broker of its obligations hereunder that continues for 30 days' following written notice from Receiver, the Receiver shall have the right to then immediately terminate this Agreement by giving written notice to Broker ending the term for cause (a "Receiver Cause Termination"), and (c) upon any material breach of this Agreement by Receiver of his obligations hereunder that continue for 30 days' following written notice from Broker, Broker shall have the right to terminate this Agreement and end the term for cause immediately upon giving written notice to Receiver.

3. **Duties of Broker**

Broker agrees to take all actions reasonably required or helpful in transferring part or all of the Property as promptly as possible, including, but not limited to, promoting and marketing the Property, using its diligent and best efforts, skill, judgment, and abilities to show the Property, offering the Property for sale, procuring prospective purchasers for Property, cooperating with outside brokers representing such prospective transferees, obtaining financial and reference information on prospectives, promptly submitting all offers to Receiver, taking photographs of the Property, making monthly inspections of the Property, and other actions as may be directed by Receiver from time to time including, but not limited to, as and when requested by Receiver, using best efforts to assist Receiver with obtaining tenant estoppel certificates and subordinations. Inquiries regarding the Property shall be referred to Broker and related negotiations shall be handled by or under direction of Broker, subject to the approval and review of Receiver and subject to the participation of legal counsel selected and retained by Receiver to assist as necessary in preparation and negotiation of the sale contract and to institute and defend any and all legal proceedings associated with the sale of the Property; provided that no such legal proceedings or compromises or settlements of such legal proceedings shall be undertaken or defended without, in each instance, the prior written approval of Receiver.

Broker shall be responsible for coordinating and supervising all services provided by any other cooperating brokers as necessary to facilitate the timely and proper performance of the services and

Docusign Envelope ID: EC87BEED-9C68-4102-BE49-A727E7AEC41E

activities required by this Agreement. The costs of any services performed by any of the cooperating brokers, are included in the compensation for the Broker's services established by this Agreement.

During the term of this Agreement, Broker's agents, Dan Kevorkian, Sullivan Grosz, A.J. Ferdinandi, Robb Stewart, and Kameron Stewart (each, an "Agent"), shall provide Receiver with the name and address of each prospective buyer for the Property that expresses a bona fide interest in the Property that any such Agent engages in active communications with regarding the sale of the Property within five (5) business days of such contact with such prospective purchaser (each such purchaser timely identified in accordance with this paragraph being a "Qualified Prospect").

4. **Commission on Sale**

Upon any transfer pursuant to a written agreement executed during the term of this Agreement, Receiver agrees, subject to the conditions contained herein, to pay to Broker a commission in accordance with **Exhibit "B"** attached hereto and incorporated herein by reference. The commission shall be calculated solely in respect of cash proceeds actually received by Receiver in respect of such Transfer and shall (excluding, for the avoidance of doubt, Contingent Consideration (as defined below)) be deemed earned, due and payable in full when, and only if, such Transfer is consummated, Receiver shall pay such commission (or cause such commission to be paid) concurrent with its receipt of such cash proceeds. Broker shall be responsible for paying any and all commissions to any other cooperating broker after Broker is paid by Receiver, and Broker shall indemnify and hold Receiver harmless from and against the claims of any other cooperating broker with claims arising from a cooperating broker relationship initiated by or through Broker, including, but not limited to, attorneys' fees and expenses in connection with Receiver's defense against such claims. All commissions due and payable to Broker shall be calculated based upon, and be paid solely from, the cash proceeds of the relevant Transfer actually received by Receiver. In the event any consideration for such Transfer is in the form of Contingent Consideration, the commission in respect of such Contingent Consideration shall be calculated in respect of the cash proceeds actually received by Receiver in respect of such Contingent Consideration and shall be earned, due and payable in full upon Receiver's receipt of cash proceeds of such Contingent Consideration. Nothing in this Agreement shall require the Receiver to expend or risk its own funds or otherwise incur any financial liability in the performance of any of its duties or in the exercise of any of its rights or powers hereunder. Broker acknowledges and expressly agrees that the Receiver is entering into this Agreement solely in his capacity as Court-appointed receiver and shall have no personal liability for any claims arising under or related to this Agreement, including any indemnification related claims. Any liability arising under or related to this Agreement shall be the sole responsibility of the receivership estate(s). As used herein, the term "Contingent Consideration" means consideration for a Transfer in the form of escrowed funds, holdbacks or otherwise deferred payments.

5. **Post-Termination Commissions**

If within one (1) year after the date of termination of this Agreement other than a Receiver Cause Termination, a Transfer is consummated or a sale is under contract and set to close between Receiver and any Qualified Prospect timely identified to Receiver in accordance with Section 3, Receiver shall pay Broker the commission in accordance with **Exhibit "B"**. The agreements of this Section 5 shall survive the termination of this Agreement and shall be deemed to bind any cooperating broker engaged by Broker.

6. **Listing**

Broker shall initially list the Property for the prices to be agreed to between Receiver and Broker.

