**EXHIBIT 1**

MICHAEL R. FARRELL (BAR NO. 173831)
MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mfarrell@allenmatkins.com
 mpham@allenmatkins.com

RICHARD M. PACHULSKI (BAR NO. 90073)
IRA D. KHARASCH (BAR NO. 109084)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003
Phone: (310) 277-6910
Fax: (310) 201-0760
E-Mail: rpachulski@pszjlaw.com
 ikharasch@pszjlaw.com

Attorneys for Interested Party
AMERICAN EQUITY INVESTMENT LIFE INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ASSEMI BROTHERS, LLC, et al.,<br><br>Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR AN ORDER ESTABLISHING MARKETING, BID, AND AUCTION PROCEDURES FOR BROKER-MARKETED PROPERTIES** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4921-4647-3518.2

EXHIBIT 1 TO RENEWED OPP'N
Page 13

The Court having held a hearing on the *Unopposed Motion of Receiver Lance Miller for an Order Establishing Marketing, Bid, and Auction Procedures for Broker-Marketed Properties; Memorandum of Points and Authorities* [Dkt. No. __] (the "**Motion**"), filed by Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case; having read and considered the Motion and the evidence submitted therewith, and oppositions thereto and replies in support thereof; having heard oral argument of the parties at the hearing; and good cause appearing therefor; the Court finds that notice of the Motion was adequate under the circumstances and that the below Sale Procedures meet all statutory requirements for sales of real property by receivers within this district or, to the extent not met, all such requirements are hereby waived. Accordingly, it is hereby

**ORDERED THAT:**

The Motion is granted and the Court hereby approves the below sale procedures (the "**Sale Procedures**") with respect to the Broker Properties being marketed by Pearson Realty ("**Broker**"):

**Sale Procedures**

**1.    Marketing:**

a.    **Listing Services**. The Broker will publish the listing of the Broker Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Broker Properties.

b.    **Publication/Timing of Sale**. For each Auction or Sale Hearing (each as defined below), the Broker will list the sale in the Fresno Bee or other local newspaper for no less than four weeks prior to the date of the Auction or Sale Hearing (the "**Publication Period**") in compliance with 28 U.S.C. § 2002. Any Auction of or Sale Hearing (each as defined below) regarding a Broker Property shall not occur before the conclusion of the applicable Publication Period. The publication of the sale shall include a short description of the Broker Property(ies) and contact information for the Broker (phone number and/or website link) and state that the sale is subject to Court approval. For each proposed sale of an individual Broker Property or a package of multiple Broker Properties, the Receiver shall meet and confer with those parties holding a lien against such Broker Property(ies)

concerning the appropriate length of the marketing period associated with the proposed sale, and a proposed schedule for the issuance of the Sale Notice, the setting of the deadline for submitting Qualified Bids, and the proposed date of the Auction or Sale Hearing (each as defined below). The Court shall hold a hearing to determine the appropriate marketing period and schedule with respect to a proposed sale if the parties are unable to reach a resolution thereon. ~~The date of the Auction or Sale Hearing may be undetermined at the time of publication.~~

        c.    **Overbidding.** If the Broker receives a bid, the Broker will continue to market the subject property for higher and better bids until the deadline to submit bids for Auction, as set forth in the Sale Notice (defined below), has passed.

    **2.**    **Auction and Sale Hearing.** If more than one bidder becomes qualified to bid for the purchase of a Broker Property, an auction will be held by the Receiver or his designee in open Court at the hearing date as set forth in the applicable Sale Notice (as defined below) ~~to be determined by the Receiver and noticed~~, which shall not be before the conclusion of the applicable Publication Period (the "**Auction**" and "**Sale Hearing**"). At the conclusion of the Auction, the Receiver will seek confirmation of the sale to the successful bidder and entry of an order authorizing the sale free and clear of certain ~~all~~ liens, claims, encumbrances and other interests (each, an "Interest" and collectively, the "**Interests**"), unless otherwise set forth in the applicable Purchase and Sale Agreement. If only one bidder timely submits a qualified bid, then the Receiver will request entry of an order at the Sale Hearing without holding an Auction.

    **3.**    **Qualification to Bid.** To submit a qualified bid, a prospective purchaser must submit its bid in writing by a date noticed by the Receiver in the applicable Sale Notice and such bid must clearly include the following terms or information (a "**Qualified Bid**" and a "**Qualified Bidder**"):

        a.    **Deposit.** A deposit of 10% of the purchase price which must be delivered to the Receiver with the Qualified Bid (the "**Deposit**"). The Receiver will hold the Deposit in trust or escrow pending approval of the Court. The Deposit shall be nonrefundable unless:

        i.    Another bidder is the successful bidder at Auction and the Qualified Bidder does not wish to be deemed a backup bidder; or

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

EXHIBIT 1 TO RENEWED OPP'N
Page 15

4921-4647-3518.2      -3-

ii. The Court does not approve the sale through no fault of the Qualified Bidder.

b. **Contingencies**. As of the date of the Auction or Sale Hearing, there will be no outstanding contingencies other than Court approval.

c. **Subject to Overbid at Auction and Court Approval**. The sale is subject to overbidding at Auction, if applicable, and Court approval.

d. **No Liability of Receiver**. The Receiver shall have no liability under any circumstances, and the Qualified Bidder's only recourse in the event of alleged breach by Receiver is return of its Deposit.

