Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>               Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**NOTICE OF MOTION AND AGREED MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN RECEIVERSHIP PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND SETTLEMENT OF CLAIMS IN CONNECTION THEREWITH**<br><br>Hearing Date:   September 8, 2025<br>Hearing Time:  1:30p.m. PT<br><br>Objections Due: September 2, 2025, at 5:00 p.m. PT<br><br>Location:     Robert E. Coyle U.S. Courthouse<br>              Courtroom 6, 7th Floor<br>              2500 Tulare Street<br>              Fresno, CA 93721<br><br>Judge:       Hon. Kirk E. Sherriff<br><br>Action Filed:  November 27, 2024 |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** on **September 8, 2025, at 1:30 p.m. Prevailing Pacific Time** or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will and hereby does move the Court for entry of an order (i) authorizing and approving the Receiver's private sale of certain Property (as defined in the Motion) to RWE Clean Energy Land, LLC on behalf of itself and/or any of its applicable affiliates or related entities ("**Buyer**") free and clear of all liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land (collectively, the "**Interests**"), to the fullest extent permitted by law, with such Interests attaching to the proceeds of the sale with the same force and in the same priority as existed immediately prior to the sale closing; (ii) approving the settlement of certain claims among the Receiver and Northern Orchard Solar PV, LLC ("**NOC**"), an affiliate of Buyer, related to a parcel of real property, as more particularly described in the Motion as "Tract 17-C," conveyed to NOC by Defendant Maricopa Orchards, LLC just prior to the receivership; and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE THAT** the Motion is based on the *Memorandum of Points and Authorities* below and is supported by the *Declaration of Lance Miller* (the "**Miller Declaration**") a copy of which is attached hereto as **Exhibit A**, the *Stipulation and Agreed Order to Waive Provisions of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property* signed by the parties listed below and filed concurrently herewith, other files and records in this action, and any other evidence or argument the Court may consider.

**PLEASE TAKE FURTHER NOTICE THAT** this Motion is made following the conference of counsel pursuant to the Local Rules which took place on or about August 20, 2025, with:

- Steve Gruendel and William Curtis of Moore & Van Allen PLLC on behalf of Federal Agricultural Mortgage Corporation ("**FAMC**"), Plaintiff and the first lien holder on the Property;

1     •   Riley Walter and Ian Quinn of Wagner Jones Helsey PC on behalf of the Farming

2         Defendants, including Maricopa Orchards, LLC and C & A Farms LLC which are the

3         record owners of the Property subject to the Motion (the "**Owner/Defendants**");

4     •   Bernie Kornberg of Miller Nash LLP on behalf of Rooster Capital IV, LLC

5         ("**Rooster**"), the second-lien holder on the Property; and

6     •   Richard Pachulski and Ira Kharasch of Pachulski Stang Ziehl & Jones LLP on behalf

7         of American Equity Investment Life Insurance Company ("**AEIL**"), the third-lien

8         holder on the Property.

9   **Each of the above parties supports the Motion and does not request a hearing on the Motion.**

10

11   Dated: August 25, 2025

                                Respectfully submitted,

12                                   **KATTEN MUCHIN ROSENMAN LLP**

13                                   By:     */s/ Terence G. Banich*

14                                           Terence G. Banich

15                                   *Attorneys for the Receiver*

                                  Lance Miller

16

17

18

19

20

21

22

23

24

25

26

27

28

303420296v8

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

Lance Miller (the "**Receiver**"), solely in his capacity as Court-appointed receiver in the above-captioned case (the "**Case**"), hereby requests that the Court enter an order: (i) authorizing and approving the Receiver's private sale of certain Property (defined below) to RWE Clean Energy Land, LLC on behalf of itself and/or any of its applicable affiliates or related entities ("**Buyer**") free and clear of all liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land (collectively, the "**Interests**"), to the fullest extent permitted by law, with such Interests attaching to the proceeds of the sale with the same force and in the same priority as existed immediately prior to the sale closing; (ii) approving the settlement of certain claims the Receiver may hold against Northern Orchard Solar PV, LLC ("**NOC**"), an affiliate of Buyer, related to a parcel of real property located in Kern County, California (being a portion of former APN 239-150-11-00-6 and containing approximately 218.40 acres) conveyed to NOC by Maricopa Orchards, LLC just prior to entry of the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") in this Case, pursuant to that certain Grant Deed recorded as Document No. 225000718, Kern County, California Official Records (and being more particularly described therein) ("**Tract 17-C**"); and (iii) granting related relief, including authorizing the distribution of sale proceeds at closing. The relief requested herein is supported by the Receiver, the Defendant record owners of the Property, and the first, second, and third lienholders on the Property. The Receiver believes, in the exercise of his business judgment, that these facts, and the facts, authorities, and arguments presented herein, justify the private sale of the Property to Buyer, along with the release of potential claims, if any, the Receiver may hold against NOC associated with the pre-receivership transfer of Tract 17-C to NOC.

I.    **FACTUAL AND PROCEDURAL HISTORY**[2]

A.  **Option to Purchase for Tract 17-C**

Defendant Maricopa Orchards, LLC ("**Maricopa**") and NOC were parties to that certain License and Option to Purchase dated July 22, 2016, as evidenced by that certain Memorandum of Option dated July 22, 2016, recorded as Document No. 000216119291, Kern County, California Official Records, which was subsequently amended on July 22, 2016, November 20, 2018, December 19, 2018, January 16, 2019, February 19, 2019, March 21, 2019, and April 22, 2019, each evidenced by a Memorandum recorded in the Kern County, California Official Records (collectively, the "**Original Option**"), which included Tract 17-C. The Original Option was amended and restated pursuant to that certain First Amended and Restated License and Option to Purchase (Northern Orchard – Solar Land and Mitigation Land) by and between Owner/Defendants and NOC effective May 20, 2019, as evidenced by a Memorandum of First Amended and Restated License and Option to Purchase dated May 20, 2019, recorded as Document No. 219163369, Kern County, California Official Records, which was subsequently amended on May 28, 2020, May 31, 2021, and February 28, 2022, with the first and last amendment being evidenced by a Memorandum recorded in the Kern County, California Official Records (the "**A&R Option**").

Pursuant to the A&R Option, Owner/Defendants and NOC executed that certain Purchase and Sale Agreement and Escrow Instructions, dated as of July 5, 2022, which included Tract 17-C, as amended by that certain First Amendment to Purchase and Sale Agreement and Escrow Instructions, dated as of July 27, 2022, that certain Second Amendment to Purchase and Sale Agreement and Escrow Instructions, dated as of August 19, 2022, that certain Third Amendment to Purchase and Sale Agreement and Escrow Instructions, dated as of September 26, 2022, that certain Fourth Amendment to Purchase and Sale Agreement and Escrow Instructions, dated October 27, 2022 and that certain Fifth Amendment to Purchase and Sale Agreement and Escrow Instructions, dated September 27, 2023, and that certain Sixth Amendment to Purchase and Sale Agreement and Escrow Instructions (collectively, the "**A&R Option PSA**").

