1  Whitney, Thompson & Jeffcoach LLP
   Marshall C. Whitney, #82952
2  Brodie A. Surfus, #349269
   970 W. Alluvial Ave.
3  Fresno, California 93711
   Telephone:    (559) 753-2550
4  Facsimile:    (559) 753-2560

5  Moore & Van Allen PLLC
   William D. Curtis, #53811
6  Stephen E. Gruendel #26850
   (*Pro Hac Vice forthcoming*)
7  100 North Tryon Street, Suite 4700
   Charlotte, NC 28202
8  Telephone:    (704) 331-3884

9  Attorneys for Federal Agricultural Mortgage
   Corporation

10

11

12              UNITED STATES DISTRICT COURT

13       EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

14

15  FEDERAL AGRICULTURAL MORTGAGE      Case No. 1:24-cv-01455-KES-SAB
    CORPORATION,
16                                      **PLAINTIFF'S AMENDED JOINDER IN**
                    Plaintiff,          **SUPPORT OF MOTION OF RECEIVER**
17                                      **LANCE MILLER FOR AN ORDER**
            v.                          **AUTHORIZING THE PRIVATE SALE OF**
18                                      **CERTAIN RECEIVERSHIP PROPERTY**
    ASSEMI BROTHERS, LLC; MARICOPA      **FREE AND CLEAR OF LIEN, CLAIMS,**
19  ORCHARDS, LLC; C & A FARMS, LLC;    **AND ENCUMBRANCES, AND**
    WHITESBRIDGE FARMS, LLC; WILLOW     **SETTLEMENT OF CLAIMS IN**
20  AVENUE INVESTMENTS, LLC; LINCOLN    **CONNECTION THEREWITH**
    GRANTOR FARMS, LLC; COPPER
21  AVENUE INVESTMENTS, LLC; ACAP       Date:      September 8, 2025
    FARMS, LLC; CANTUA ORCHARDS, LLC;   Time:      1:30 p.m.
22  GRADON FARMS, LLC,                  Crtrm.:    Robert E. Coyle U.S. Courthouse
                                                   2500 Tulare Street
23                  Defendants.                    Courtroom 6, 7th Floor

24                                      Judge:     Honorable Kirk E. Sherriff

25                                      Action Filed: November 27, 2024

26

27
        Plaintiff Federal Agricultural Mortgage Corporation ("Farmer Mac" or "Plaintiff"), by and
28

through the undersigned counsel, and in support of the *Motion of Receiver Lance Miller for an Order Authorizing the Private Sale of Certain Receivership Property Free and Clear of Liens, Claims, and Encumbrances, and Settlement of Claims in Connection Therewith* [Dkt. No. 105] (the "Sale Motion"), states the following[1]:

1. The Plaintiff is owed in excess of $50,938,725.97, which is secured by a senior lien on certain Receivership Property, including the Solar Property.

2. Plaintiff has engaged in significant discussions with the Receiver, RWE Clean Energy Land, LLC (the "Purchaser"), Rooster Capital IV, LLC ("Rooster"), and American Equity Investment Life Insurance Company ("AEIL", and together with Rooster, the "Junior Lienholders") regarding the sale by the Receiver of the Solar Property, to the Purchaser (the "Sale") for a purchase price of $9,854,532.00 (the "Purchase Price").

3. During the course of the Receivership and the negotiations regarding the Sale, Plaintiff became aware of and received copies of the Commission Agreement executed by and between Jonathan Reiter ("Reiter") and Farid Assemi dated January 1, 2010 (as amended from time to time, the "Commission Agreement"), pursuant to which Reiter purports to be owed a broker's commission on the Sale in the amount of $1,042,835 (the "Commission Claim").

4. Plaintiff is aware that the Receiver unsuccessfully attempted to resolve Reiter's claims related to the Commission Agreement prior to the filing of the Sale Motion. Following the filing of the Sale Motion, Reiter filed his *Opposition of Jonathan Reiter to Motion of Lance Miller for an Order Authorizing the Private Sale of Certain Receivership Property Free and Clear of Liens, Claims, and Encumbrances, and Settlement of Claims in Connection Therewith* (the "Objection"), seeking denial of the Sale Motion unless the Commission Claim is paid or requiring a) the escrowing of proceeds of the Sale sufficient to satisfy the Commission Claim or b) postponing the Sale.

---

[1] Capitalized terms used herein but not defined herein shall have the meaning given them in the Order Appointing Receiver and for Preliminary Injunction [Dkt. No. 29] or the Sale Motion [Dkt. No. 105] as applicable.

WHITNEY
THOMPSON &
JEFFCOACH

5. Having reviewed the Commission Agreement, Plaintiff believes that the Commission Agreement is inapplicable to the Receiver and can and should be rejected by the Receiver. However, should the Commission Agreement be determined to be enforceable and not subject to rejection, the Commission Claim represents at most an unsecured claim of Reiter and, as such, does not attach to the proceeds of the Sale or justify any escrow of proceeds applicable to such claim. Any attempt to collect the Commission Claim ahead of the secured claims of Plaintiff and the Junior Lienholders is unsupported by law and should not prevent the approval or delay of the Sale or require the escrow of proceeds applicable to such claim.

## CONCLUSION

For the reasons stated above, the Plaintiff joins the Receiver in respectfully requesting that the Court overrule the Objection in full and grant the Receiver's Sale Motion.

Dated: September 4, 2025

WHITNEY, THOMPSON & JEFFCOACH LLP

By: _____
Marshall C. Whitney
Brodie A. Surfus
Attorneys for Federal Agricultural Mortgage Corporation

WHITNEY
THOMPSON &
JEFFCOACH