Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION, | No. 1:24-cv-01455-KES-SAB |
| Plaintiff, | **ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN RECEIVERSHIP PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND SETTLEMENT OF CLAIMS IN CONNECTION THEREWITH** |
| v. | |
| ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC, | Related to Dkt. No. 105 |
| | Hearing:    September 8, 2025
                  1:30 p.m. PT |
| | Judge:    Hon. Kirk E. Sherriff |
| Defendants. | Action Filed:    November 27, 2024 |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

Before the Honorable Kirk E. Sherriff, United States District Judge, is the *Notice of Motion and Agreed Motion of Receiver Lance Miller for an Order Authorizing the Private Sale of Certain Receivership Property Free and Clear of All Liens, Claims, and Encumbrances, and Settlement of Claims in Connection Therewith* [Dkt. No. 105] (the "**Sale Motion**") filed by Lance Miller, solely in his capacity as Court-appointed receiver in the above-captioned case (the "**Receiver**"), requesting entry of an order (a) authorizing and approving the Receiver's private sale of certain Property (as defined in the Sale Motion) free and clear of all liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land (collectively, the "**Interests**"), to the fullest extent permitted by law, to RWE Clean Energy Land, LLC and/or any of its affiliates or related entities ("**Buyer**"); (b) approving the settlement of certain claims among the Receiver and Northern Orchard Solar PV, LLC ("**NOC**"), an affiliate of RWE Clean Energy Land, LLC, related to a parcel of real property conveyed to NOC by Defendant Maricopa Orchards, LLC immediately prior to the receivership, located in Kern County, California (being a portion of APN 239-150-11-00-6 and containing approximately 218 acres) ("**Tract 17-C**"); (c) authorizing the Receiver to pay, without further order of the Court, all taxes, assessments, and customary closing costs, as well as any senior liens held by non-Parties (but excluding the Receiver's attorneys' fees); (d) authorizing the distribution of net proceeds to Plaintiff, and (e) granting related relief. The Court hereby finds that:[2] (a) as reflected in the *Stipulation and Agreed Order to Waiver Requirements of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property*, the Receiver is excused from compliance 28 U.S.C. §§ 2001 and 2002 in relation to his private sale of the Property to Buyer; (b) it has jurisdiction over the Property and the parties in this case, including exclusive jurisdiction over the administration, control, and possession of the Property; (c) it has the statutory authority to enter this Order; (d) due and proper notice of the Sale Motion was

---

[2] The findings and conclusion set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. To the extent a finding of fact constitutes a conclusion of law, or a conclusion of law a finding of fact, they are adopted as such. The Court's findings and conclusions, if any, set forth on the record at any hearing on the Sale Motion (the "**Sale Hearing**") are incorporated herein by reference.

303680785v6

given and no other or further notice is necessary; and (e) good cause exists to grant the Motion. The Court further finds that:

A.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Rule 54(b) of the Federal Rules of Civil Procedures, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

B.  As demonstrated by (i) the testimony and other evidence submitted by declaration and adduced at the Sale Hearing, including the declaration submitted by Lance Miller and (ii) the representations of counsel made on the record at the Sale Hearing, the Receiver has demonstrated good, sufficient, and sound business purpose and justifications for the sale and other transactions contemplated in the Purchase and Sale Agreement(s) described in and/or submitted with the Sale Motion (the "**PSA**"), and such actions are an appropriate exercise of the Receiver's business judgment and in the best interest of the receivership estate.

C.  The Receiver conducted the sale process for the Property in accordance with his appointment order in this case (the "**Receivership Order**").

D.  The Receiver and Buyer have acted at arm's length and in good faith with respect to the proposed sale, and the Purchase Price (as defined in the Sale Motion) represents the highest or otherwise best offer for the Property under the circumstances. The Receiver's determination that the PSA executed by Buyer constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Receiver's business judgment.

E.  The purchase price for the Property constitutes (i) reasonably equivalent value under the Uniform Fraudulent Transfer Act and the California Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act and the California Uniform Voidable Transactions Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession of the United States or the District of Columbia.

F.  Plaintiff Federal Agricultural Mortgage Corporation and Defendants Assemi Brothers, LLC; Maricopa Orchards, LLC; C & A Farms, LLC; Whitesbridge Farms, LLC; Willow

Avenue Investments, LLC; Lincoln Grantor Farms, LLC; Copper Avenue Investments, LLC; ACAP Farms, LLC; Cantua Orchards, LLC; and Gradon Farms, LLC, have consented to the proposed sale of the Property.

G. Pursuant to this Order and the Receivership Order, the Receiver has full power and authority to execute, deliver, and perform the obligations under the PSA and all other documents and transactions contemplated thereby and no consents or approvals, other than those expressly provided for herein or in the PSA, are required for the Receiver to consummate the sale transaction. As of the Closing Date (as defined in the Sale Motion), the transfer of the Property to the Buyer will be a legal, valid, and effective transfer thereof, and vests the Buyer with all rights, title, and interests of the Defendants and the Receiver in and to the Property, free and clear of all Interests, with such Interests attaching to the proceeds of the sale (the "**Sale Proceeds**") with the same force and in the same priority as existed immediately prior to the Closing Date.

H. Any licensed title insurer and Buyer may rely on this Order as authorizing the Receiver to transfer the Property.

I. Tract 17-C was transferred to NOC prior to entry of the Receivership Order, and as such, does not constitute Receivership Property (as defined in the Receivership Order).

Accordingly, it is hereby:

**ORDERED** that the Receiver's request to sell the Property free and clear of all Interests is granted, as set forth herein, with such Interests attaching to the proceeds of the Sale Proceeds with the same force and in the same priority as existed immediately prior to the Closing Date.

