Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*,
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>　　　　　Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**<br><br>Objections Due: October 23, 2025<br>Hearing Date:    November 17, 2025<br>Hearing Time:    1:30 p.m. PT<br>Location:    Courtroom 6, 7th Floor<br>　　　　　　2500 Tulare Street<br>　　　　　　Fresno, CA 93721<br>Judge:    Hon. Kirk Sherriff<br>Action Filed:    November 27, 2024 |

---

[1]    Designated as counsel for service pursuant to L.R. 182(c)(1).

1

**No. 1:24-cv-01455-KES-SAB**
**NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL**
**AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**

303503857

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 17, 2025 at 1:30 p.m. PT, or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 7th Floor, 2500 Tulare Street, Fresno, CA 93721, **Cutts Law, PC** ("**Cutts**"), as special counsel for Lance Miller in his capacity as the Court-appointed receiver (the "**Receiver**") in the above-captioned case (the "**Case**"), will and hereby does move the Court (the "**Motion**") for entry of an order (i) allowing and approving Cutts' fees and expenses incurred during the period April 1, 2025 through June 30, 2025 (the "**Fee Period**") on a final basis and (ii) granting related relief.

The Receiver has filed the Motion pursuant to and in compliance with Local Rule 232, as applicable, and paragraph 13(b) of the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29], entered January 3, 2024 (the "**Receivership Order**"). **Objections to this Motion must comply with paragraph 13 of the Receivership Order and be filed on or before October 23, 2025.**

In accordance with Section I.C of this Court's Standing Order in Civil Cases, this Motion is made following conferences with:

- Lance Miller, Receiver; and
- William D. Curtis of Moore & Van Allen, counsel for the above-captioned Plaintiff.

Undersigned counsel hereby certifies that meet and confer efforts have been exhausted and the above-listed parties and counsel have indicated that they or their respective clients **do not oppose the Motion and do not request a hearing on the Motion**.

2

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL
AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303503857

Dated: October 9, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/Terence G. Banich*
    Terence G. Banich

*Attorneys for the Receiver,*
Lance Miller

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

### A. Overview

On November 27, 2024, Farmer Mac filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the Receivership Order appointing the Receiver as general receiver over the Receivership Property. Receivership Order ¶ 1.

### B. Retention of Professionals

On February 14, 2025, the Court entered the following orders:

- *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of November 27, 2024* [Dkt. No. 40], authorizing the Receiver to employ Cutts to serve as water-rights counsel and to assist the Receiver in other sale-related matters; and

- *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 41], authorizing the Receiver to employ Katten Muchin Rosenman, LLP ("**Katten**") as his general counsel.

The Receiver's employment of Pivot Management Group, LLC ("**Pivot**") as his financial advisor was approved by the Court in the Receivership Order. Receivership Order ¶ 4(v).

### C. Compensation Procedures

The Receivership Order requires the Receiver and his professionals to file and serve on the Notice Parties (i.e., the Plaintiff, the Defendants, and all parties receiving ECF notice in this Case) a Monthly Statement of the fees and expenses incurred for the prior month. Receivership Order ¶ 13(a)(i). The Receiver is authorized to pay all fees and expenses subject to a Monthly Statement upon the filing of such Monthly Statement (each, an "**Interim Payment**"). *Id*. ¶ 13(a)(ii). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such

4

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL
AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303503857

fees and expenses on a final basis pursuant to the Quarterly Fee Motion procedures, discussed below. *Id.*

The Receivership Order requires the Receiver and his professionals to file motions on a quarterly basis (the "**Quarterly Fee Motion**") requesting final allowance and approval of the fees and expenses requested in the Monthly Statements for the prior three-month period, including all Interim Payments. *Id.* ¶ 13(b)(i). The order further provides that the "Court will consider and dispose of any filed objections on a final basis at the hearing on the applicable Quarterly Fee Motion or after taking the matter under submission[.]" *Id.* ¶ 13(b)(iv).

**D. Interim Payments**

Prior to and during the Fee Period, the Receiver filed and served the following Monthly Statements setting forth the fees and expenses incurred by Cutts for the fee periods set forth below. *See* Dkt. Nos. 95, 96, and 97.

| Monthly Statement (Date Filed) | Fee Period | Total Fees for Cutts | Expenses for Cutts | Interim Payment for Cutts |
|---|---|---|---|---|
| Fourth (06/11/25) | 04/01/25-04/30/25 | $3,677.50 | $0.00 | $3,677.50 |
| Fifth (06/17/25) | 05/01/25-05/31/25 | $5,667.50 | $0.00 | $5,667.50 |
| Sixth (07/30/25) | 06/01/25-06/30/25 | $3,337.50 | $1,820.00 | $5,157.50 |
| **Total** | | **$12,682.50** | **$1,820.00** | **$14,502.50** |

**II.   RELIEF REQUESTED**

Cutts respectfully requests that this Court approve, on a final basis, the fees and expenses incurred by Cutts requested in the Monthly Statements filed during the Fee Period.

The invoices attached to the Monthly Statements provide detailed descriptions of the services rendered by Cutts during the Fee Period, including a description of the task, timekeeper, date, and amount of time spent. The invoices include summary charts setting forth each professional who rendered services, the total time and value of the services, and the dollar value of each professional's services.

During the Fee Period, Cutts advised the Receiver with respect to agricultural property issues, including without limitation: reviewed deeds of trusts and other public documents related to

receivership property and non-receivership property expected to be included in the sale process, prepared information needed for title work related to sales, reviewed and corrected preliminary title work provided by title companies, reviewed notices of default and liens filed of public record and compared against receivership property, prepared, reviewed and assisted in the negotiation of purchase and sale agreements with prospective buyers, prepared ancillary documents related to the disposition of receivership property, and addressed general agricultural property issues and concerns related to the operation and potential disposition of receivership property.

All the services for which compensation is sought were performed at the request or with the approval of the Receiver, in the exercise of his business judgment. These professional services were, in the exercise of Cutts' reasonable business judgment, necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. The amount of time spent by Cutts with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the receivership estate.

To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled by a single Cutts lawyer. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Cutts' efforts in this Case have benefitted the receivership estate and its creditors. Cutts respectfully submits that the compensation requested in the Monthly Statements represents a fair and reasonable amount that should be allowed in full.

### III.  CONCLUSION

**WHEREFORE**, Cutts respectfully requests that the Court enter an order:

(a) Granting the Motion;

(b) Finding that the Motion satisfies the requirements of the Local Rules and the Receivership Order;

(c) Allowing Cutts the amount of $12,682.50 in compensation for services rendered during the Fee Period on a final basis;

(d) Allowing Cutts the amount of $1,820.00 in expense reimbursement for the Fee Period on a final basis;

6

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL
AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303503857

  (e)  Finding that notice of the Motion is sufficient under the circumstances; and

  (f)  Granting such further relief as the Court deems necessary and appropriate.

Dated: October 9, 2025       Respectfully submitted,

              **KATTEN MUCHIN ROSENMAN LLP**


              By: */s/Terence G. Banich*
                  Terence G. Banich
              *Attorneys for the Receiver*
              Lance Miller

7

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL
AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303503857

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On October 9, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**

as follows:

**[ ]  BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]  BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]  BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]  BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]  E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on October 9, 2025 at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

8

No. 1:24-cv-01455-KES-SAB
NOTICE OF MOTION AND MOTION OF CUTTS LAW, PC FOR FINAL APPROVAL
AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303503857