# EXHIBIT A

Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION, | No. 1:24-cv-01455-KES-SAB |
| Plaintiff, | **DECLARATION OF LANCE MILLER** |
| v. | Judge:    Hon. Kirk E. Sherriff |
| ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC, | Action Filed: November 27, 2024 |
| Defendants. | |

---

[1]    Designated as counsel for service pursuant to L.R. 182(c)(1).

304204998

I, Lance E. Miller, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this amended declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this Amended Declaration.

2. I submit this Amended Declaration in support of the *Agreed Motion of Receiver Lance Miller for an Order Authorizing the Private Sale of Certain Receivership Property Free and Clear of Liens, Claims, and Encumbrances (Mission Ranch)* (the "**Motion**").

3. I am the Founder and a Managing Director of Pivot Management Group, LLC ("**Pivot Group**"), a financial advisory and turnaround management firm with an office located at 1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266. I have more than 19 years of experience in complex receiverships, workouts, restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney and later as a partner in distressed advisory firms (including Pivot Group), I have provided services over a multitude of industries and markets to companies, creditors, equity holders, asset purchasers, receiverships, and creditors' trusts.

4. On or about June 10, 2025, I received a non-binding letter of intent from Buyer seeking to purchase approximately 332.1 assessed acres of land located in Fresno County and associated rights (the "**Property**) for a purchase price of $14 million. After receiving the letter of intent, I extended my discussions regarding the Property to include the record owner of the Property and Plaintiff, as well as Rooster Capital IV, LLC ("**Rooster**"), the second lienholder on the Property, and American Equity Investment Life Insurance Company ("**AEIL**"), the third lienholder on the Property.

5. Near the end of August/early September, I reached an agreement in principle with Buyer regarding the terms of the PSA. At that time, however, I chose not to move forward with the to permit FAMC, Rooster, and AEIL (collectively, the "**Lenders**") to reach an agreement regarding the treatment of their various interests in the Property and to avoid a contested hearing on the Motion. FAMC informed me on October 7, 2025, that the Lenders had reached an agreement and that none of the Lenders opposed my moving forward with the PSA. I thereafter finalized the PSA

1   with Buyer. Due to the passage of time, and as reflected in the Stipulation, the Parties each consent to my selling the Property to Buyer via a private sale. Moreover, I do not believe that further marketing, or an auction, of the Property will result in a higher or better offer.

6.  Based on preliminary title reports, I believe that the sale proceeds will be sufficient to pay in full, at closing, all taxes, assessments, and customary closing costs, as well as any liens held by parties other than FAMC, Rooster, and AEIL. The net proceeds of the sale are proposed to be distributed to FAMC at closing. Rooster and AEIL, the junior lienholders on the Property, each consent to the sale and proposed distribution of proceeds.

7.  Since I have determined in the exercise of my business judgment that the terms of the proposed sale and release are fair and reasonable, I believe that subjecting the Property to a public auction would not be in the best interests of the receivership estate nor generate a higher or better offer for the property. Further, under these circumstances, I believe that the cost of obtaining three separate appraisals for the Property would be burdensome and subject the estate to unnecessary costs and delay. Accordingly, with the consent of the Parties, I request that the Court authorize and approve the private sale of the Property in accordance with the PSA.

8.  I believe that ample cause exists to grant the Motion. I, with the agreement of FAMC, the Defendant owners of the Property, and the second and third lienholders, have determined, in the exercise of my sound business judgment, that a sale of the Property pursuant to the PSA represents a market-based price and that the overall transaction is fair, reasonable, and in the best interests of the receivership estate. Moreover, I believe that further marketing of the Property is unlikely to result in a sales price meaningfully higher than that approved by the Parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 5, 2025
In Manhattan Beach, California

By: /s/ *Lance E. Miller*
Lance E. Miller

3

No. 1:24-cv-01455-KES-SAB
DECLARATION OF LANCE MILLER

304204998