# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC;COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>　　　　　Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**ORDER AMENDING RECEIVERSHIP ORDER**<br><br>Judge:　　　Hon.　Kirk E. Sherriff<br><br>Action Filed: September 16, 2024 |

Upon due consideration of the *Motion of Receiver Lance Miller for Entry of an Order Amending Receivership Order* (the "**Motion**"),[1] and the declaration of Lance Miller in support thereof, and noting that no objections to the motion were filed, the Court hereby finds that (i) good cause exists to enter an order amending the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**") and (ii) notice of the Motion was adequate under the circumstances and that no other or further notice is required.  Having found the foregoing,

**IT IS ORDERED:**

1.　　The hearing currently set for December 2, 2025 is vacated.

2.　　The Motion is granted.

3.　　Paragraph 4(i) of the Receivership Order is hereby amended as follows:[2]

(i) To take possession of all proceeds of all Receivership Property ~~and~~, the 2025 Crop ~~(~~, and the 2026 Crop (each as defined below), as deemed appropriate by the Receiver, including, but not limited to, taking possession of any such Receivership Property in the possession or control of any other party after

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.
[2] The amendments are shown in redline format for ease of reference.

1 consulting with Plaintiff; provided, however, that nothing in this Order shall
2 permit the Receiver to:
3     i.    interfere with, terminate, or refuse to honor the existing well,
4 water supply, access, and other agreements relating to water that benefit the
5 collateral of any of the Other
6     Real Estate Lenders or the Free and Clear Properties; or
7     ii.    interfere with any Other Real Estate Lenders' Permitted Actions
8 (as defined below), absent further Order of the Court;
9     4.    Paragraph 4(j) of the Receivership Order is hereby amended as follows:
10 (j) To immediately borrow from Plaintiff such funds as Receiver and Plaintiff
11 deem necessary for the current operation of the receivership estate, to continue
12 to borrow money from Plaintiff for the operation of the receivership estate as
13 needed, from time-to-time, and to issue to Plaintiff from time-to-time
14 Receiver's Certificates or such other documents or instruments to evidence such
15 borrowings as well as protective advances made by the Plaintiff following the
16 commencement of this action but prior to the appointment of the Receiver,
17 subject to Plaintiff's sole right to decide whether or not to advance any or all
18 funds requested by the Receiver~~, and to issue further~~. **In addition, Receiver and**
19 **Plaintiff may enter into one or more written agreement(s) authorizing Plaintiff**
20 **to use proceeds of its collateral from Court-approved sale(s) of Receivership**
21 **Property to fund such advances to Receiver, which advances shall likewise be**
22 **documented by** Receiver's Certificates ~~as such funds~~**or such other documents**
23 **or instruments evidencing such borrowings, all of the foregoing as** may be
24 reasonably necessary for the Receiver to fulfill his duties and as agreed upon in
25 writing by Plaintiff~~, with such~~**. All** Receiver's Certificates or ~~such~~ other
26 documents or instruments ~~to have~~**issued hereunder, whether an advance was**
27 **funded with new money or with such approved collateral proceeds, shall have**
28 **the same validity, rights, protections, and remedies as the Receiver's**

2

Certificates previously issued in this Case, having liens against (ia) the Receivership Property that are immediately senior in priority to the existing liens of Plaintiff,[3] and (iib)(i) the crop to be grown on, and in 2025 harvested from, the Receivership Property (the "2025 Crop"), which 2025 Crop would not exist but for the funding provided hereunder, and (ii) the crop to be grown on, and in 2026 harvested from, the Receivership Property (the "2026 Crop"), which 2026 Crop would not exist but for the funding provided hereunder, in each case that are senior to the liens of all other lienholders on the 2025 Crop and the 2026 Crop. With the exceptions of fees and expenses owing to the Receiver, Receiver's Counsel, and the other professionals employed by the Receiver, such Receiver's Certificates or other documents or instruments shall have seniority over all other claims against the receivership estate on a priority repayment basis. Any liability for such borrowings shall solely be the responsibility of the Borrower Defendants, and not the Receiver. After any Receiver's Certificate, or such other documents or instruments, is issued, a copy of such shall be filed with the Court. The original instrument shall be delivered to Plaintiff to be filed and/or recorded in Plaintiff's discretion, as applicable. Notwithstanding anything to the contrary, and with the exception of the 2025 Crop and the 2026 Crop, the Receiver's Certificates shall not create any lien on or otherwise encumber any property that is not Receivership Property or any property against which Plaintiff did not hold a perfected, first priority lien[.]. For the avoidance of doubt, to the extent Plaintiff elects not to advance new money, Plaintiff may, pursuant to a Receiver's Certificate (or other document or instrument), and subject to Court approval of the relevant sale(s), use proceeds of its collateral from Court-approved sales to finance the receivership estate on the terms set forth herein; provided further, for the avoidance of doubt,

---

[3] References to the liens of Plaintiff herein include those liens held by U.S. Bank National Association, as Custodian/Trustee for Farmer Mac.

>Plaintiff shall be entitled to apply proceeds of the sale of its collateral to the obligations of the Defendants owed to Plaintiff as Plaintiff determines in its sole discretion.

5. To the extent of any inconsistency between the terms of this Order and the Receivership Order, the terms of this Order shall prevail. All other terms and conditions of the Receivership Order shall remain in full force and effect.

6. The relief granted herein is effective immediately upon entry of this Order.

IT IS SO ORDERED.

Dated:   November 24, 2025

_____
UNITED STATES DISTRICT JUDGE