1  Terence G. Banich (SBN 212173)[1]
   terence.banich@katten.com
2  **KATTEN MUCHIN ROSENMAN LLP**
   525 W. Monroe St.
3  Chicago, IL 60661-3693
   Telephone:     (312) 902-5200
4  Facsimile:     (312) 902-1061

5  John E. Mitchell (*pro hac vice*)
   Michaela C. Crocker (*pro hac vice*)
6  **KATTEN MUCHIN ROSENMAN LLP**
   2121 North Pearl St., Ste. 1100
7  Dallas, TX 75201-2591
   Telephone:     (214) 765-3600
8  Facsimile:     (214) 765-3602

9  *Attorneys for the Receiver*
   Lance Miller
10

11              **UNITED STATES DISTRICT COURT**

12              **EASTERN DISTRICT OF CALIFORNIA**

13
   FEDERAL AGRICULTURAL MORTGAGE          ) No. 1:24-cv-01455-KES-SAB
14 CORPORATION,                           )
                                          )
15              Plaintiff,                ) **NOTICE OF FILING OF REDLINE**
                                          ) **ORDER APPROVING BID**
16        v.                              ) **PROCEDURES (WESTLANDS)**
                                          )
17 ASSEMI BROTHERS, LLC; MARICOPA         ) Related to Dkt. No. 144
   ORCHARDS, LLC; C & A FARMS, LLC;       )
18 WHITESBRIDGE FARMS, LLC; WILLOW        ) Hearing:
   AVENUE INVESTMENTS, LLC; LINCOLN       )
19 GRANTOR FARMS, LLC; COPPER             ) Hearing Date:  December 2, 2025
   AVENUE INVESTMENTS, LLC; ACAP          ) Hearing Time:  1:30 p.m. PT
20 FARMS, LLC; CANTUA ORCHARDS, LLC;      )
   GRADON FARMS, LLC,                     ) Location: Robert E. Coyle U.S. Courthouse
21                                        )           2500 Tulare Street
                                          )           Courtroom 6, 7th floor
22              DEFENDANTS.               )           Fresno, CA 93721
                                          )
23              Defendants.               ) Judge:        Hon. Kirk E. Sherriff
                                          )
24                                        ) Action Filed:  November 27, 2024
                                          )
25                                        )
                                          )
26 _____)

27

28
   _____
   [1] Designated as counsel for service pursuant to L.R. 182(c)(1).

On October 27, 2025, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, filed the *Notice of Motion and Motion of Receiver Lance Miller for (I) an Order (A) Approving Bid Procedures for the Sale of Real Property, Including the Designation of a Stalking Horse Bidder and the Award of Bid Protections and (B) Scheduling the Auction and Sale Hearing; and After Further Notice, an (II) Order Approving Sale of Real Property Free and Clear of All Claims, Liens, and Encumbrances; and (III) Granting Related Relief (Westlands)* [Dkt. No. 144] (the "**Motion**"). A hearing to consider the Motion is currently scheduled for December 2, 2025, at 1:30 p.m. PT.

PLEASE TAKE NOTICE that, attached hereto as **Exhibit A**, is a redline daft of the proposed order approving the Motion reflecting updated dates and deadlines agreed to by Plaintiff and necessary to accommodate ongoing negotiations with a potential bidder (the "**Revised Order**").

Dated: November 28, 2025

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

304505995

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On November 28, 2025, I served the following document(s) described as:

**NOTICE OF FILING OF REDLINE ORDER APPROVING BID PROCEDURES (WESTLANDS)**

as follows:

**[ ]    BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ X ]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address michaela.crocker@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
pswain@cozen.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
jreisz@kleinlaw.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com

**[ ]    BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]    BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

1    **[X]    E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

2

3          I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

4          Executed on November 28, 2025, at Winnetka, Illinois.

5                                              */s/Terence G. Banich*
                                              Terence G. Banich

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 1:24-cv-01455-KES-SAB
NOTICE OF NON-OPPOSITION AND NON-OBJECTION

304505995

# Exhibit A

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC;COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>      Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>[PROPOSED] ORDER (I) APPROVING BID PROCEDURES FOR THE SALE OF REAL PROPERTY; (II) APPROVING BID PROTECTIONS FOR STALKING HORSE BIDDER; AND (III) SCHEDULING THE AUCTION AND SALE HEARING (WESTLANDS)<br><br>Related to Dkt. No. ——144<br><br>Judge:      Hon. Kirk E. Sherriff<br><br>Action Filed:    November 27, 2024 |

Before the Honorable Kirk E. Sherriff, United States District Judge, is the motion [Dkt. No. ——144] (the "**Bidding Procedures Motion**")[1] filed by Lance Miller (the "**Receiver**"), solely in his capacity as Court-appointed receiver in the above-captioned case, for entry of an order approving the proposed Bidding Procedures attached hereto as **Exhibit A**; approving a procedure providing the Receiver the discretion to designate a Stalking Horse Bidder and award Bid Protections in favor of the Stalking Horse Bidder; scheduling an Auction and the date and time of the Sale Hearing, along with related deadlines; and granting related relief

The Court hereby finds that:[2] (a) it has jurisdiction over the Property and the parties in this case, including exclusive jurisdiction over the administration, control, and possession of the Property; (b) it has the statutory authority to enter this Order; and (C) due and proper notice of the

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed in the Bidding Procedures.

