Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*,
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>　　　　Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**RECEIVER'S ELEVENTH PERIODIC STATEMENT OF FEES AND EXPENSES** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

1

Lance Miller, solely in his capacity as the duly appointed receiver (the "**Receiver**") over the Receivership Property, as defined in the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (the "**Receivership Order**"),[2] hereby submits this *Eleventh Periodic Statement of Fees and Expenses* (the "**Fee Statement**").

## I. INTRODUCTION

### A. Overview

On November 27, 2024, Farmer Mac filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the Receivership Order appointing the Receiver as general receiver over the Receivership Property. Receivership Order ¶ 1.

### B. Retention of Professionals

On February 14, 2025, the Court entered the following orders:

- *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of November 27, 2024* [Dkt. No. 40], authorizing the Receiver to employ Cutts Law, PC ("**Cutts Law**") to serve as water-rights counsel and to assist the Receiver in other sale-related matters; and

- *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 41], authorizing the Receiver to employ Katten Muchin Rosenman, LLP ("**Katten**") as his general counsel.

The Receiver's employment of Pivot Management Group, LLC ("**Pivot**") as his financial advisor was approved by the Court in the Receivership Order. Receivership Order ¶ 4(v).

---

[2] All capitalized terms used but not defined in this Report shall have the meanings ascribed in the Receivership Order.

### C. Compensation Procedures

The Receivership Order requires the Receiver and his professionals to file and serve on the Notice Parties (*i.e.*, the Plaintiffs, the Defendants, and all parties receiving ECF notice in this Case) a Monthly Statement of the fees and expenses incurred for the prior month. Receivership Order ¶ 13(a)(i). The Receiver is authorized to pay all fees and expenses subject to a Monthly Statement upon the filing of such Monthly Statement (each, an "**Interim Payment**"). *Id.* ¶ 13(a)(ii). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Motion procedures, discussed below. *Id.*

## II. RECEIVER'S INVOICES

The Receiver and his professionals have incurred the following fees and expenses for November 2025 (the "**Fee Period**"):[3]

- Pivot: $2,252.25 ($2,252.25 fees and $0.00 expenses), *see* **Exhibit A.**
- Katten: $19,332.50 ($19,332.50 fees and $0.00 expenses), *see* **Exhibit B**; and
- Cutts Law: $2,125.00 ($2,125.00 fees and $0.00 expenses), *see* **Exhibit C**.

Although every effort has been made to include in this Fee Statement all fees and expenses incurred in the Fee Period, some fees and expenses might not be included herein due to delays caused by accounting and processing during the Fee Period. The Receiver reserves the right to make further application to this Court for allowance of such fees and expenses not included herein.

Notice of this Fee Statement will be provided as required by the Receivership Order.

---

[3] On September 16, 2024, the Receiver was appointed general receiver in the related case styled *The Prudential Company of America v. ACDF, LLC, et al.*, Case No. 1:24-cv-01102-KES-SAB (the "**Prudential Case**"), in which Pivot, Katten and Cutts Law serve as the Receiver's professionals. Fee statements filed in the Prudential Case include fees and expenses performed by Pivot and Katten that benefit Farmer Mac, but that are not billed to the Farmer Mac-specific matter number. Fees and services attributable to Farmer Mac will be reallocated as part of the Receiver's fourth quarterly fee statement in this case and the Receiver's fifth quarterly fee statement in the Prudential Case.

**III.     CONCLUSION**

WHEREFORE, Receiver respectfully submits this Fee Statement as of the date written below.

Dated: December 16, 2025                    Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/Terence G. Banich
        Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

## PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On December 16, 2025, I served the following document(s) described as:

**RECEIVER'S ELEVENTH PERIODIC STATEMENT OF FEES AND EXPENSES**

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on December 16, 2025 at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich