Terrence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**ORDER GRANTING FIRST MOTION TO APPROVE DISBURSEMENT OF PROCEEDS**<br><br>Related to Dkt. No. 191<br><br>Action Filed:   November 27, 2024<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

Upon due consideration of the *First Motion to Approve Disbursement of Proceeds* (the "**Motion**") filed by Lance E. Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), and the responses thereto, if any, the Court hereby finds and concludes as follows:

A. On November 27, 2024, Plaintiff filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause, and Injunctive Relief* [Dkt. No. 1] initiating the Case and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15];

B. On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (as amended, the "**Receivership Order**") appointing Lance E. Miller as Receiver over the Receivership Property (each as defined in the Receivership Order);

C. The Receivership Order authorizes the Receiver to collect proceeds arising from the sale of Receivership Property (the "**Proceeds**") and, after offsetting certain expenses, distribute the net Proceeds to Plaintiff. Receivership Order §§ 4(i), 12, 15;

D. On January 23, 2026, the Receiver filed the Motion seeking entry of an Order authorizing him to make the proposed distributions set forth in the Motion and directing that any parties objecting to the proposed distribution, including those claiming an interest in such Proceeds, file a response with the Court within fourteen (14) days of the filing of the Motion;

E. Based on the Proof of Service attached to the Motion, notice of the Motion and the Receiver's intent to distribute Proceeds as described therein was adequate and no other or further notice is necessary or required;

F. No Response was filed to the Motion with respect to the distribution listed below and such distribution is hereby deemed uncontested; and

G. Good cause exists to authorize the Receiver to make the distribution set forth below, subject to possible future disgorgement solely to the extent necessary to pay the valid claims of Administrative Claimants (as defined in the Receivership Order) pursuant to paragraphs 12 and 16 of the Receivership Order, after notice and a hearing with respect to any such disgorgement request. Based on the foregoing it is hereby

**ORDERED THAT:**

1. The distribution proposed in the Motion is hereby approved;

2. In furtherance of the authority to distribute Proceeds (as defined in the Receivership Order) granted to Receiver pursuant to the Receivership Order, the Receiver is hereby authorized to distribute **$1,999,724.11** to Plaintiff in partial satisfaction of certain of Plaintiff's liens and claims in this case;

3. The distribution authorized herein shall be considered an indefeasible payment to Plaintiff, subject to possible future disgorgement solely to the extent necessary to pay the valid claims of Administrative Claimants (as defined in the Receivership Order), pursuant to paragraphs 12 and 16 of the Receivership Order, after notice and a hearing with respect to any such disgorgement request; and

4. The relief granted herein is effective immediately upon entry of this Order.

IT IS SO ORDERED.

Dated:   February 13, 2026

_____
UNITED STATES DISTRICT JUDGE