Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449

*Attorneys for the Receiver*
Lance Miller

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION, | 1:24-cv-01455-KES-SAB |
| Plaintiff, | **RECEIVER'S CERTIFICATE OF INDEBTEDNESS NO. 2** |
| v. | |
| ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC, | **DATE OF ADVANCE: JANUARY 13, 2026**  **HONORABLE KIRK E. SHERRIFF** |
| Defendants. | |

1. FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Lance Miller, solely in his capacity as Court-appointed receiver ("**Receiver**"),

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

304109351

pursuant to ¶ 4(j) of the *Order Appointing Receiver and for Preliminary Injunction* dated January 3, 2025 [Dkt. No. 29, as amended by Dkt. No. 167] (the "**Receivership Order**"),[2] hereby issues this Receiver's Certificate of Indebtedness No. 2 ("**Certificate**") payable in the sum of $1,100,000.00, with interest thereon, from and after the date hereof, at an interest rate equal to Eighteen percent (18%) per annum to Plaintiff in exchange for advances from Plaintiff to Receiver up to and including that sum. A certified copy of the Receivership Order was recorded with the Recorder's Office of (a) Kern County on January 14, 2025, as Instrument No. 225004492, (b) Fresno County on January 16, 2025, as Instrument No. 2025-0003964, and (c) Kings County on January 17, 2025, as Instrument No. 2500728.

2. The purpose of this Certificate is to provide the necessary funds to Receiver to pay for the costs and expenses necessary to maintain, preserve and care for the Receivership Property, pay Receiver's and his professionals' fees and expenses, conduct business and operations in connection with the Receivership Property, and to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property. Receivership Order ¶ 15.

3. Subject to Paragraph 4(j) of the Receivership Order, this Certificate has seniority over all other encumbrances and claims against the receivership estate on a priority repayment basis, whether previously existing or hereafter created; and constitutes a <u>super priority</u> lien and charge upon all assets of the receivership estate, <u>senior in priority to all other liens and charges thereon</u>, including but not limited to (i) the Receivership Property and the rents and issues thereof and (ii) the 2025 and 2026 Crops and the proceeds of the 2025 and 2026 Crops. The funds advanced pursuant to this Certificate shall also qualify as an appropriate disbursement or protective advance under Plaintiff's loan documents. The liens and charges granted to Plaintiff hereunder, and the priority of such liens and charges, shall not exceed that granted in the Receivership Order. To the extent of any conflict, the Receivership Order controls.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Receivership Order.

4. This Certificate shall be considered pari passu with any other receiver's certificate issued in connection with the above-captioned proceeding or otherwise in respect of the Receivership Property, the rents and issues thereof, the 2025 and 2026 Crops and the proceeds thereof.

5. This Certificate (accrued interest and principal) is due and payable when the Court issues a formal order approving Receiver's final report and account of the receivership in this matter or as otherwise agreed to by Plaintiff and Receiver. Subject to paragraph 12 of the Receivership Order, Receiver shall make payments to the Plaintiff from the net proceeds of any Receivership Property, the rents and issues thereof, the 2025 and 2026 Crops and the net proceeds thereof, in the amount of any such proceeds (up to the full amount outstanding under this Receivership Note) unless the Plaintiff agrees to waive any such payment. Waiver by Plaintiff of any such payment to allow any such proceeds to be paid in respect of other debt besides that evidenced by the Receiver's Certificate shall not prejudice the Plaintiff's rights to any such future proceeds.

6. This Certificate is subject to redemption at any time before maturity, without any prepayment penalty, by payment to Plaintiff of the principal and interest then owing, if in the sole discretion of Receiver there are sufficient funds on hand in the receivership estate to make such payment. In the event that this Certificate has been satisfied, the holder of said Certificate shall file with the Secretary of State or record with the County Recorder of any county in which the Order or this Certificate, as the case may be, was recorded the appropriate document evidencing the satisfaction of this Certificate. Upon payment in full of this Certificate, the Plaintiff shall return the original of this Certificate to the Receiver.

7. Reserved.

8. This Certificate is issued under the authority of the U.S. District Court for the Eastern District of California and its Receivership Order appointing Receiver in this action, which includes a provision authorizing issuance of this Certificate.

9. This Certificate evidences an obligation of the receivership estate in this action and is not a personal obligation of the individual who acts as the Receiver thereof.

10. Receiver or the holder of this Certificate shall be authorized to file a copy of this

Certificate with the California Secretary of State or such other state in which the receivership estate holds any property interest and record a copy with any County Recorder for any County in which the receivership estate holds any interest in any real property, so as to afford notice to all parties interested in any real property that is held by the receivership estate. Failure to so file or record any Certificate shall not affect the priority of the lien for the obligations evidenced by this Certificate.

Dated: January 13, 2026

RECEIVER:

_____
Lance Miller, solely in his capacity as Court-appointed Receiver