3

302713047v5

7.    **Nondiscrimination**

The Property shall be offered without regard to race, color, creed, religion, national origin, sex, handicap, gender, orientation, age, pregnancy, disability and/or familial status.

8.    **Broker Representations**

Broker represents and warrants to Receiver that Broker and all of its agents performing services under it shall be duly licensed in the State of California to the extent required by applicable law, and agrees to comply with all applicable laws in the performance of the services hereunder including, but not limited to, the real estate broker licensure requirements. Broker covenants to keep its license and those of its agents performing services under this Agreement in good standing at all times during the term of this Agreement to the extent required by applicable law.

9.    **Standards**

Broker shall further the interests of Receiver in accordance with Receiver's applicable requirements, procedures and directions, in each case accordance with the highest professional standards. Broker shall comply with all national, federal, state, and municipal laws, regulations, codes, ordinances, and orders applicable to Broker and the activities of Broker and its agents or employees under and in connection with this Agreement.

10.    **Assignment**

Broker shall not be entitled to assign any rights or to delegate any duties or obligations under this Agreement, and any assignment in violation of this prohibition shall be void.

11.    **Governing Law**

This Agreement shall be construed according to and governed by the laws of the State of California. The Parties agree that the Receivership Court shall have exclusive jurisdiction over this Agreement and any disputes related thereto. THE PARTIES HERETO SPECIFICALLY WAIVE ANY RIGHT OR CLAIM TO A JURY TRIAL IN THE EVENT OF A DISPUTE HEREUNDER, OR ARISING OUT OF OR INVOLVING THE SUBJECT MATTER HEREUNDER WHETHER ARISING IN CONTRACT OR TORT. The provisions of this paragraph shall survive the termination or expiration of this Agreement.

12.    **Attorney's Fees**

In connection with any controversy arising out of this Agreement, the prevailing party shall be entitled to recover, in addition to costs, damages or other relief, its attorney's fees and costs incurred.

13.    **Modifications**

This Agreement may not be amended, modified or changed, nor shall any waiver of any provisions hereof be effective, except only by an instrument in writing and signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

Docusign Envelope ID: EC87BEED-9C68-4102-BE49-A727E7AEC41E

14.   **Notices**

All notices or other communications required or desired to be given hereunder shall be in writing and shall be effective for all purposes if hand delivered to the parties at the respective addresses set forth above (or such other addresses as the parties may hereafter designate in writing) or sent to the respective parties at such addresses by (a) certified or registered United States mail, postage prepaid, (b) expedited prepaid delivery service, either commercial or United States Postal Service, with proof of attempted delivery, or (c) by telecopier (with answer back acknowledged and so long as the original of said telecopy is mailed the next day). A notice shall be deemed to have been given by the following: in the case of hand delivery, at the time of delivery; or in the case of mail delivery three (3) days after having been deposited in the United States mail postage prepaid and properly addressed; or in the case of notice sent via overnight delivery service or telecopy, upon receipt.

15.   **Independent Contractor**

It is expressly understood and agreed that Broker will act as an independent contractor in the performance of this Agreement. The parties hereby agree that nothing in the Agreement shall be intended or construed to create a principal-agent relationship, employer-employee relationship, a partnership, or a joint venture with respect to the Property or otherwise.

16.   **Binding Effect; Counterpart Signatures/Electronic Signatures**

Upon approval of the Receivership Court, this Agreement shall be binding upon, and shall inure to the benefit of, the successors and assigns of the parties hereto, subject to the restrictions and limitations of Section 10 of this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all such counterparts, taken together, shall constitute but one and the same instrument. Facsimile signatures or any other electronic signature or DocuSign on any counterpart shall be effective as an original signature, but the parties hereto agree to deliver to the other original signatures within thirty (30) days after the date of this Agreement.

17.   **Entire Agreement**

This Agreement constitutes the entire agreement between Broker and Receiver and supersedes all other agreements.

18.   **Receivership Order**

Nothing in this Agreement is intended to, nor shall, override any notice, veto, consultation or consent rights held by Federal Agricultural Mortgage Corporation pursuant to the Receivership Order entered by the Receivership Court.

**[The remainder of this page is intentionally left blank.]**

302713047v5

**IN WITNESS WHEREOF**, the parties have duly entered into this Agreement as of the day and year first written above.

**RECEIVER:**

*Lance Miller*
F181C7A978754AD...