e. **Good Faith**. The Qualified Bidder must submit with its Qualified Bid a declaration signed under penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and will not, collude with any other potential purchasers or anyone else with respect to the sale.

f. **Ability to Close**. A Qualified Bid must be accompanied by evidence of the bidder's financial ability to close unconditionally in form and substance satisfactory to the Receiver in his discretion in consultation with Plaintiff.

g. **Purchase and Sale Agreement**. The Qualified Bid shall include a signed Purchase and Sale Agreement in form and content satisfactory to the Receiver in his discretion, in consultation with Plaintiff, indicating a readiness to immediately enter escrow. The Broker will provide a form of Purchase and Sale Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any revisions to such form.

h. **Deadline to Submit Qualified Bid**. The deadline in each Sale Notice to submit a Qualified Bid shall be set for a date after the expiration of the applicable Publication Period.

4. **Stalking Horse Terms**. The Receiver may, in in his discretion and in consultation with Plaintiff, offer incentives to initial bidders who submit Qualified Bids as defined above to serve as a "**Stalking Horse Bidder**," meaning that such bidder will submit an initial

offer subject to overbid at Auction. Such Stalking Horse bids may include the following term in addition to other terms determined by the Receiver in the Receiver's discretion, in consultation with Plaintiff:

    a. **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the initial bid amount to a Stalking Horse Bidder that will be paid if, and only if, an overbidder other than the Stalking Horse Bidder is the successful purchaser of the Broker Property after Auction, Court approval, and closing of such sale.

5. **Dates and Deadlines.** The Receiver may, after notice is provided to the Noticed Parties (as defined below) and such parties are given an opportunity to be heard by the Court, schedule, reschedule, continue, adjourn, extend or modify any dates and deadlines or other terms relating to any provisions of these Sale Procedures in the Receiver's discretion, in consultation with Plaintiff, including the Auction or Sale Hearing, with all terms ultimately being subject to Court approval.

6. **Notice of Sale Hearing and Auction.** Any~~The~~ Auction or Sale Hearing will be held after the conclusion of the Publication Period. The Receiver will give not less than ~~14~~35 days' written notice of any Auction or Sale Hearing (the "**Sale Notice**") to the parties entitled to notice in this case, any Stalking Horse Bidder, all known potential bidders, and all known holders of an Interest in the applicable Broker Property(ies) (collectively, the "**Noticed Parties**") ~~to parties who have submitted a Qualified Bid~~. The Sale Notice shall be filed with Court at the time it is provided to the Noticed Parties, and will include the initial overbid amount and initial minimum bidding increments and any other details the Receiver deems appropriate including the Plaintiff's estimated secured loan payoff amount and the payoff amount of any junior lienholders. The initial overbid amount must be enough to pay the breakup fee, if any, plus an ~~meaningful~~ increase in value, taking account of any applicable commissions~~, in the Receiver's discretion in consultation with Plaintiff~~. Noticed Parties~~Creditors~~ may file objections to a proposed sale not less than 21~~7~~ days before the Sale Hearing. The Receiver may file any reply ~~2~~14 days before the Sale Hearing.

7. **Sale Free and Clear** ~~of Plaintiff's Lien~~. The Receiver intends, through each Sale Notice and Auction or Sale Hearing, to~~s~~ seek ~~ing~~ Court approval to sell the applicable Broker Property(ies) free and clear of all Interests, with such Interests to attach to the sale proceeds to the same extent and with the same priority as existed immediately prior to the sale. Each ~~The~~ Sale Notice ~~filed with the Court in advance of the hearing~~ will set forth estimated sale proceeds, ~~and~~ the proposed distribution of net proceeds to occur upon closing of the proposed sale, and the proposed treatment of each Interest that would not be paid in full from such net proceeds.

~~8.   **Amendments or Modifications**. The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion, in consultation with Plaintiff, as necessary or appropriate to run this sales process, with all terms ultimately being subject to Court approval at the conclusion of the Sale Hearing.~~

~~9.~~ 8.   **Credit Bidding.** Plaintiff has the option to credit bid the full amount of its secured claims without any premium to be paid therefor. Junior lienholders may credit bid the full amount of their secured claims; however, such credit bid will only be considered a Qualified Bid if accompanied by amounts sufficient to satisfy all senior liens in full at sale closing.

~~10.~~ 9.   **Sale Order.** Promptly upon the conclusion of the Sale Hearing contemplated herein, the Receiver will submit a proposed sale order confirming the sale to the successful bidder ~~free and clear of all Interests~~, designating any backup bidders, making such other appropriate findings and rulings as may be requested by the Receiver at or before the hearing, including findings regarding the good faith of any Qualified Bidder, and providing that the sale shall close by such date determined by the Receiver (the "**Sale Order**"). If the Receiver complies with these Sale Procedures, which are consistent with 28 U.S.C. § 2001, no further motion must be filed before entry of the Sale Order.

~~11.~~ 10.   **Compliance with Receivership Order.** Nothing in this Order is intended to, nor shall, override any notice, veto, consultation or consent rights held by Plaintiff pursuant to the Receivership Order.

**IT IS SO ORDERED.**

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

EXHIBIT 1 TO RENEWED OPP'N
Page 18

4921-4647-3518.2                        -6-