---

[2] The factual background in Sections I.A and I.B, which covers periods prior to this Case, was compiled with the assistance of Buyer and is accurate to the best of the Receiver's knowledge.

303420296v8

Pursuant to the A&R Option PSA and according to Buyer, NOC closed on certain tracts subject to the A&R Option PSA with only Tract 17-C remaining subject to the A&R Option PSA. Per Buyer, the closing on Tract 17-C was delayed due to the requirement of a realignment plat and Owner/Defendants' subsequent financial issues. To accommodate Owner/Defendants' request (and, according to NOC, prior to NOC knowing of their financial issues or the existence of the liens held by FAMC, Rooster and AEIL), in October of 2023, NOC purports to have paid $647,949.16 of the purchase price due under the A&R Option PSA for Tract 17-C. The closing on Tract 17-C occurred on January 3, 2025, prior to entry of the Receivership Order, and NOC paid the remaining balance of the purchase price (being $71,994.35) at closing. In addition, prior to closing, NOC alleges that it contacted FAMC, Rooster, and AEIL to advise all parties of the circumstances. According to Buyer, Owner/Defendants were aware at all times that Tract 17-C, along with other tracts subject to the A&R Option PSA, were necessary for the construction and operation of NOC's commercial solar and battery storage project. Upon information and belief, NOC expended significant funds on the construction and operation of its solar and battery storage project[3] in reliance on Owner/Defendants' obligation to sell Tract 17-C to NOC.

**B. Option to Purchase for Property**

Owner/Defendants and Northern Orchard PV 2, LLC, a Delaware limited liability company ("**NOC 2**"), were the parties to (i) that certain License and Option to Purchase (Northern Orchards 2) dated November 20, 2015 and Memorandum of Option recorded on February 22, 2016 in the Kern County, California Official Records as Document Number 0216020990, as amended March 30, 2016, May 23, 2016, June 30, 2016, January 9, 2017, November 17, 2017, December 15, 2017, November 20, 2018, December 14, 2018, January 16, 2019, February 19, 2019, March 21, 2019, and April 22, 2019 (collectively, the "**Original Solar Option Agreement**") and (ii) that certain License and Option to Purchase (Northern Orchards 2) dated July 22, 2016 and Memorandum of Option recorded on August 31, 2016 in the Official Records of Kern County, California as Document Number 000216119305, as amended October 26, 2016, October 10, 2017, and July 19,

---

[3] The solar project is now operating and is commonly known as the Northern Orchard Solar project.

2018 (the "**Original Mitigation Option Agreement**"; and together with the Original Solar Option Agreement, the "**Original Option Agreements**"), each of which included the Property, or a portion thereof.

Owner/Defendants and Kyan Solar, LLC f/k/a Northern Orchard PV 3, LLC, a Delaware limited liability company (an affiliate of NOC and Buyer and successor to NOC 2) ("**Kyan**"), amended, divided, and combined the Original Option Agreements into a single agreement pursuant to that certain Amended, Restated and Divided License and Option to Purchase (Northern Orchard 3 – Solar Land and Mitigation Land)[4] effective May 20, 2019, as evidenced by a Memorandum of Amended, Restated and Divided License and Option to Purchase dated May 20, 2019, which was recorded in the Official Records of Kern County, California as Document Number 219163367, as amended by that certain unrecorded Amendment No. 1 to Amended, Restated and Divided License and Option to Purchase (Northern Orchard 3 - Solar Land and Mitigation Land)[5] dated May 28, 2020 and that certain unrecorded Amendment No. 2 to First Amended and Restated License and Option to Purchase (Norther Orchard 3 – Solar Land and Mitigation Land) dated February 28, 2022 (the "Second Amendment") and Memorandum of Amendment No. 2 to First Amended and Restated License and Option to Purchase recorded on May 3, 2022 in the Official Records of Kern County, California as Document Number 222069361, and that certain unrecorded Amendment No. 3 to Amended, Restated and Divided License and Option to Purchase, effective September 21, 2023 (the "**Amendment No. 3**") as evidenced by a Memorandum of Amendment No. 3. to Amended, Restated and Divided License and Option to Purchase, recorded on December 16, 2024, in the Official Records of Kern County, California as Document Number 224156016 (collectively, the "**Property Option**"), which covered the Property. Kyan plans to install a commercial solar project on certain portions of the Property (the "**Kyan Solar Project**").

---

[4] Document title as provided in paragraph 3 of Document Number 224156016, recorded on December 16, 2024, in the Official Records of Kern County, California.

[5] Document title as provided in paragraph 3 of Document Number 224156016, recorded on December 16, 2024, in the Official Records of Kern County, California.

According to Buyer, Kyan paid significant consideration to Owner/Defendants for the Property Option, including a payment of $400,000.00 as consideration for Amendment No. 3. Upon information and belief, Kyan also conducted due diligence of the Property, executed an interconnection agreement with California Independent System Operator, Inc. for the Kyan Solar Project, procured expensive equipment for the Kyan Solar Project, and has incurred significant attorney's fees attempting to resolve the legal issues surrounding the Property Option and the Case.

### C.  The Receivership Case

On November 27, 2024, Plaintiff Federal Agricultural Mortgage Corporation ("**FAMC**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause, and Injunctive Relief* [Dkt. No. 1] initiating the Case and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") appointing the Receiver as receiver over the Receivership Property (as defined in the Receivership Order).[6] The scope of the Receiver's duties under the Receivership Order includes "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary course of business subject to the Court's approval." Receivership Order ¶ 15. The Receiver is also directed to "investigate, identify, pursue, and resolve any and all claims or causes of action that constitute Receivership Property." *Id.* ¶ 4(m).

---

[6] The Receivership Order referenced Tract-17 as part of the Receivership Property (described as APN 239-150-11in the Receivership Order), however, the sale of Tract 17-C to NOC closed prior to entry of the Receivership Order, and this Motion requests that Tract-17 be stricken from the description of Receivership Property in the Receivership Order.