**IT IS FURTHER ORDERED** that all objections to the Sale Motion, if any, to the extent not resolved or withdrawn on the record, are overruled on the merits. All persons and entities who received notice of the Sale Motion and/or the Sale Hearing that failed to timely object thereto are deemed to have consented to the relief sought in the Motion and set forth in this Order.

**IT IS FURTHER ORDERED** that the Receiver is authorized to enter into and consummate the transactions set forth in the PSA with Buyer. The Receiver is authorized to act on behalf of Defendants in connection with the sale and conveyance of title to the Property to Buyer and no other

consents or approvals are necessary or required for the Receiver to carry out the sale and conveyance. All persons and entities are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Receiver to sell and transfer the Property in accordance with the terms of this Order or the PSA.

**IT IS FURTHER ORDERED** that the Receiver is authorized to pay, without further Court order, all sale-related costs and expenses, including closing costs, real estate taxes, title insurance, prorations, and recording fees (but specifically excluding attorneys' fees).

**IT IS FURTHER ORDERED** that, after paying all customary closing costs and senior encumbrances, the Receiver is authorized to pay the net Sale Proceeds to Plaintiff in partial repayment of its prepetition loans to the Defendants.

**IT IS FURTHER ORDERED** that the Receiver is authorized to enter into any documents reasonably necessary or desirable to implement the terms of this Order and effectuate the sale of the Property and to take all further actions as may reasonably be requested by Buyer for the purposes of assigning, transferring, granting, and conveying to the Buyer, as may be necessary or appropriate to the performance of the Receiver's obligations under this Order or the PSA. The Receiver is also authorized to execute any documents on behalf of the Defendants to the extent necessary to complete his obligations under this Order or the PSA.

**IT IS FURTHER ORDERED** that Property shall be transferred on an "AS IS," "WHERE, IS," and "WITH ALL FAULTS" basis. All sale documents shall provide language substantially similar to the following: "Buyer acknowledges and agrees that Buyer is purchasing the Property 'as-is', 'where-is', and 'with all faults' as of the Closing Date, and Buyer further acknowledges and agrees that Seller hereby expressly disclaims any and all implied warranties concerning the condition, value and quality of the Property and any portions thereof, including, but not limited to, the implied warranties of habitability, merchantability, or fitness for a particular purpose. Buyer acknowledges that no warranty has arisen through trade, custom or course of dealing with Seller."

**IT IS FURTHER ORDERED** that, except with prior leave of this Court, all persons or entities with notice of the Sale Motion and/or notice of this Order (or which are given notice of this

Order) are prohibited from (a) commencing, prosecuting, continuing or enforcing any action against the Receiver related to the Property or the Sale Proceeds (except that such actions may be filed, but not prosecuted, to toll any statute of limitations), (b) taking any action to interfere with the Receiver's management, control or possession of the Property (prior to the closing of the sale) or the Sale Proceeds, or (c) interfering in any manner with the exclusive jurisdiction of this Court over the Property (prior to the closing of the sale) or the Sale Proceeds.

**IT IS FURTHER ORDERED** that, on or before the Closing Date (and continuing after the Closing Date with regard to any remaining and/or any later arising or discovered unreleased liens), any persons holding a lien or other financial encumbrance in the Property shall execute such documents and take all other actions as may be reasonably necessary to further demonstrate the release of their respective liens in or on the Property, as such liens may have been recorded or otherwise filed or arisen under operation of law. Buyer may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county or other territory or jurisdiction in which Property is located, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any and all of such liens as set forth in this Sale Order as of the Closing Date. All persons and entities that are in possession or control of any portion of the Property on the Closing Date shall promptly surrender possession and control thereof to the Buyer on the Closing Date unless otherwise set forth in the PSA.

**IT IS FURTHER ORDERED** that nothing contained herein shall prevent the Receiver from seeking additional relief from this Court related to the PSA, the Property, or the Sale Proceeds.

**IT IS FURTHER ORDERED** that this Order and the terms and provisions of the PSA shall be binding on the Receiver, Defendants, all of Defendants' creditors (whether known or unknown), Buyer, and all of their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting any Interest in or on the Property. The provisions of this Order and the terms and provisions of the PSA, and any actions taken pursuant hereto or thereto, shall survive the entry of any order for relief under title 11 of the United States Code, and

shall be binding on Defendants and their successors and assigns, including any debtor-in-possession or any trustee appointed under title 11 of the United States Code, or similar custodian or fiduciary appointed over Defendants or their assets.

**IT IS FURTHER ORDERED** that Tract 17-C hereby is stricken from the description of Receivership Property in the Receivership Order, and any and all claims held by the Receiver, Plaintiff Federal Agricultural Mortgage Corporation, interested party Rooster Capital IV, LLC, and/or interested party American Equity Investment Life Insurance Company, and/or any of their affiliates or related entities, related to the pre-receivership transfer of Tract-17 to NOC, whether known or unknown, against NOC, Buyer, or any person or entity related to and/or affiliated with NOC or Buyer, hereby are released.

**IT IS FURTHER ORDERED** that nothing in this Order shall be deemed to affect, impair, waive, adjudicate, or otherwise prejudice any of Jonathan Reiter's rights and claims against the defendants named in that certain litigation currently pending in the Superior Court of Fresno County, California, styled as *Jonathan Reiter v. ACDF, LLC, C & A Farms, LLC*, No. 25CECG03814 (Cal. Sup. Ct. filed Aug. 14, 2025), all of which rights and claims are expressly preserved.

**IT IS FURTHER ORDERED** that this Order shall be effective immediately upon entry.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction over any disputes arising from or related to the sale of the Property, the PSA, or the implementation or interpretation of this Order.

IT IS SO ORDERED.

Dated:   September 9, 2025

_____
UNITED STATES DISTRICT JUDGE

303680785v6