[2] The findings and conclusion set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. To the extent a finding of fact constitutes a conclusion of law, or a conclusion of law a finding of fact, they are adopted as such. The Court's finding and conclusions set forth at on the record at the Hearing, if any, are incorporated herein by reference.

relief requested in the Motion and the entry of this Order was given and no other or further notice is necessary other than as set forth in the Bidding Procedures. The Court further finds that:

A.    As demonstrated by (i) the testimony and other evidence submitted by declaration and adduced at the Hearing, if any, including the declarations submitted by Lance Miller and Skye Root and (ii) the representations of counsel made on the record at the Hearing, if any, the Receiver has demonstrated good, sufficient, and sound business purpose and justifications for entry of this Order, and that the Bidding Procedures are an appropriate exercise of the Receiver's business judgment, are in the best interest of the receivership estate, and are the best available method for maximizing the value of the Property.

B.    To maximize the value of the Property, it is necessary for the Receiver to have the means to induce a third-party bidder to serve as the Stalking Horse Bidder and provide Bid Protections pursuant to the terms of this Order, and the Bid Protections are reasonable and represent a sound exercise of the Receiver's business judgment.

C.    The dates, deadlines, and notice provisions set forth in the Bidding Procedures are reasonably calculated to provide parties with notice of, and opportunity to participate in, the Auction for the Property.

D.    The Bidding Procedures Motion and the Bidding Procedures comply with all applicable statues and the local rules of this Court.

E.    Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

Accordingly, it is hereby:

**ORDERED** that all objections to the Bidding Procedures Motion and entry of the Bidding Procedures, if any, are hereby overruled and the Bidding Procedures Motion is granted.

**IT IS FURTHER ORDERED** the Bidding Procedures, which are fully incorporated herein by reference, are hereby approved in all respects and shall govern all Potential Bidders and Bids, including those that may be submitted by Qualified Bidders at the Auction.

**IT IS FURTHER ORDERED** that Potential Bidders seeking to submit Bids for the Property must do so in accordance with the terms of the Bidding Procedures and this Order.

**IT IS FURTHER ORDERED** that all dates and deadlines set forth in the Bidding Procedures are hereby approved. The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline may be deemed a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Receiver or the consummation and performance of the sale of the Property to the Successful Bidder, including the transfer of the Property free and clear of Interests to the fullest extent permitted by law (with such Interests attaching to the cash proceeds of the sale to the same extent and with the same priority as existed immediately prior to the sale).

**IT IS FURTHER ORDERED** that all notice and service provisions set forth in the Bidding Procedures are hereby approved as adequate and reasonable.

**IT IS FURTHER ORDERED** that the failure to specifically include or reference any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Bidding Procedures be authorized and approved in their entirety.

**IT IS FURTHER ORDERED** that the Receiver is authorized and empowered to take such steps, expend such sums, and do such other things as may be necessary to implement and effectuate the terms and requirements established and relief granted in this Order.

**IT IS FURTHER ORDERED** that the Receiver is authorized to modify the Bidding Procedures before service to parties to conform to the terms of this Order, including updating dates and deadlines.

1

2    **IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction over any

3    disputes arising from or related to the Property, the Bidding Procedures, or the implementation or

4    interpretation of this Order.

5    Dated: _____

6

7    _____
     Hon. Kirk E. Sherriff
     United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# Exhibit A

1  Terence G. Banich (SBN 212173)[1]
   terence.banich@katten.com
2  **KATTEN MUCHIN ROSENMAN LLP**
   525 W. Monroe St.
3  Chicago, IL 60661-3693
   Telephone:    (312) 902-5200
4  Facsimile:    (312) 902-1061

5
   John E. Mitchell (*pro hac vice*)
6  Michaela C. Crocker (*pro hac vice*)
7  **KATTEN MUCHIN ROSENMAN LLP**
   2121 North Pearl St., Ste. 1100
8  Dallas, TX 75201-2591
   Telephone:    (214) 765-3600
9  Facsimile:    (214) 765-3602