Lance Miller, solely in his capacity as Receiver

**BROKER:**

**PEARSON REALTY**

By: _____
Name: _____
Title: _____

[Exclusive Listing Agreement; Pearson Realty]

302713047v5

**EXHIBIT "A"**

**DESCRIPTION OF PROPERTY**

| Field | APN | Property Nickname | County | Water District | Acres per APN |
|---|---|---|---|---|---|
| 88016 | 004-130-030 | Oliveira | Kings County | Laguna | 136.82 |
| 88316, 88416, 88516, 88616 | 004-140-012 | Oliveira | Kings County | Laguna | 300.32 |
| 88416 | 004-140-005 | Oliveira | Kings County | Laguna | 1.00 |
| 88216, 88116, 88416 | 004-140-002 | Oliveira | Kings County | Laguna | 152.60 |
| 88816 | 004-230-014 | Oliveira | Kings County | Laguna | 3.00 |
| 88716, 88616, 88816 | 004-230-026 | Oliveira | Kings County | Laguna | 278.91 |
| 88816 | 004-230-027 | Oliveira | Kings County | Laguna | 1.24 |
| 88816 | 004-230-013 | Oliveira | Kings County | Laguna | 0.33 |
| 83013 | 464-020-07 | Mission | Fresno County | Fresno | 11.03 |
| 83013 | 464-020-08 | Mission | Fresno County | Fresno | 1.11 |
| 83013 | 464-020-09 | Mission | Fresno County | Fresno | 1.58 |
| 83013 | 464-020-12 | Mission | Fresno County | Fresno | 5.00 |
| 83013 | 464-020-13 | Mission | Fresno County | Fresno | 5.00 |
| 83013 | 464-020-15 | Mission | Fresno County | Fresno | 18.59 |
| 83013 | 464-020-16 | Mission | Fresno County | Fresno | 0.51 |
| 83013 | 464-020-19 | Mission | Fresno County | Fresno | 8.92 |
| 83013 | 464-020-25 | Mission | Fresno County | Fresno | 25.25 |
| 83013 | 464-020-26 | Mission | Fresno County | Fresno | 6.00 |
| 83013 | 464-020-28 | Mission | Fresno County | Fresno | 8.57 |
| 83013 | 464-020-29 | Mission | Fresno County | Fresno | 9.47 |
| 83013 | 464-020-30 | Mission | Fresno County | Fresno | 9.47 |
| 83013 | 464-020-31 | Mission | Fresno County | Fresno | 9.47 |
| 83013 | 464-020-34 | Mission | Fresno County | Fresno | 4.69 |
| 83013 | 464-020-35 | Mission | Fresno County | Fresno | 1.74 |
| 83013 | 464-020-36 | Mission | Fresno County | Fresno | 9.85 |
| 83013 | 464-020-37 | Mission | Fresno County | Fresno | 4.70 |
| 83113 | 464-060-17 | Mission | Fresno County | Fresno | 67.47 |
| 83213 | 477-021-09 | Mission | Fresno County | Fresno | 20.89 |
| 83213 | 477-021-11 | Mission | Fresno County | Fresno | 10.00 |
| 83213 | 477-021-18 | Mission | Fresno County | Fresno | 1.24 |
| 83213 | 477-021-19 | Mission | Fresno County | Fresno | 18.41 |
| 83213 | 477-021-20 | Mission | Fresno County | Fresno | 34.11 |
| 83213 | 477-021-25 | Mission | Fresno County | Fresno | 7.24 |
| 83313 | 464-070-10 | Mission | Fresno County | Fresno | 9.06 |
| 83313 | 464-070-11 | Mission | Fresno County | Fresno | 9.06 |
| 83313 | 464-101-23 | Mission | Fresno County | Fresno | 13.67 |
| 55123 | 220-170-01 | Solar | Kern County | Wheeler Ridge Maricopa | 164.58 |
| 17823 | 220-170-02 | Solar | Kern County | Wheeler Ridge Maricopa | 156.68 |
| 17823 | 220-170-07 | Solar | Kern County | Wheeler Ridge Maricopa | 316.68 |
| 35323 | 220-170-08 | Solar | Kern County | Wheeler Ridge Maricopa | 40.00 |
| 35323 | 220-170-09 | Solar | Kern County | Wheeler Ridge Maricopa | 116.68 |
| 35023 | 220-170-10 | Solar | Kern County | Wheeler Ridge Maricopa | 160.00 |
| 35223 | 220-170-11 | Solar | Kern County | Wheeler Ridge Maricopa | 156.68 |
| 35123 | 220-170-31 | Solar | Kern County | Wheeler Ridge Maricopa | 10.00 |
| 35123 | 220-170-32 | Solar | Kern County | Wheeler Ridge Maricopa | 150.00 |

302713047v5

**EXHIBIT "B"**

**COMMISSIONS**

**Sales**

| Total Commission Based on Transfer Sales Price | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Agent OTHER THAN Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, or Kameron Stewart | Transfer of Assets Listed by Pearson Realty where Buyer is Represented by Dan Kevorkian, Sullivan Grosz, Robb Stewart, AJ Ferdinandi, Or Kameron Stewart |
|---|---|---|
| ≥$500,000,000 | 1.00% | 1.00% |
| ≥ $250,000,000 and < $500,000,000 | 1.50% | 1.25% |
| ≥ $100,000,000 and < $250,000,000 | 2.00% | 1.75% |
| ≥ $50,000,000 and < $100,000,000 | 2.50% | 2.25% |
| ≥ $25,000,000 and < $50,000,000 | 3.00% | 2.75% |
| ≥ $10,000,000 and < $25,000,000 | 3.50% | 3.25% |
| < $10,000,000 | 4.00% | 3.75% |

302713047v5