## II.    Proposed Sale of the Property

### A.    The Property

Soon after his appointment, the Receiver, FAMC, and Buyer began discussions regarding the Receiver's potential sale of the Property to Buyer and related matters. Those discussions were later extended to include Rooster Capital IV, LLC ("**Rooster**"), the second lienholder on the Property, American Equity Investment Life Insurance Company ("**AEIL**"), the third lienholder on the Property, and the Defendant record owners of the Property (the "**Owner/Defendants**"). Miller Decl. ¶ 4. After exchanging multiple offers and counter offers, on or about May 16, 2025, the Receiver received an initial form of offer from Buyer to purchase approximately 1,464 total acres of real property comprised of the following parcels, which offer also included proposed sale terms concerning properties that are not part of this receivership estate, and which offer later was bifurcated into a proposal for purchase of the Property for a purchase price of **$9,854,532.00** (the "**Purchase Price**"**),** subject to the other terms of the offer or as set forth in any applicable Purchase Sale Agreement(s) following the offer:

| OWNER OF RECORD | KERN COUNTY APN | LEGAL | ACRES |
|---|---|---|---|
| Maricopa Orchards, LLC | 295-040-30 | T32S-R26E, SEC 19: ALL | 323.15 |
| Maricopa Orchards, LLC | 295-040-31 | T32S-R26E, SEC 19: ALL | 329.07 |
| C&A Farms, LLC | 220-130-02 | T32S-R25E, SEC 26: N2N2 | 152.79 |
| Maricopa Orchards, LLC | 239-150-11[7] | Parcel 2 of Parcel Map No. 12451 | 429.50 |
| C&A Farms, LLC | 220-110-10 | T32S-R25E, SEC 22: S2NE4 | 80.40 |
| C&A Farms, LLC | 220-110-87 | Parcel B of Parcel Map 12196 | 149.26 |

(collectively, the "**Property**"). *Id.* Buyer also seeks to purchase APN 220-130-49, which is not Receivership Property, from Maricopa Orchards, LLC. *Id.*

---

[7] A Grant Deed regarding APN 239-150-11 previously was recorded in favor RWE Clean Energy Land, LLC's affiliate Northern Orchard Solar PV, LLC ("**Northern Orchard**") further to Northern Orchard's pre-receivership purchase of APN  239-150-11 under an earlier recorded Memorandum of Option (as amended), but APN 239-150-11 nevertheless was included in the list of "Receivership Property" incorporated into the Receivership Order.

After extensive negotiations the parties reached agreement regarding the terms of the proposed sale and entered into a Purchase and Sale Agreement (the "**PSA**"), a copy of which is attached hereto as **<u>Exhibit B</u>**. *Id.* ¶ 5. Among the conditions precedent to the proposed transaction are that (i) the Receiver, on behalf of the receivership estate, release any claims he may hold against NOC in relation to Maricopa Orchards, LLC's pre-receivership transfer of Tract 17-C to NOC; and (ii) the Court approve a private sale of the Property to Buyer outside the confines of 28 U.S.C. §§ 2001 and 2002 and the *Order Granting Motion of Receiver Lance Miller for an Order Establishing Marketing Bid, and Auction Procedures for Broker-Marketed Properties* [Dkt. No. 83] (the "**Marketing Procedures Order**").[8] *Id.*

Pursuant to Buyer's offer as later modified, and pursuant to the PSA, the deadline to close the proposed sale is not later than on or about October 10, 2025. Buyer has stated that it requires this date to meet its stated necessary timeframe and construction schedule, including obtaining building permits related thereto, for an affiliate of Buyer to install the Kyan Solar Project on a portion of the Property. *Id.* ¶ 6 The Purchase Price, which the Receiver and affected lienholders believe is favorable to the receivership estate, is indicative of Buyer's necessity to close by such date. *Id.*

Especially because the Property is subject to the Property Option in favor of Buyer's affiliate (Kyan), and since the Property is encumbered by substantial liens, the Receiver, the Owner/Defendants, and the lienholders on the Property all believe Buyer's offer and the Purchase Price are favorable to all such affected parties in this Case, and the Receiver is not confident that he would receive a higher or better offer if Buyer's current offer is withdrawn and the Property marketed by a real estate broker. *Id.* ¶ 7.

Moreover, based on preliminary title reports, the Receiver believes that the sale proceeds will be sufficient to pay in full, at closing, all taxes, assessments, and customary closing costs, as well as any liens held by parties other than FAMC, Rooster, and AEIL. The net proceeds of the sale

---

[8] As reflected in the *Stipulation and Agreed Order to Waive Provisions of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property* filed concurrently herewith, the Parties each consent to an expedited private sale of the Property to Buyer outside the provisions of 28 U.S.C. §§ 2001 and 2002 and the Marketing Procedures Order.

1  are proposed to be distributed to FAMC at closing. *Rooster and AEIL, the junior lienholders on the*

2  *Property, each consent to the sale and proposed distribution of proceeds. Id.* ¶ 8.

3      Since the Receiver has determined that the terms of the proposed sale and release, as set forth

4  herein and in the PSA, are fair and reasonable, subjecting the Property to a public auction and

5  jeopardizing the current offer would not be in the best interests of the receivership estate, particularly

6  considering that a sale of the Property to a different entity would either be subject to the option in

7  favor of Buyer's affiliate (Kyan) or, alternatively, give rise to litigation costs associated with any

8  attempt by the Receiver to reject such option, likely negatively affecting value. Miller Decl. ¶ 9.

9  Further, under these circumstances, the cost of obtaining three separate appraisals for the Property

10  would be burdensome and subject the estate to unnecessary costs and delay, also jeopardizing the

11  sale. *Id.* Accordingly, with the consent of the Parties, the Receiver respectfully requests that the

12  Court authorize and approve the private sale of the Property in accordance with the PSA and with a

13  determination that the purchase price for the Property constitutes reasonably equivalent and fair

14  consideration under the Uniform Fraudulent Transfer Act, the California Uniform Voidable

15  Transactions Act, and any similar laws, and approve the Receiver's settlement of claims related to

16  the pre-receivership transfer of Tract 17-C to NOC.

17                                    **LEGAL STANDARD**

18  **I.    This Court Has Broad Discretion to Grant the Motion**

19        **A.    The Proposed Sale is Fair, Reasonable, and in the Best Interests of the**

20               **Receivership Estate**

21      District courts have "extremely broad" power and "wide discretion" in overseeing the

22  administration of a receivership. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). "The power

23  of a district court to impose a receivership or grant other forms of ancillary relief . . . derives from

24  the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363,

25  1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and

26  efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803

27  F.2d at 1038. As the appointment of a receiver is authorized by the broad equitable powers of the

28

1  Court, any distribution of assets must also be done equitably and fairly. *See SEC v. Elliot*, 953 F.2d

2  1560, 1569 (11th Cir. 1992).

3       District courts have the broad power of a court of equity to determine the appropriate action

4  in the administration and supervision of a receivership. *See SEC v. Capital Consultants, LLC*, 397

5  F.3d 733, 738 (9th Cir. 2005). The Ninth Circuit has explained that:

6            A district court's power to supervise an equity receivership and to

7            determine the appropriate action to be taken in the administration of the

8            receivership is extremely broad. The district court has broad powers and

9            wide discretion to determine the appropriate relief in an equity

10           receivership. The basis for this broad deference to the district court's

11           supervisory role in equity receiverships arises out of the fact that most

12           receiverships involve multiple parties and complex transactions. A

13           district court's decision concerning the supervision of an equitable

14           receivership is reviewed for abuse of discretion.