10
   *Attorneys for the Receiver*
11 Lance Miller

               **UNITED STATES DISTRICT COURT**
12              **EASTERN DISTRICT OF CALIFORNIA**

13
   FEDERAL AGRICULTURAL MORTGAGE    )  No. 1:24-cv-01455-KES-SAB
14 CORPORATION,                     )
                                    )  **BIDDING PROCEDURES FOR THE SALE**
15           Plaintiff,             )  **OF RECEIVERSHIP PROPERTY**
                                    )  **MARKETED BY CAPSTONE CAPITAL**
16 v.                               )  **MARKETS, LLC (WESTLANDS)**
                                    )
17 ASSEMI BROTHERS, LLC; MARICOPA   )  Judge:       Hon. Kirk E. Sherriff
18 ORCHARDS, LLC; C & A FARMS, LLC; )
   WHITESBRIDGE FARMS, LLC; LINCOLN )  Action Filed:  November 27, 2024
19 GRANTOR FARMS, LLC;COPPER AVENUE )
   INVESTMENTS, LLC; ACAP FARMS, LLC; )
20 CANTUA ORCHARDS, LLC; GRADON     )
   FARMS, LLC,                      )
21                                  )
22           Defendants.            )
                                    )
23                                  )
   _____ )
24

25

26

27
   _____
28 [1] Designated as counsel for service pursuant to L.R. 182(c)(1).

                          -1-

1    ~~On [●], 2025 the~~The United States District Court for the Eastern District of California (the

2    "**Court**") ~~has~~ entered an Order (the "**Bidding Procedures Order**"), by which the Court approved

3    the bidding procedures set forth herein (the "**Bidding Procedures**"). These Bidding Procedures

4    establish the process by which the Receiver is authorized to conduct a public auction (the

5    "**Auction**") for the sale of the land and associated rights (the "**Property**") as more fully set forth in

6    the form Purchase and Sale Agreement attached hereto as **Exhibit 2**.[2] A list of APNs that comprise

7    the land is attached hereto as **Exhibit 1**.

8         The Court has also approved substantially identical bidding procedures for certain property

9    that is related to farming operations on the Property and being administered by the Receiver in the

10   related case styled *The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al.,* Case

11   No. 24-cv-1102-KES-SAB (the "**Related Property**").  With the exception of credit bids, a bid for

12   the Property must also include a bid for the Related Property.

13   **1.    Key Dates**

14        These Bidding Procedures provide interested parties with the opportunity to qualify for and

15   participate in the Auction to be conducted by the Receiver and to submit Bids (as defined below)

16   for the Property (to include the Related Property). The Receiver with the assistance of Capstone

17   Capital Markets LLC ("**Capstone**") and Pivot Management Group, LLC ("**Pivot**") will assist

18   interested parties in conducting their respective due diligence investigations.

19        The key dates for the sale process are as follows:

| Event | Deadlines[3] | ~~Estimated~~ Date[4] |
|---|---|---|
| Deadline to Serve Court-Approved Bidding Procedures[5] | Within one (1) business day of entry of the Bidding Procedures Order | Thursday December 4, 2025 |

---

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Order or the PSA, as applicable.

[3] All dates/deadlines are subject to extension or adjournment as provided for in the Bidding Procedures Order.

[4] The Estimated Date is given to help place the Deadlines into context. Actual dates will be calculated based on the column titled "Deadlines."

[5] A copy of the Court-approved Bidding Procedures will be served via (i) first class mail on: (a) the potential holders of Interests, (b) the Consultation Parties, (c) all parties who have expressed a bona fide interest in purchasing the Property, and (d) the service list established in this case; and (ii) via

-2-

| Event | Deadlines[3] | ~~Estimated~~ Date[4] |
|---|---|---|
| Deadline to File Notice of Stalking Horse Bidder or Notice of No Stalking Horse Bidder | | ~~Tuesday~~Monday December ~~16~~29, 2025 |
| Deadline to Submit Qualified Bids (the "**Bid Deadline**") | Twenty-one (21) days after Filing of Notice of Stalking Horse Bidder or Notice of No Stalking Horse Bidder | ~~Tuesday~~Monday January ~~6~~19, 2026 |
| Deadline to Either (1) Notify Qualified Bidders of Auction or (2) Cancel Auction | Two (2) days after Bid Deadline | ~~Thursday~~Wednesday January ~~8~~21, 2026 |
| Auction, if held | Five (5) days after notifying Qualified Bidders of Auction | ~~Tuesday~~Monday January ~~13~~26, 2026 |
| Deadline to File Notice of Successful Bidder, if Auction Held | Two (2) days after conclusion of Auction | ~~Thursday~~Wednesday January ~~15~~28, 2026 |
| Deadline to Object to Sale | Five (5) days after filing of Notice of Successful Bidder or twelve (12) days after filing Notice of Cancellation of Auction | ~~Tuesday~~ Monday ~~January  20~~February  2, 2026 |
| Reply Deadline | Six (6) days after Objection Deadline | Monday ~~January  26~~February  9, 2026 |
| Sale Hearing | | Monday February ~~2~~16, 2026, at 1:30 p.m. PT |