15  *Id.* (citations omitted); *see also CFTC. v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999)

16  ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold

17  reasonable procedures instituted by the district court that serve the purpose' of orderly and efficient

18  administration of the receivership for the benefit of creditors.").

19       Moreover, when specifically analyzing a proposed sale of property by a receiver, courts

20  apply the highly deferential "business judgment" standard. *See, e.g., Golden Pacific Bancorp v. Fed.*

21  *Deposit Ins. Corp.*, No. 95 Civ. 9281(NRB), 2002 WL 31875395, at *9 (S.D.N.Y. Dec. 26, 2002)

22  *aff'd b*y 375 F.3d 196 (2d Cir. 2004). This standard is identical to the test courts use to analyze

23  whether other fiduciaries, such as bankruptcy trustees, acted in accordance with their fiduciary

24  duties. *See, e.g., In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (challenges to a

25  bankruptcy trustee's discretion when selling estate property are judged under the highly deferential

26  business judgment test).

27

28

1    For the reasons described herein, ample cause exists to grant the Motion. The Receiver, with

2    the consent of FAMC, the Owner/Defendants, and the second and third lienholders, has determined,

3    in the exercise of his sound business judgment, that a sale of the Property pursuant to the PSA

4    represents a market-based price and that the overall transaction is fair, reasonable, and in the best

5    interests of the receivership estate. Miller Decl. ¶ 10. Moreover, marketing the Property not only

6    risks the current sale, but is unlikely to result in a sales price meaningfully higher (if at all) than that

7    approved by the Parties. *Id.* Finally, a sale to a party other than Buyer will likely be subject to

8    Buyer's affiliate's Purchase Option on the Property or, alternatively, result in the costs, risks, and

9    delays associated with the Receiver seeking to reject the Purchase Option, if grounds even exist to

10    do so. *Id.* Accordingly, the Receiver requests that the Court approve the sale of the Property on the

11    terms set forth in the PSA, and in the proposed Order submitted herewith.

12    **B.    The Parties Have Agreed to Waive of the Provisions of 28 U.S.C. §§ 2001-2002**

13    "The [receivership] statute on its face vests the court with discretion in directing the terms

14    and conditions of the public sale." *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2012 U.S.

15    Dist. LEXIS 157828, *4 (M.D. La. Nov. 2, 2012); *see also United States v. Little*, 2008 U.S. Dist.

16    LEXIS 93467, *4-5 (E.D. Cal. June 30, 2008) (finding that the "Court has broad discretion in setting

17    the terms and conditions of a sale under 28 U.S.C. § 2001."); *United States v. Heasley*, 283 F.2d

18    422, 426 (8th Cir. 1960) (finding that in the context of 28 U.S.C. § 2001(b), "the matter of

19    confirming a judicial sale rests in the sound judicial discretion of the trial court . . ."); *United States

20    v. Peters*, 777 F.2d 1294, 1298 n.6 (7th Cir. 1985) (noting that, as argued above, 28 U.S.C. § 2001(a)

21    authorizes a court to direct the terms and conditions of the sale). And, while the court cannot

22    unilaterally waive the requirements of sections 2001 and 2002, the requirements can be waived by

23    agreement of the parties. *See SEC v. Yin Nan Wang*, 2015 WL 12656907, at *3 (C.D. Cal. Aug. 25,

24    2015) (quoting *Huntington Nat. Bank v. Najero, Inc.*, 2014 WL 5473054, at *1 (E.D. Mich. Oct. 27,

25    2014)). Here, all parties with an interest in the Property will either be paid at closing or have

26    consented to waiver of the statutory provisions, giving this Court sufficient grounds to waive the

27    provisions of 28 U.S.C. §§ 2001 and 2002 and approve the private sale of the Property to Buyer.

28

1    *See id.*; *see also Stipulation and Agreed Order to Waive Provisions of 28 U.S.C. §§ 2001 and 2002*

2    *in Connection with Receiver's Proposed Sale of Certain Real Property* (filed concurrently

3    herewith).

4    **C.    The Court Should Approve the Release of Claims Associated with Tract 17-C**

5    The Ninth Circuit has identified two principles governing district court administration of a

6    receivership. The first is that "a district court's power to supervise an equity receivership and to

7    determine the appropriate action to be taken in the administration of the receivership is extremely

8    broad." *Hardy*, 803 F.2d at 1037 (9th Cir. 1986). Second, district court procedures are entitled to

9    deference because the "purpose of equity receiverships is to promote orderly and efficient

10    administration of the estate by the district court for the benefit of creditors." *Id*. at 1038.

11    In considering whether to approve a settlement, the Court must evaluate whether the

12    compromise is "fair and equitable," taking into consideration the probability of success in litigation,

13    any difficulties that may be encountered in collection, the complexity of the litigation, the expense,

14    inconvenience, and delay necessarily attending, and the interest of the receivership entities' creditors

15    and their reasonable views. *See In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988) (listing

16    considerations for evaluating settlement in bankruptcy context); *see also SEC v. Cap. Consultants,*

17    *LLC*, 397 F.3d at 745 (analogizing bankruptcy law to the administration of receivership estates as

18    persuasive authority).

19    "The analysis under these factors is holistic; the Court must canvass the issues and see

20    whether the settlement falls below the lowest point in the range of reasonableness…[I]t is not

21    necessary to satisfy each of these factors provided that the factors as a whole favor approving the

22    settlement." *SEC v. Total Wealth Mgmt., Inc*., 2019 WL 13179068, at *3 (S.D. Cal. Sept. 18, 2019)

23    (internal citations and quotations omitted); *accord In re Open Med. Inst., Inc*., 639 B.R. 169, 185

24    (B.A.P. 9th Cir. 2022) ("a settlement can satisfy the A&C Properties test even if the evidence

25    supporting one or more of the four factors is relatively weak."). The "range of reasonableness" is "a

26    range that recognizes the uncertainties of law and fact in any particular case and the concomitant

27    risks and costs necessarily inherent in taking any litigation to completion." *SEC v. Ruderman*, 2013

28

WL 153266, at *2 (C.D. Cal. Jan. 15, 2013) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972) (cleaned up)).

Ultimately, "courts generally should give deference to a [receiver's] business judgment in deciding whether to settle a matter for the benefit of the estate." *In re Roger*, 393 F.Supp.3d 940, 960 (C.D. Cal. 2019) (cleaned up); *see also In re Lahijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005). "Approving a proposed compromise is an exercise of discretion that should not be overturned except in cases of abuse leading to a result that is neither in the best interests of the estate nor fair and equitable for the creditors." *In re MGS Mktg.*, 111 B.R. 264, 266-67 (B.A.P. 9th Cir. 1990).