2.    **Consultation Parties.**

(a)    Except as set forth in Section 2(b) below, the "**Consultation Parties**" referred to herein consist of the following entities, solely with respect to parcels subject to their respective liens or owner interests:

i.    Plaintiff;

_____

the Court's ECF filing system. **Parties wishing to receive expedited service of sale-related pleadings or other documents should contact Janice Brooks-Patton at janice.brooks-patton@katten.com and request to receive e-mail service.**

-3-

ii.       Farming Defendants (as defined in the Receivership Order);

iii.      Rooster Capital IV, LLC ("**Rooster**");

iv.      American Equity Investment Life Insurance Company ("**AEIL**"); and

v.       Any other person or entity that is participating in the sale process with respect to the Property in accordance with ¶ 2(d) of the Capstone Engagement Letter [Docket No. 157-2] and as agreed to by Receiver.

(b)     If any of the persons or entities listed in paragraph 2(a), above, submits a Bid (other than a credit bid), such person shall no longer be a Consultation Party for purposes of these Bidding Procedures. The Receiver shall not consult with Plaintiff if determining whether a bid submitted by Plaintiff is a higher or better bid.

**3.    Potential Bidders.**

To participate in the bidding process or otherwise be considered for any purpose under these Bidding Procedures, a person or entity interested in consummating a sale (a "**Potential Bidder**") must deliver or have previously delivered to the Receiver the following documents:

(a)     an executed non-disclosure agreement (an "**NDA**") on terms acceptable to the Receiver;

(b)     identification of the Potential Bidder and any of the principals, corporate officers, or other representatives that are authorized to appear for and act on behalf of the Potential Bidder with respect to the contemplated transaction; and

(c)     proof of an ability to close the proposed transaction in form and substance acceptable to the Receiver in his business judgment and in consultation with the Consultation Parties.

**4.    Provisions Governing Joint Bid Discussions.**

If a Potential Bidder is interested in engaging in discussions with a third party concerning a potential joint Bid ("**Joint Bid**") for the purchase of the Property and Related Property, such Potential Bidder shall, prior to engaging in such discussions, (a) complete and submit a form to be supplied by Capstone requesting the Receiver's consent to engage in such discussions and

-4-

identifying the third party(ies), and (b) receive the Receiver's written consent to engage in such discussions (the "**Joint Bid Discussion Protocol**").

**5.    No Collusion**

All bidders, including Potential Bidders and Qualified Bidders (defined below), are expressly prohibited from directly or indirectly colluding or taking any other action in restraint of free competitive bidding in connection with the sale process.

**6.    Qualified Bidders**

(a)    A "**Qualified Bidder**" is a Potential Bidder who satisfies these Bidding Procedures and whose financial information, the financial information of its equity holder(s), or written commitments, as applicable, demonstrate the financial capability to consummate the sale, whose Bid is a Qualified Bid, and that the Receiver determines should be considered a Qualified Bidder, in consultation with the Consultation Parties. No later than two (2) days after the Bid Deadline, the Receiver will notify each Potential Bidder in writing (email being sufficient) whether such Potential Bidder is a Qualified Bidder and shall provide counsel to the Consultation Parties copies of each Qualified Bid.

(b)    If the Receiver in his discretion determines any Potential Bidder not to be a Qualified Bidder, the Receiver will refund such Qualified Bidder's Deposit (defined below) on or within five (5) business days after the Bid Deadline.

(c)    Without the written consent of the Receiver, a Qualified Bidder may not modify or amend its Qualified Bid, except for proposed amendments to increase their consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.

(d)    Creditors who have a valid and perfected lien on the Property ("**Secured Creditor(s)**") shall be deemed Potential Bidders and Qualified Bidders under and in connection with these Bidding Procedures and may credit bid all or any portion of the applicable Defendant(s)' obligations to such Secured Creditor; and (b) any credit bid made by a Secured Creditor (or any

-5-

designee) by the Bid Deadline is, and will be deemed to be, a Qualified Bid in each instance for all purposes under and in connection with the Bidding Procedures; provided, however, that nothing herein constitutes a waiver of the Receiver's rights to challenge the liens and claims of Secured Creditors. Any credit bid made by a Successful Bidder must include a cash component sufficient to pay the Bid Protections and any fees and expenses that will be payable by the Receiver to Capstone or other professionals at closing.

**7.    Due Diligence**

Only Potential Bidders (whether submitting cash or credit Bids) whose financial information, the financial information of its equity holder(s), or written commitments, as applicable, demonstrate the financial capability to consummate the sale shall be eligible to receive due diligence information and access to the Receiver's electronic data room and additional non-public information regarding the Property and Related Property. No Potential Bidder will be permitted to conduct due diligence without signing an NDA in a form acceptable to the Receiver. The Receiver will provide to each Potential Bidder that satisfies the foregoing reasonable due diligence information, as requested by such Potential Bidder in writing, as soon as reasonably practicable after such request. For all Potential Bidders, the due diligence period will end on the Bid Deadline. The Receiver shall have no obligation to furnish any due diligence information after the Bid Deadline. Neither the Receiver nor his professionals make any representations as to the completeness or accuracy of information provided to Potential Bidders in relation to the sale of the Property and Related Property.