The Receiver respectfully submits that the proposed settlement (the release of any claims that may be associated with transfer of Tract 17-C to NOC) represents a fair and reasonable compromise that is in the best interests of the receivership estate. Miller Decl. ¶ 11. The settlement will allow the receivership estate to avoid costly and uncertain litigation, sell the Property with the consent of the Parties, and provide a meaningful recovery to FAMC. *Id.*

### 1. Probability of Success

Although the Receiver believes he potentially may hold disgorgement claims against NOC related to the pre-receivership transfer of Tract 17-C, NOC and Buyer believe that NOC has valid defenses to any such claims and that NOC would have potential cross-claims for recovery of the substantial amounts it paid for the purchase of Tract 17-C and for the value of the substantial improvements it has made to Tract 17-C. Miller Decl. ¶ 12. Moreover, NOC and Buyer have stated an unwillingness to settle outside the parameters set forth in the PSA, which includes a release of any and all claims against NOC (and all related entities and persons) regarding Tract 17-C. *Id.* Moreover, pursuing such litigation will be expensive and, even if the Receiver is successful, it is uncertain that he would be able to sell Tract 17-C *and* the Property for an amount in excess of the Purchase Price, especially considering that the Property is subject to the Property Option in favor of Buyer's affiliate (Kyan), and further when taking the costs of litigation and appeal into account. It is also likely that NOC would intensely litigate any lawsuit and appeals, in part because of the substantial investment NOC has apparently already made in Tract 17-C. *Id.* Under these facts, the

Receiver believes, in the exercise of his business judgment, that the proposed settlement easily falls within a range of reasonableness and that this factor weighs in favor of approving the settlement. *Id.*

### 2. Collection Difficulties

"Assessing the difficulties in collection is largely a bird-in-the-hand consideration that weighs the certainty of settlement against the potential uncertainty of collection even where a receiver secures a favorable judgment." *Total Wealth Mgmt.*, 2019 WL 13179068, at *3 (internal quotations omitted). Although Tract 17-C potentially could be conveyed to the receivership estate *if* any disgorgement action by the Receiver and any appeals were successful for him, that collection effort likely will be outweighed by the losses the receivership estate will suffer as a result of Buyer's affiliate's remaining Property Option on the Property, and/or any financial recovery (and/or set-off) NOC may obtain in the litigation based on the value of the improvements it has made to Tract 17-C, possibly turning any potential "win" by the Receiver regarding Tract 17-C into a net collection loss for the receivership estate. Miller Decl. ¶ 13. Accordingly, the Trustee believes that this factor also weighs in favor of approving the settlement.

### 3. Complexity/Expense

It would be complex, expensive, and time-consuming for the parties to litigate the Receiver's potential disgorgement action against NOC. Miller Decl. ¶ 14. This factor is particularly important in liquidations like this where the goal is "obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation." *In re Law*, 308 F.App'x 152, 153 (9th Cir. 2009) (quoting *In re Blair*, 538 F.2d 849, 852 (9th Cir. 1976)).

Given his review of the available facts, the Receiver believes such litigation against NOC would be expensive and time-consuming, as it would likely require extensive discovery, retention of experts, and numerous witnesses. *Id.* A trial and appeal would likely take substantially more than one year to complete and cost the estate several hundred thousand dollars in fees and expenses. *Id.* This factor, therefore, weighs heavily in favor of approving the settlement. *See, e.g., In re TBH19, LLC*, No. CC-22-1026-TSG, 2022 WL 16782946, at *15 (B.A.P. 9th Cir. 2022) (reasoning that the

complexity element weighed in favor of settlement where dispute would require extensive discovery, cost the estate hundreds of thousands of dollars and take years to complete).

### 4. Creditors

As discussed above, the proposed sale and release are supported by FAMC, Owner/Defendants, Rooster, and AEIL. Moreover, the Receiver believes that the Purchase Price will be sufficient to satisfy all non-Party liens and assessments, with the only affected parties holding Interests being junior lienholders Rooster and AEIL, each of whom consent to the sale and to the distribution of net proceeds to Plaintiff at closing. Miller Decl. ¶ 15.

In sum, the Receiver believes the settlement is fair, equitable and adequate under the circumstances to realize the value of the estate's potential disgorgement action. *Id.* ¶ 16.

### <u>CONCLUSION</u>

Based on the foregoing, the Receiver requests that this Court enter an order, substantially in the form of **<u>Exhibit C</u>** attached hereto, authorizing and approving the sale of the Property to Buyer in accordance with the terms of the PSA and the disbursement of funds at closing, authorizing the Receiver to release any claims he may hold related to the pre-receivership transfer of Tract 17-C from Maricopa Orchards, LLC to NOC, and striking Tract 17-C from all references, lists, and schedules reflecting Receivership Property in the Receivership Order. The Receiver also requests such other and further relief to which he may be justly entitled.

Dated: August 25, 2025

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich

*Attorneys for the Receiver*
Lance Miller

**PROOF OF SERVICE**

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On August 25, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND AGREED MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN RECEIVERSHIP PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND SETTLEMENT OF CLAIMS IN CONNECTION THEREWITH**

as follows:

**[X]    BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

> ali.mojdehi@mgr-legal.com
> Jsmcnutt@kerncounty.com
> jon@cavalrei.com
> degan@wilkefleury.com
> storigiani@youngwooldridge.com

**[X]    BY EXPEDITED MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]    BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]    E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

303420296v8

1    I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is
2  true and correct.

3    Executed on August 25, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
4    Terence G. Banich

303420296v8

# EXHIBIT 1

RWE Property Specific Service List

**ADDRESS (Service by Express Mail)**

Kern County
Kern County Clerk
1115 Truxtun Ave # 5th
Bakersfield, CA 93301

Wheeler Ridge-Maricopa Water Storage District
12109 CA-166
Bakersfield, CA 93313
Attn: Sheridan Nicholas

Young Wooldridge LLP
10800 Stockdale Hwy, Suite 202
Bakersfield, CA 93311
Attn: Steven M. Torigiani

Metropolitan Life Insurance Company
10801 Mastin Street, Ste 930
Overland Park, KS 66210
Attn: SSU Director

Metropolitan Life Insurance Company
Agricultural Investments
205 E. River Park Circle, Ste 330
Fresno, CA 93720
Attn: Director, WRO

Bakersfield Crude Terminal LLC
Suite 1600
333 Clay Street
Houston Tx, 77002

Northern Orchard Solar PV 3, LLC
Attention: Legal Dept/Northern Orchard
701 Brazos St., Suite 1400
Austin, Texas 78701

U.S. Bank National Association, as Custodian/Trustee for Federal
Agricultural Mortgage Corporation programs
1133 Rankin Street, Suite 100
St. Paul, MN 55116