Each Potential Bidder shall comply with all reasonable requests for additional information and due diligence access requested by the Receiver or his advisors regarding the ability of the Potential Bidder to consummate a sale. Failure by a Potential Bidder to comply with such reasonable requests for additional information and due diligence access may be a basis for the Receiver to determine that such bidder is not a Qualified Bidder or that a Bid made by such bidder is not a Qualified Bid.

304229247

All due diligence requests should be directed to Capstone Capital Markets, LLC, Attn: Arnav Virmani (avirmani@capstonepartners.com) and Hunter Costello (hcostello@capstonepartners.com).

**8.     Bid Requirements.**

A proposal, solicitation, or offer for a purchase and sale of the Property and the Related Property (each, a "**Bid**") by a bidder that is submitted in writing and satisfies each of the following requirements (the "**Bid Requirements**") as determined by the Receiver, in his discretion and in consultation with the Consultation Parties, shall constitute a "**Qualified Bid**":

(a)     <u>Identity</u>: Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid and the complete terms of any such participation. Each Bid must also include contact information for the specific persons, including financial advisors and counsel, if any, that the Receiver's advisors should contact regarding such Bid.

(b)     <u>Purchase Price</u>. Each Bid must clearly set forth the purchase price in U.S. dollars to be paid for the Property and the Related Property (the "**Purchase Price**").

(c)     <u>Deposit</u>. On or before the Bid Deadline, each Bid must be accompanied by a deposit in the amount equal to two percent (2%) of the aggregate cash Purchase Price of the Bid, to be held together with other bidders' cash deposits in a non-interest-bearing account to be established by the Receiver or Pivot (the "**Deposit**"). For the avoidance of doubt, the Deposit requirement only applies to the cash Purchase Price of a Bid and does not apply to the credit bid portion of a Bid.

(d)     <u>Assumption of Obligations</u>. Each Bid must clearly state which liabilities the Bidder agrees to assume, if any.

(e)     <u>Qualified Bid Documents</u>. Each Bid must include duly executed, non-contingent transaction documents necessary to effectuate the transactions contemplated in the Bid, as well as all other material documents integral to such Bid (the "**Qualified Bid Documents**"). Such documents must be based on and marked against form documents provided by the Receiver (including a summary of each Bid as may be reasonably requested by the Receiver). Any modifications to the form of documents provided by the Receiver must be in form and substance

-7-

acceptable to the Receiver, in consultation with the Consultation Parties, to be considered Qualified Bid Documents.

(f)    No Material Modifications to Stalking Horse PSA or Credit Bid PSA, as Applicable. After either the Notice of Stalking Horse Bidder or No Notice of Stalking Horse Bidder is filed with the Court, all further Bids must be submitted on the form asset purchase agreement attached to either the Notice of Stalking Horse Bidder or Notice of No Stalking Horse Bidder, as applicable, and include all material terms in the applicable PSA, including the following:

1.    Property: With the exception of credit bids, the Bid must be for all Property and Related Property, unless otherwise agreed to in writing by the Receiver in his sole discretion, in consultation with the Consultation Parties.

2.    No Representations and Warranties by the Receiver: The sale will be "as is" and "with all faults," without representations or warranties, and without recourse. Each Bidder will represent that it has relied solely on its independent diligence, and not on any representations of the Receiver or his agents, in formulating and submitting its Bid.

3.    Free and Clear: The sale will be free and clear of liens, claims and encumbrances, other than easements, rights of way and other encumbrances running with the land, (the "**Interests**") to the fullest extent permitted by applicable law.

If a Notice of No Stalking Horse Bidder is filed and Plaintiff determines not to execute a Credit Bid PSA, the Receiver reserves the right to withdraw the Bidding Procedures with respect to the Property subject to Plaintiff's liens and cancel the Auction.

(g)    Committed Financing. To the extent that a Bid is not accompanied by evidence of the Bidder's capacity to consummate the sale set forth in its Bid with cash on hand, each Bid must include unconditional committed financing from a reputable financing institution documented to the satisfaction of the Receiver that demonstrates that the Bidder has received sufficient debt and/or equity funding commitments to satisfy the Bidder's Purchase Price and other obligations under its Bid. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Receiver.

304229247

(h)    <u>Contingencies</u>. A Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome or review of due diligence.

(i)    <u>Time Frame for Closing</u>. Closing must occur within seven (7) days of the Sale Order becoming a final, non-appealable order, unless otherwise agreed in writing by the Receiver in consultation with the Consultation Parties.