1

RWE Property Specific Service List

**<u>ADDRESS (Service by Express Mail)</u>**

Maricopa Orchards, LLC, et. al.
5260 N. Palm Ave., Ste 421, Mail Stop M
Fresno, CA 93704

U.S. Bank National Association, as Custodian/Trustee for Federal
Agricultural Mortgage Corporation programs
1133 Rankin Street, Suite 100
St. Paul, MN 55116

Rooster Capital IV LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines IA 50266

Old Republic Title Company
7451 N Remington Avenue, Suite 102
Fresno CA 93711

American Equity Investment Life Insurance Company
c/o Brookfield Wealth Solutions
Brookfield Place New York
250 Vesey Street, 15the Floor
New York, NY 10281

Allen Matkins Leck Gamble Mallory & Natsis LLP
865 South Figueroa Street, Suite 2800
Los Angeles, CA  90017
Attn: Michael R. Farrell / Matthew D. Pham

C&A Farms, et. al.
5260 N. Palm Ave., Ste 421, Mail Stop M
Fresno, CA 93704

First American Title Insurance Company
9255 Town Center Drive, Suite 200
San Diego, CA 92121

McConnell Farms, LLC
c/o Jonathan Reiter, Esq.
7058 N. West Avenue, Suite 101
Fresno CA 93711

RWE Property Specific Service List

**ADDRESS (Service by Express Mail)**

Daniel L. Egan, Esq.
Wilke Fleury LLP
621 Capitol Mall, Suite 900
Sacramento, California 95814

U.S. Bank National Association, Successor to
MUFG Union Bank, N.A.
400 City Center
Oshkosh, WI 54901

U.S. Bank National Association, as Administrative Agent
400 City Center
Oshkosh, WI 54901

U.S. Bank National Association, Successor to
MUFG Union Bank, N.A.
1850 Osborn Ave, MI-WI-FCCL
Oshkosh, WI 54902

104 Investments, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

ACAP Farms, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

ACAP Farms, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

ACAP Holdings, LLC
1306 W Herndon Ave., #101
Fresno, CA 93711

Aera Energy LLC
PO Box 11164,
Bakersfield, CA 93389

Alva Corporation
8300 N. Hayden Road, Ste. 100,
Scottsdale, AZ 85258

American Equity Investment Life Insurance Company
6000 Westown Parkway
West Des Moines, IA 50266

Ashlan & Hayes Investments, LLC
1306 W Herndon Ave., #101
Fresno, CA 93711

Assemi Brothers, LLC
1306 W, Herndon Ave.
Fresno, CA 93711

Assemi Brothers, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Assemi Group, Inc.
Attn: John A. Bezmalinovic
1396 W. Herndon Ave., Suite 101
Fresno, CA 93711

Ben Nakagama and Julie Nakagawa
946 South Hughes
Fresno, CA 93706

Betsy E. Garcia
575 E. Rumi Ave.
Fresno, CA 93723

C & A Farms LLC
1306 W, Herndon Ave.
Fresno, CA 93711

C & A Farms LLC
1306 W, Herndon Ave., #101
Fresno, CA 93711

C & A Farms LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

C & A Farms LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

C & A Farms
c/o Stan Cornwell,
P.O. Box 1947,
San Joaquin, CA 93360

C&A Farms LLC
Hostetler Ranches LLC
1396 W Herndon #101
Fresno, CA 93711

C&A Farms, LLC
Melanie J. Aldridge, Esq.,
440 West Fallbrook, #106,
Fresno, CA 93711

C. A. Henson & John Landers dba Henson & Landers,
a partnership
Rt. 3, Box 959
Bakersfield, CA 93307

California Minerals, L.P.
1111 Fannin St., Suite 1700
Houston, TX 77002

California's Golden Citrus Company, LLC
c/o Ted Price,
263 Via Oliveria,
Camirillo, CA 93012

Cantua Orchards, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Cantua Orchards, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Cardinal Pipeline, L. P.
1900 Main St. Ste 600
Irvine, CA 92614-7319

Chevron U.S.A. Inc.
4900 California Ave.,
P.O. Box 1392
Bakersfield, CA 93389

Chevron U.S.A. Inc.
P.O. Box 6
Bakersfield, CA 93303

City Clerk City of Fresno
2326 Fresno Street
Fresno, CA

City of Fresno
City Clerk
2600 Fresno Street
Fresno, CA 93721

City of Fresno
Public Works Department
Attn: Bruce Abbott
2600 Fresno Street
Fresno, CA 93721

Clifford A. Henson and Lavern Henson
R. 3 Box 959
Bakersfield, CA 93307

Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

Conterra Agricultural Capital, LLC
7755 Office Plaza Drive North, Suite 195
West Des Moines, IA 50266

Conterra Agricultural Capital, LLC
Attn: Mark A Smith
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

Copper Avenue Investments, LLC
1308 W. Herndon Ave., Suite 101
Fresno, CA 93711

Copper Avenue Investments, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Copper Avenue Investments, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Copus River Farms, LLC
Attn: Legal Department
1306 West Herndon, Suite 101
Fresno, CA 93711

County of Kern
Property Management Dept.
1415 Truxtun Ave.
Bakersfield, CA 93301

County of Kings
Board of Supervisors
1400 W. Lancey Blvd.
Hanford, CA 93230

E.ON Climate & Renewables North America
Attn: General Counsel
353 N. Clark St., 30th Floor
Chicago, IL 60654

Emily Derderian
6668 N. West Street
Fresno, CA 93711

Equilon Enterprises LLC d/b/a Shell Oil Products US
150 N. Dairy Asford
Houston, TX 77079

Federal Agricultural Mortgage Corporation
c/o Brodie Austin Surfus,
Marshall Craig Whitney
Whitney Thompson & Jeffcoach
970 W. Alluvial Ave.
Fresno, CA 93711

Federal Agricultural Mortgage Corporation
c/o William D. Curtis, Gabriel L. Mathless
Moore &VanAllen
100 North Tryon Street, Suite 4700
Charlotte, NC 28202

Federal Aviation Administration
Office of the Chief Counsel
Attn: William "Liam" McKenna
800 Independence Avenue SW
Washington, DC 20591

Federal Land Bank Association of Kingsburg
c/o Scott Anderson,
PO Box 68
Kingsburg, CA 93631

FFGT Farms, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Floyd Lester Roberts and Eva Roberts
13075 West McKinley
Kerman, CA 93630

Fresno Irrigation District
2907 South Maple Ave.
Fresno, CA 93725

Gardner Almonds, LLC
2055 Woodside Road, #195
Redwood City, CA 94061

Golden State Finance Authority
1215 K Street
Sacramento CA 95814

Gradon Farms, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Gradon Farms, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Grapeman 320 Ranch L.P.
PO Box 6157,
Beverly Hills, CA 90212