(j)    <u>Binding and Irrevocable</u>. A Qualified Bidder's Bid shall be binding and irrevocable unless and until the Receiver accepts a higher Bid and such Qualified Bidder is not selected as the Backup Bidder.

(k)    <u>Expenses and Disclaimer of Fees</u>. Apart from the Qualified Bid submitted by the Stalking Horse Bidder, if any, each Bid must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. For the avoidance of doubt, with the exception of the Stalking Horse Bidder, no Qualified Bidder will be permitted to request, nor be granted by the Receiver, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, and by submitting its Bid is agreeing to refrain from and waive any assertion or request for reimbursement on any basis.

(l)    <u>Authorization</u>. Each Bid must contain evidence that the Qualified Bidder has obtained authorization or approval from its board of directors (or a comparable governing body acceptable to the Receiver) with respect to the submission of its Bid and the consummation of the transactions contemplated in such Bid.

(m)    <u>Completed Diligence</u>. Each Bid must include a written acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all due diligence regarding the Property and Related Property prior to making its offer; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Property or the Related Property in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Property or Related Property or the

304229247

completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Bid.

(n)    Adherence to Bidding Procedures. By submitting its Bid, each Bidder shall be deemed to have agreed to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid not in conformity with these Bidding Procedures or seek to reopen the Auction after conclusion of the Auction.

(o)    Regulatory Approvals and Covenants. A Bid must set forth each regulatory approval required for the Bidder to consummate the sale, if any, and the time period within which the Bidder expects to receive such regulatory approvals.

(p)    Consent to Jurisdiction. Each Qualified Bidder shall be deemed to have submitted to the jurisdiction of the Court and waive any right to a jury trial in connection with any disputes relating to the Receiver's qualification of bids, the Auction, the construction and enforcement of these Bidding Procedures, the sale documents, and the Closing, as applicable.

(q)    Joint Bids. Joint Bids are permitted, provided that the Qualified Bidders have complied with the Joint Bid Discussion Protocol.

(r)    Bid Deadline. Each Bid must be transmitted via email (in .pdf or similar format) so as to be actually received on or before January ~~6~~19, 2026 (the "**Bid Deadline**") by: (a) Counsel to the Receiver: Katten Muchin Rosenman LLP, Attn: John Mitchell (john.mitchell@katten.com) and Michaela Crocker (michaela.crocker@katten.com); (b) the Receiver's investment banker, Capstone Capital Markets, LLC, Attn: Skye Root (sroot@capstonepartners.com), Arnav Virmani (avirmani@capstonepartners.com), and Hunter Costello (hcostello@capstonepartners.com); and (c) Counsel for Plaintiff: Moore & VanAllen PLLC, Attn.; Steve Gruendel (stevegruendel@mvalaw.com)~~ and William Curtis (williamcurtis@mvalaw.com)~~.

**9.  Designation of Stalking Horse; Election to Move Forward with Credit Bid**

Pursuant to the Bidding Procedures Order, the Receiver is authorized, but not obligated, in his discretion and in consultation with the Consultation Parties, to designate a "**Stalking Horse Bidder**" for the Property and Related Property by filing a Notice of Stalking Horse Bidder with the Court, which will entitle such Stalking Horse Bidder to bid protections not to exceed two percent

(2%) in the aggregate of the initial cash Purchase Price set forth in the Stalking Horse PSA (the "**Bid Protections**"). If the Receiver designates a Stalking Horse Bidder, he will file a Notice of Stalking Horse Bidder with the Court that will include a purchase and sale agreement with the Stalking Horse (the "**Stalking Horse PSA**") and the proposed form of order approving a sale to the Stalking Horse Bidder. Bidders wishing to submit Qualified Bids must submit their Bid on the form of Stalking Horse PSA attached to the Notice of Stalking Horse Bidder.

Alternatively, the Receiver, in consultation with the Consultation Parties, may chose not to designate a Stalking Horse Bidder. If the Receiver does not designate a Stalking Horse Bidder, he will file a Notice of No Stalking Horse Bidder with the Court that will include a purchase and sale agreement with Plaintiff, or its assignee (the "**Credit Bid PSA**"). Bidders wishing to submit Qualified Bids must submit their Bid on the form of Credit Bid PSA attached to the Notice of No Stalking Horse Bidder. Parties submitting credit bids will not be eligible to receive Bid Protections.

**10.    Auction**

If the Receiver receives more than one Qualified Bid for the Property and Related Property, he will conduct the Auction to determine the Successful Bidder.