Grapeman 320 Ranch LP
9777 Wilshire Blvd.,  Ste. 918
Beverly Hills, CA 90212

Grapeman Exitus Vineyard, LP
9777 Wilshire Blvd. Suite 918
Beverly Hills, CA 98212

James L. Guy
2516 Silver Dr.
Bakersfield, CA 93306

Joan King
James Richard Hunt
33525 S. J&E Road
Auberry, CA 93602

John E. Landers
R. 3 Box 959
Bakersfield, CA  93307

Lance Miller, Receiver
c/o John E. Mitchell, Michaela C. Crocker,
Yelena E. Archiyan
Katten Muchin Rosenman LLP
2121 North Pearl St, Ste. 1100
Dallas, TX 75201-2591

Lance Miller, Receiver
c/o Terence G. Banich
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661-3963

Lincoln Grantor Farms, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Lincoln Grantor Farms, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Lisa A. Cutts
Cutts Law, PC
5088 N. Fruit Avenue, Suite 101
Fresno, CA 93711

LJL
4950 Waring Rd., #111
San Diego, CA  93711

Locans Investments, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Maricopa Orchards, LLC
1306 W, Herndon Ave.
Fresno, CA 93711

Maricopa Orchards, LLC
5260 N. Palm #421 Stop M
Fresno, CA 93704

Maricopa Orchards, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Maricopa Orchards, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Maricopa Orchards, LLC
P.O. Box 428,
Lemoore, CA 93245

Maricopa West Solar PV, LLC
c/o E.ON Climate & Renewables North America
Attn: Dave Azzam
20 California Street, Suite 500
San Francisco, CA 94111

Mark R. Baeman, Esq.
Young Woodridge LLP
1800 30th Street, 4th Floor
Bakersfield, CA  93301

Maxine Pilgrim, William L. Gammon,
Jack L. Gammon
1415 18th Street,
Great Westen Savings Building, Room 509,
Bakersfield, CA

Metropolitan Life Insurance Company Agricultural
Investments
Attn:  Director, WRO
205 E. River Park Circle, Suite 330
Fresno, CA  93720

Metropolitan Life Insurance Company
Attn: SSU Director
10801 Mastin Street, Suite 930
Overland Park, KS  66210

MUFG Union Bank, N.A.
Attn: Scott Lisle
7108 N. Fresno Street, Suite 200
Fresno, CA  93720

Nahabedian Exploration Group, LLC
c/o Martin I. Smith, Inc.
45-250 Club Drive
Indian Wells, CA  922210

Old Republic Title Company
7451 N. Remington Ave., Suite 102
Fresno, CA  93711

Pacific Gas and Electric Company
Land Department
1401 Fulton Street
Fresno, CA 93760

Pacific Gas and Electric Company
Land Department,
PO Pin 319,
Bakersfield, CA 93302

Pacific Gas and Electric Company
Land Rights Office - Fresno
650 "O" Street, Third Floor
Fresno, CA 93760

Pacific Gas and Electric Company
Land Services - Fresno
650 "O" Street, Bag 23
Fresno, CA  93760

Palo Verde Investments N.V.
5500 Ming Ave., Suite 100
Bakersfield, CA 93309

Public Works Department
City of Fresno
2600 Fresno Street
Fresno, CA 93721-3623
Attn: Bruce Abbott

Rooster Capital IV LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA  50266

Rooster Capital IV, LLC
c/o Bernard Jaron Kornberg
Miller Nash LLP
340 Golden Shores, Ste 450
Long Beach, CA 90802

San Raphael Fruits Corporation
c/o Keith Mori,
904 Silver Spur Road, Ste. 388,
Rolling Hills Estates, CA 90274

SiteCo, LLC
Attn: Office of the General Counsel
300 California Street, 7th Floor
San Francisco, CA  94104

State of California Department of Transportation
5156 North Blackstone Ave.
Fresno, CA  93710

Summit Slough Ranch, LLC
8519 24th Ave.
Lemoore, CA 93245

The Nahabedian Exploration Group, LLC
c/o Martin I. Smith, Inc.
45-250 Club Drive
Indian Wells, CA 92210

The Prudential Insurance Company of America
c/o Prudential Asset Resources
Attn: Agricultural Loan Servicing
2100 Ross Ave., Suite 2500
Dallas, TX  75201

The Prudential Insurance Company of America
c/o Prudential Asset Resources
Attn: Legal Dept.
2100 Ross Ave., Suite 2500
Dallas, TX  75201

U.S. Bank National Association, as Custodian/Trustee
for Federal Agricultural Mortgage Corporation
programs
1133 Rankin Street, Suite 100
St Paul, MN 55116

UNI-CA Enterprises, Inc.
c/o Bill Gammon,
13755 Costajo Street,
Bakersfield, CA 93313

United States of America, Department of
Transportation,
Federal Aviation Administration
Real Property & Utilities Section
P.O. Box 92007
Worldway Postal Center
Los Angeles, CA 90009

US Horticulture Farmland, LLC
c/o Westchester Group Investment Management, Inc.
Attn: Frank Lu
6715 N. Palm Ave., Suite 101
Fresno, CA  93704

Vintage Petroleum LLC
Attn: Land Manager
9600 Ming Ave.
Bakersfield, CA  93311

Wells Fargo Bank, N.A.
Attn: Vahagn Bznouni, Sr. VP
8405 N. Fresno St., Suite 200
Fresno, CA  93720

Wheeler Ridge Maricopa Water Storage District
12109 Highway 166
Bakersfield, CA 93313

Wheeler Ridge Maricopa Water Storage District
P.O. Box 9429
Bakersfield, CA 93389

Wheeler Ridge-Maricopa Water Storage District
Young, Woolridge, Paulden, Self & Williams
1600 "M" Street,
Bakersfield CA

Whitesbridge Farms, LLC
1306 W, Herndon Ave.
Fresno, CA 93711

Whitesbridge Farms, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Whitesbridge Farms, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Willow Avenue Investments, LLC
1306 E. Herndon Ave, Ste. 101,
Fresno, CA 93711

Willow Avenue Investments, LLC
5260 N. Palm Ave., Ste. 421 Mail Stop M
Fresno, CA 93704

Willow Avenue Investments, LLC
5260 N. Palm Ave., Suite 421, Mail Stop A
Fresno, CA  93704

Willow Avenue Investments, LLC
c/o Jane Kim
Keller Benvenutti Kim LLP
425 Market Street, Floor 26
San Francisco, CA 94105

Fresno County
Fresno County Clerk
2220 Tulare St
Fresno, CA 93721

Kern County
Kern County Clerk
1115 Truxtun Ave # 5th
Bakersfield, CA  93301

Kings County
Kings County Clerk
1400 W. Lacey Blvd.
Hanford, CA  93230

Laguna Irrigation District
Attn: Scott Sills
5065 19 1/2 Ave.
Riverdale, CA  93656