No later than the commencement of the Auction, the Receiver shall notify each Qualified Bidder of the highest or otherwise best Qualified Bid for the Property and Related Property, as determined in the Receiver's reasonable business judgment, in consultation with the Consultation Parties, as applicable (the "**Baseline Bid**"). The determination of which Qualified Bid constitutes the Baseline Bid and which Qualified Bid constitutes the Successful Bid shall take into account any factors the Receiver reasonably deems, in consultation with the Consultation Parties, relevant to the value of the Qualified Bid, including, but not limited to: (a) the amount and nature of the total consideration payable to the Receiver; (b) the likelihood of the Qualified Bidder's ability to close the sale and the timing thereof; and (c) the net economic effect of the value to be received by the Receiver from the transaction contemplated by the Qualified Bid Documents, including in light of the effect of any Bid Protections (collectively, the "**Bid Assessment Criteria**").

The Auction shall take place on Tuesday, January ~~13~~26, 2026, or such later date and time, and by such other means, as selected by the Receiver in consultation with the Consultation Parties.

The Auction shall be conducted in a timely fashion according to these Bidding Procedures, and the Receiver shall maintain a written or recorded transcript of the Auction. Remote participation by Qualified Bidders at the Auction will be permitted in the Receiver's discretion.

(a)    **The Receiver Shall Conduct the Auction.**

The Receiver or his designee shall direct and preside over the Auction. At the start of the Auction, the Receiver or his designee shall describe the terms of the Baseline Bid. All incremental Bids made thereafter shall be Overbids (defined below) and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders who submitted Bids. The Receiver shall maintain a written or recorded transcript of the Auction, including the Baseline Bid, all applicable Overbids, and the Successful Bid.

Only (i) Qualified Bidders and their legal and financial advisors and (ii) the members of, and advisors to, the Consultation Parties shall be entitled to attend the Auction, and the Qualified Bidders shall appear at the Auction in person or via Zoom and may speak or bid themselves or through duly authorized representatives. Only Qualified Bidders shall be entitled to Bid at the Auction. The Receiver may allow other parties to attend the Auction in his discretion.

(b)    **Terms of Overbid.**

"**Overbid**" means any Bid made at the Auction by a Qualified Bidder after the Receiver's announcement of the Baseline Bid. Each applicable Overbid must comply with the following conditions:

i.    *Minimum Initial Overbid.* The first overbid at the Auction (the "**Minimum Initial Overbid**") shall be in an amount not less than the purchase price set for in either the Stalking Horse PSA or Credit Bid PSA, as applicable, plus an amount equal to the Bid Protections, if any, plus an additional $1 million (the "**Initial Overbid Amount**"). The amount of the Initial Overbid shall be included in the Notice of Stalking Horse Bidder or Notice of No Stalking Horse Bidder, as applicable, filed with the Court.

ii.    *Minimum Overbid Increment.* Any Overbid following the Minimum Initial Overbid or following any subsequent Prevailing Highest Bid (as defined below) for the Property and Related Property shall be in increments of $1 million. The Receiver may

-12-

establish different overbid increments at the Auction, as determined by the Receiver in the exercise of his business judgment, in consultation with the Consultation Parties.

iii.    *Conclusion of Each Overbid Round*. Upon the solicitation of each round of Overbids, the Receiver may announce a deadline (as he may, in his business judgment, extend from time to time, the "**Overbid Round Deadline**") by which time any Overbids must be submitted to the Receiver.

Subsequent to each Overbid Round Deadline, the Receiver shall announce whether he has identified, after consultation with the Consultation Parties, an Overbid as being higher or otherwise better than the Baseline Bid, in the initial Overbid round, or, in subsequent rounds, the Overbid previously designated by the Receiver as the prevailing highest or otherwise best Bid (the "**Prevailing Highest Bid**"). The Receiver shall describe to all Qualified Bidders the material terms of any new Overbid designated by him as the Prevailing Highest Bid as well as the value attributable by the Receiver (after consultation with the Consultation Parties) to such Prevailing Highest Bid based on, among other things, the Bid Assessment Criteria.

iv.    *Overbid Alterations*. An applicable Overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable than any prior Bid or Overbid, as determined in the Receiver's reasonable business judgment, in consultation with the Consultation Parties, but shall otherwise comply with the terms of these Bidding Procedures.

(c)    **Consideration of Overbids.**

The Receiver reserves the right, in his reasonable business judgment and in consultation with the Consultation Parties, to adjourn the Auction one or more times to, among other things: (i) facilitate discussions between the Receiver and Qualified Bidders; (ii) allow Qualified Bidders to consider how they wish to proceed; and (iii) provide Qualified Bidders the opportunity to provide the Receiver with such additional evidence as the Receiver, in his reasonable business judgment, may require, that the Qualified Bidder has sufficient internal resources or has received sufficient

-13-

non-contingent debt and/or equity funding commitments to consummate the proposed transaction at the prevailing Overbid amount.