Laguna Irrigation District
c/o Upper San Jose Water Company
5065 19 1/2 Ave.
Riverdale, CA  93656

Laguna Irrigation District
c/o Upper San Jose Water Company
Attn: Michael Nordstrom, General Counsel
222 W. Lacey Blvd.
Hanford, CA  93230

Westlands Water District
Attn: Russ Freeman
286 W. Cromwell Ave
Fresno, CA 93711

Fresno Irrigation District
Attn: Jeffrey Boswell
2907 S Maple Ave.
Fresno, CA  93725

Wheeler Ridge
Attn: Sheridan Nicholas
12109 CA-166
Bakersfield, CA  93313

Wheeler Ridge
c/o Young Wooldridge LLP
Attn:  Steven M. Torigiani, General Counsel
10800 Stockdale Hwy, Suite 202
Bakersfield, CA  93311

Michael R. Farrell
Matthew D. Pham
Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Ste 2800
Los Angeles, CA 90071

Richard M. Pachulski
Ira D. Kharasch
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067-4003

Chicago Title Company
5170 Golden Foothill Parkway, Suite 130
El Dorado Hills, CA  95762

First American Title Insurance Company
9255 Town Center Drive, Suite 200
San Diego, CA  92121

First American Title Insurance Company
Attn: Bryant Mendel, Vice President
9255 Town Center Drive, Suite 200
San Diego, CA  92121

First American Title Insurance Company
Attn: David Z Bark, Foreclosure Trustee
9255 Town Center Drive, Suite 200
San Diego, CA  92121

Old Republic Title Company
c/o Thomas L. Palotas
Jameson Pepple Cantu PLC
801 Second Ave., Suite 700
Seattle, WA 98104

Madera Irrigation District
Attn: Thomas Greci
12152 Rd 28 1/4
Madera, CA  93637

Madera Irrigation District
Attn: John Kinsey
12152 Rd 28 1/4
Madera, CA  93637

Kings River Resource Conservation District
Attn: David Merritt
4886 E. Jensen Ave.
Fresno, CA  93725

Fresno Metropolitan Flood Control District
Attn: Peter Sanchez
5469 E. Olive Ave.
Fresno, CA  93727

Buttonwillow Improvement District
Attn: Jason Gianquinto
1101 Central Ave.
Wasco, CA  93280

Pond Poso Improvement District
Attn: Jason Gianquinto
1101 Central Ave.
Wasco, CA  93280

North Kern South Tulare Hospital District
Attn: Kathy Gutierrez
1509 Tokay Ave.
Delano, CA 93215

Kern Community College District
Attn: Tracy Blakemore
2100 Chester Ave.
Bakersfield, CA  93301

104 Investments, LLC, a California limited liability
company
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

ACDF, LLC, a California limited liability company
Cantua Orchards, LLC, a California limited liability
company
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Bear Flag Farms, LLC
Attn: Legal Department
5260 N. Palm Ave., Suite 421, Mail Stop M
Fresno, CA 93704

Bishop Farms 15, LLC
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Boulevard Associates, LLC
700 Universe Blvd.
Juno Beach, FL 33408
Attn: Land Services Administration

C&A Farms, LLC
Maricopa Orchards, LLC
Attn: Jon Reiter, CEO and Jennifer Reisz, General
Counsel
1306 West Herndon Ave., Suite 101
Fresno, CA  93711

Cantua Orchards, LLC
Lincoln Grantor Farms, LLC
5260 N. Palm Ave., Suite 421, Mail Stop M
Fresno, CA  93704
Attn: Legal Department

Donna Brown
Old Republic Title Company
7451 N. Remington Ave., Suite 102
Fresno, CA  93711

Grandon Farms, LLC, a California limited
liability company
ACDF, LLC, a California limited liability company
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Granville Farms, LLC, a California limited liability
5260 N. Palm Ave., Suite 421, Mail Stop M
Fresno, CA  93704

GSCE Valley Solar Development, LLC, a Delaware
limited liability company
Attn: Legal Department
3857 Birch Street, Suite 441
Newport Beach, CA  92660

GVM Investments, LLC
Grandon Farms, LLC
Attn: Legal
1306 W. Herndon Ave., Suite 101
Fresno, CA  93711

Lincoln Grantor Farms, LLC, a California limited
liability company
Grandon Farms, LLC, a California limited liability
company
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Locans Investments, LLC, a California limited
liability company
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Maricopa Orchards, LLC
Attn: Legal Department
1306 West Herndon Ave., Suite 101
Fresno, CA  93711

Maricopa Orchards, LLC,
a California limited liability company
Attn: Eric Thor
5260 N. Palm Ave., Suite 421
Fresno, CA  93704

Origis Holdings USA Subco, LLC
800 Brickell Ave., Suite 1000
Miami, FL 33131
Attn: Samir Verstyn

Origis Holdings USA Subco, LLC
c/o Allen Matkins
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111
Attn: Barry Epstein, Esq.

Sageberry III, LLC
Sageberry IV, LLC
Attn: Legal
1306 W. Herndon Ave., Suite 101
Fresno, CA 93711

San Luis West Solar, LLC
c/o Dos Puntos, LLC
Attn: General Counsel
10 Ivy Drive
Orinda, CA  94563

SJV Transmission LandCo, LLC, a Delaware
limited liability company
c/o Golden State Clean Energy, LLC
Attn: Legal Department
3857 Birch Street, Suite 441
Newport Beach, CA  92660

Wegis Family Farms LLC
Attn: Michael C. Young
34929 Flyover Court
Bakersfield, CA  93308

Westlands Cherry, LLC
c/o 4700 Wilshire Blvd.
Los Angeles, CA  90010
Attn:  Jennifer Gandin

Westlands Cherry, LLC
c/o 4700 Wilshire Blvd.
Los Angeles, CA  90010
Attn: General Counsel

Westlands Cherry, LLC
c/o Matthew C. Fragner, Esq.
Fragner Seifert Pace & Mintz, LLP
800 S. Figueroa, Ave., Suite 680
Los Angeles, CA  90017

Willow Avenue Investments, LLC
Attn: Legal Department
1306 West Hendon Ave., Suite 101
Fresno, CA  93711

Office of County Counsel
Attn: Jeremy S. McNutt,
Deputy County Counsel
1115 Truxtun Ave., 4th Floor
Bakersfield, CA 93301

American Equity Investment Life Insurance Company
c/o Brookfield Wealth Solutions
Brookfield Place New York
250 Vesey Street, 15th Floor
New York, New York 10281
Attn: Brad Michaelson

Daniel L. Egan
Wilke Fleury LLP
621 Capitol Mall, Suite 900
Sacramento, CA 95814

Jonathan Reiter
7058 N. West Avenue
Suite 101
Fresno CA 93711