    (d)    **Closing the Auction.**

        i.    The Auction shall continue until there is only one Qualified Bid that the Receiver determines, in his reasonable business judgment, and in consultation with the Consultation Parties, to be the highest or otherwise best Bid. Such Qualified Bid shall be declared the "**Successful Bid**," and such Qualified Bidder, the "**Successful Bidder**" and at which point the Auction will be closed. The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then-Prevailing Highest Bid. The Receiver's acceptance of the Successful Bid is conditioned upon Court approval at the Sale Hearing.

        ii.    The Receiver shall not consider any Bids or Overbids submitted after the conclusion of the Auction, and any such Bids or Overbids shall be deemed untimely and shall under no circumstances constitute a Qualified Bid.

        iii.    No later than one day after the Auction, the Receiver shall cause the Qualified Bid Documents for the Successful Bid and Backup Bid (defined below) to be filed with the Court.

    (e)    **No Collusion; Good Faith *Bona Fide* Offer**

    Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that: (i) it has not engaged in any collusion with respect to the bidding; and (ii) its Qualified Bid is a good-faith bona fide offer, and it intends to consummate the proposed transaction if selected as the Successful Bidder.

    (f)    **Cancellation of Auction.**

    If the Receiver does not receive a competing Qualified Bid by the Bid Deadline, then the Receiver may file a notice cancelling the Auction and designating the sole Qualified Bidder as the Successful Bidder.

304229247

**11.    Backup Bidder**

The Qualified Bidder with the next highest or otherwise second-best Qualified Bid (the "**Backup Bid**") at the Auction, as determined by the Receiver in the exercise of his business judgment and in consultation with the Consultation Parties shall be required to serve as a backup bidder (the "**Backup Bidder**"). The Receiver shall announce the identity of any Backup Bidder and the amount and material terms of the Qualified Bid of the Backup Bidder at the conclusion of the Auction at the same time the Receiver announces the identity of the Successful Bidder. Unless otherwise agreed in writing by the Receiver in consultation with the Consultation Parties, the Backup Bidder shall be required to keep its Qualified Bid open and irrevocable until the closing of the transaction with the Successful Bidder. The Backup Bidder's Deposit shall be held by the Receiver until the closing of the transaction with the Successful Bidder. If the Successful Bidder fails to consummate its Successful Bid, the Receiver may select the Backup Bidder as the Successful Bidder, and such Backup Bidder shall be deemed the Successful Bidder for all purposes. The Receiver will be authorized, but not required, to consummate all transactions contemplated by the Bid of such Backup Bidder without further order of the Court or notice to any party. In such case, the defaulting Successful Bidder's Deposit shall be forfeited to the Receiver, and the Receiver specifically reserves the right to seek all available remedies against the defaulting Successful Bidder, including specific performance.

**12.    Reservation of Rights.**

The Receiver reserves the right to modify these Bidding Procedures in his reasonable business judgment, and in consultation with the Consultation Parties, in any manner that will best promote the goals of the bidding process, or impose, at or prior to the Auction, additional customary terms and conditions on the sale, including, without limitation: (a) extending the deadlines set forth in these Bidding Procedures; (b) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice; (c) adding procedural rules that are reasonably

-15-

304229247

necessary or advisable under the circumstances for conducting the Auction; (d) canceling the Auction; and (e) rejecting any or all Bids.

**13.    Sale Hearing.**

The hearing to approve the sale (the "**Sale Hearing**") shall take place in the courtroom of the Honorable Kirk E. Sherriff in the United States District Court for the Eastern District of California, Robert E. Coyle U.S. Courthouse, 2500 Tulare Street, Courtroom 6, 7th Floor, Fresno, California on **February 216, 2026, at 1:30 p.m. (PT)**. Following the conclusion of the Auction, with the consent of the Successful Bidder (in consultation with the Consultation Parties), or as otherwise directed by the Court, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the docket in the above-captioned case. At the Sale Hearing, the Receiver shall present the Successful Bid to the Court for approval.

**14.    Return of Deposit.**

The Deposit of the Successful Bidder shall be applied to the Purchase Price at closing. The Deposits for each Qualified Bidder shall be held in one or more accounts on terms acceptable to the Receiver in his sole discretion and shall be returned (other than with respect to the Successful Bidder and the Backup Bidder) on or within five (5) business days after the Auction.

If a Successful Bidder fails to consummate a proposed transaction because of a breach by such Successful Bidder, the Receiver will not have any obligation to return the Deposit deposited by such Successful Bidder, which may be retained by the Receiver as damages, in addition to any and all rights, remedies, or causes of action that may be available to the Receiver, and the Receiver shall be free to consummate the proposed transaction with the Backup Bidder without the need for an additional hearing or order of the Court.

304229247

## EXHIBIT 1 TO BIDDING PROCEDURES

List of APNs

| Map Location | APN Number | Assessor Acres |
|---|---|---|
| Calaveras Ranch | 040-020-18S | 160.00 |
| Kamm Avenue | 038-141-21S | 75.74 |

-17-

304229247

**EXHIBIT 2 TO BIDDING PROCEDURES**

<u>Form PSA</u>

(see attached)

304229247