Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449

*Attorneys for the Receiver*
Lance Miller

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION, | 1:24-cv-01455-KES-SAB |
| Plaintiff, | **RECEIVER'S SECOND AMENDED CERTIFICATE OF INDEBTEDNESS NO. 2** |
| v. | **DATE OF ADVANCE: JANUARY 13, 2026** |
| ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; WILLOW AVENUE INVESTMENTS, LLC; LINCOLN GRANTOR FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC, | **HONORABLE KIRK E. SHERRIFF** |
| Defendants. | |

1.    FOR GOOD AND VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Lance Miller, solely in his capacity as Court-appointed receiver ("**Receiver**"),

---

[1]    Designated as counsel for service pursuant to L.R. 182(c)(1).

pursuant to ¶ 4(j) of the *Order Appointing Receiver and for Preliminary Injunction* dated January 3, 2025 [Dkt. No. 29, as amended by Dkt. No. 167] (the "**Receivership Order**"),[2] hereby issues this Receiver's Second Amended Certificate of Indebtedness No. 2 ("**Certificate**")[3] payable in the sum of $1,100,000.00, with interest thereon, from and after the date noted above, at an interest rate equal to Eighteen percent (18%) per annum to Plaintiff in exchange for advances from Plaintiff to Receiver up to and including that sum. A certified copy of the Receivership Order was recorded with the Recorder's Office of (a) Kern County on January 14, 2025, as Instrument No. 225004492, (b) Fresno County on January 16, 2025, as Instrument No. 2025-0003964, and (c) Kings County on January 17, 2025, as Instrument No. 2500728.

2.    The purpose of this Certificate is to provide the necessary funds to Receiver to pay for the costs and expenses necessary to maintain, preserve and care for the Receivership Property, pay Receiver's and his professionals' fees and expenses, conduct business and operations in connection with the Receivership Property, and to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property. Receivership Order ¶ 15. The Receivership Property is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

3.    Subject to Paragraph 4(j) of the Receivership Order, this Certificate has seniority over all other encumbrances and claims against the receivership estate on a priority repayment basis, whether previously existing or hereafter created; and constitutes a super priority lien and charge upon all assets of the receivership estate, senior in priority to all other liens and charges thereon, including but not limited to (i) the Receivership Property and the rents and issues thereof and (ii) the 2025 and 2026 Crops and the proceeds of the 2025 and 2026 Crops. The funds advanced pursuant to this Certificate shall also qualify as an appropriate disbursement or protective advance

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Receivership Order.

[3]  The original Receiver's Certificate No. 2 is amended in order to attach a notary acknowledgment page and add Exhibit A.

305216615

under Plaintiff's loan documents. The liens and charges granted to Plaintiff hereunder, and the priority of such liens and charges, shall not exceed that granted in the Receivership Order. To the extent of any conflict, the Receivership Order controls.

4.    This Certificate shall be considered pari passu with any other receiver's certificate issued in connection with the above-captioned proceeding or otherwise in respect of the Receivership Property, the rents and issues thereof, the 2025 and 2026 Crops and the proceeds thereof.

5.    This Certificate (accrued interest and principal) is due and payable when the Court issues a formal order approving Receiver's final report and account of the receivership in this matter or as otherwise agreed to by Plaintiff and Receiver.  Subject to paragraph 12 of the Receivership Order, Receiver shall make payments to the Plaintiff from the net proceeds of any Receivership Property, the rents and issues thereof, the 2025 and 2026 Crops and the net proceeds thereof, in the amount of any such proceeds (up to the full amount outstanding under this Receivership Note) unless the Plaintiff agrees to waive any such payment.  Waiver by Plaintiff of any such payment to allow any such proceeds to be paid in respect of other debt besides that evidenced by the Receiver's Certificate shall not prejudice the Plaintiff's rights to any such future proceeds.

6.    This Certificate is subject to redemption at any time before maturity, without any prepayment penalty, by payment to Plaintiff of the principal and interest then owing, if in the sole discretion of Receiver there are sufficient funds on hand in the receivership estate to make such payment.  In the event that this Certificate has been satisfied, the holder of said Certificate shall file with the Secretary of State or record with the County Recorder of any county in which the Order or this Certificate, as the case may be, was recorded the appropriate document evidencing the satisfaction of this Certificate. Upon payment in full of this Certificate, the Plaintiff shall return the original of this Certificate to the Receiver.

7.    Reserved.

8.    This Certificate is issued under the authority of the U.S. District Court for the Eastern District of California and its Receivership Order appointing Receiver in this action, which includes a provision authorizing issuance of this Certificate.

3

305216615

9.    This Certificate evidences an obligation of the receivership estate in this action and is not a personal obligation of the individual who acts as the Receiver thereof.

10.    Receiver or the holder of this Certificate shall be authorized to file a copy of this Certificate with the California Secretary of State or such other state in which the receivership estate holds any property interest and record a copy with any County Recorder for any County in which the receivership estate holds any interest in any real property, so as to afford notice to all parties interested in any real property that is held by the receivership estate.  Failure to so file or record any Certificate shall not affect the priority of the lien for the obligations evidenced by this Certificate.

Dated: _April 24_2026

RECEIVER:

_____

Lance Miller, solely in his capacity as Court-appointed Receiver

No. 1:24-cv-01455-KES-SAB
RECEIVER'S  SECOND AMENDED CERTIFICATE OF INDEBTEDNESS NO. 2

305216615

**Exhibit "A"**
**Receivership Property**

**FRESNO COUNTY**:

**LEGAL DESCRIPTION**

THE LAND REFERRED TO IS SITUATED IN THE UNINCORPORATED AREA OF THE COUNTY OF FRESNO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

**PARCEL 1**:

THE NORTH HALF OF THE NORTHEAST QUARTER OF SECTION 22, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE PLAT THEREOF.

EXCEPTING THEREFROM THE NORTH 50 FEET, AS CONVEYED TO THE COUNTY OF FRESNO IN DEED RECORDED APRIL 22, 1970 IN BOOK 5780, PAGE 78 OF OFFICIAL RECORDS.

**APN: 038-141-21S**

**PARCEL 2**:

THE NORTHWEST QUARTER OF SECTION 8, TOWNSHIP 16 SOUTH, RANGE 16 EAST, MOUNT DIABLO BASE AND MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF;

EXCEPTING THEREFROM AN UNDIVIDED ONE-HALF INTEREST IN AND TO ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES NOW OR AT ANY TIME SITUATE IN AND UNDER SAID LAND, AS RESERVED IN THE DEED FROM R. T. HUGHES AND BESS L. HUGHES, HUSBAND AND WIFE, TO JOHN H. EDGAR AND RUBY DALE EDGAR, HUSBAND AND WIFE, AS JOINT TENANTS, JULY 10, 1950, RECORDED JANUARY 24, 1950 IN BOOK 2829 PAGE 69 OF OFFICIAL RECORDS, DOCUMENT NO. 4385.

ALSO EXCEPTING THEREFROM AN UNDIVIDED ONE-FOURTH INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS NOW OR AT ANY TIME HEREINAFTER SITUATE THEREIN AND THEREUNDER, TOGETHER WITH ALL EASEMENTS AND RIGHTS NECESSARY OR CONVENIENT FOR THE PRODUCTION, STORAGE AND TRANSPORTATION THEREOF AND THE EXPLORATION AND TESTING OF THE SAID REAL PROPERTY, AND ALSO THE RIGHT TO DRILL FOR, PRODUCE AND USE WATER FROM THE SAID REAL PROPERTY IN CONNECTION WITH DRILLING OR MINING OPERATIONS THEREON, AS RESERVED IN THE DEED FROM RAYMOND DALE JOHNSON TO BERNIE THURMAN AND JAMES V. GREGORY, AS TRUSTEES FOR TANYA MARIE MARSHALL UNDER THAT CERTAIN

305216615

IRREVOCABLE TRUST AGREEMENT DATED MAY 30, 1974, RECORDED ON JUNE 25, 1974 AS DOCUMENT NO. 47802.

ALSO EXCEPTING THEREFROM ALL IMPROVEMENTS AND FIXTURES THEREON INCLUDING, WITHOUT LIMITATION, ALL TREES AND PERMANENT PLANTINGS, PAVED AREAS, ROADS, FENCES, CANALS, DITCHES, BURIED AND PERMANENT IRRIGATION PIPE, CONTROL PANELS, TILE DRAIN SYSTEM, WELLS, CASINGS, PUMPS AND BOOSTER/LIFT PUMPS, MOTORS, FILTER SYSTEM, PIPELINES, BUILDINGS, HOUSES, SHEDS, STRUCTURES AND IMPROVEMENTS, IF ANY.

APN: 040-020-18S

**KERN COUNTY**:

**LEGAL DESCRIPTION**

THE LAND REFERRED TO IS SITUATED IN THE COUNTY OF KERN, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS

**PARCEL 1**:

THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN AN UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL AND GAS WITHIN OR UNDERLYING SAID LAND, AS PREVIOUSLY RESERVED OF RECORD.

APN: 220-170-01

**PARCEL 2**:

THE NORTHEAST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.&M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

305216615

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

**APN: 220-170-02**

**PARCEL 3**:

THE WEST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING OF THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

ALSO EXCEPTING ALL OIL, GAS AND OTHER HYDROCARBONS; NON-HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY.

ALSO EXCEPTING ALL GEOTHERMAL RESOURCES, EMBRACING: INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER

305216615

AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

ALSO EXCEPTING, THE SOLE AND EXCLUSIVE RIGHT FROM TIME TO TIME TO DRILL AND MAINTAIN WELLS OR OTHER FACILITIES INTO OR THROUGH SAID REAL PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS FOR THE PURPOSE OF EXPLORING FOR AND PRODUCING ENERGY RESOURCES; THE EXCLUSIVE RIGHT TO PRODUCE, INJECT, STORE, AND REMOVE FROM AND THROUGH SUCH WELLS OR FACILITIES, OIL, GAS, WATER AND OTHER SUBSTANCES OF WHATEVER NATURE, INCLUDING THE RIGHT TO PERFORM ANY AND ALL OPERATIONS DEEMED BY GRANTOR NECESSARY OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONDUCT SEISMIC TESTING AND CONSTRUCT, MAINTAIN AND OPERATE PIPELINES, VALVES, CATHODIC PROTECTION FACILITIES, AND APPURTENANCES; AND THE EXCLUSIVE RIGHT TO UTILIZE OR OCCUPY SUBSURFACE FORMATIONS TO STORE OR DISPOSE OF PRODUCED WATER OR OTHER FLUIDS WITHOUT REGARD TO THEIR PLACE OF ORIGIN, AS RESERVED BY CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION, IN DEED RECORDED JUNE 6, 2004 AS DOCUMENT NO. 0204130494, OFFICIAL RECORDS.

**APN: 220-170-07**

**PARCEL 4**:

THE SURFACE AND 500 FEET OF THE SUBSURFACE VERTICALLY IN DEPTH BELOW THE SURFACE OF THE EAST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL, GAS, ASPHALTUM, AND OTHER HYDROCARBONS AND OTHER MINERALS, WHETHER SIMILAR TO THOSE HEREIN SPECIFIED OR NOT, WITHIN OR THAT MAY BE PRODUCED FROM SAID PARCEL, 500 FEET IN DEPTH, TOGETHER WITH THE EXCLUSIVE RIGHT TO ENTER UPON SAID PREMISES FOR THE PURPOSE OF MINING FOR AND REMOVING THE SAME THEREFROM, AS EXCEPTED AND RESERVED IN THE DEED FROM STANDARD OIL COMPANY OF CALIFORNIA, A DELAWARE CORPORATION, TO CALIFORNIA LAND AND CATTLE COMPANY, A CORPORATION, RECORDED SEPTEMBER 18, 1963, IN BOOK 3644, PAGE 951 OF OFFICIAL RECORDS.

**APN: 220-170-08 and 220-170-09 and 220-170-10**

305216615

**PARCEL 5**:

THE NORTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT 1/2 OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA, AND OTHER\ HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, AS EXCEPTED IN A DECREE OF DECLARATION OF TAKING DATED DECEMBER 31, 1942, A CERTIFIED COPY OF WHICH WAS RECORDED JANUARY 13, 1943 IN BOOK 1090, PAGE 341 OF OFFICIAL RECORDS, AND AS EXCEPTED IN DEED FROM UNITED STATES OF AMERICA, DATED JANUARY 24, 1949 RECORDED MARCH 17, 1949 IN BOOK 1602, PAGE 105 OF OFFICIAL RECORDS.

ALSO EXCEPT REMAINING 1/2 OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA AND OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, TOGETHER WITH RIGHT OF ENTRY.

**APN: 220-170-11**

**PARCEL 6**

ALL OF THE SOUTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL MINERALS OF WHATSOEVER NATURE (INCLUDING BUT NOT LIMITED TO OIL, GAS, OTHER HYDROCARBONS AND ASSOCIATED SUBSTANCES) IN, UNDER OR WHICH MAY BE PRODUCED THEREFROM, TOGETHER WITH ALL RIGHTS AND PRIVILEGES OF INGRESS, EGRESS, USE AND OCCUPANCY OF, UPON AND WITHIN THE SURFACE AND SUBSURFACE THEREOF AS THE OWNER OF THE AFORESAID MINERALS MAY FROM TIME TO TIME DEEM NECESSARY OR CONVENIENT IN CONNECTION WITH THE EXPLORATION, DEVELOPMENT AND OPERATION OF SAID LANDS FOR THE AFORESAID MINERALS AND THE STORING, HANDLING, TREATING AND TRANSPORTATION THEREOF, ALL WITHOUT LIABILITY WHATSOEVER TO GRANTEE AND ALL AS CONVEYED BY GRANTORS TO SONICO, INC., A DELAWARE CORPORATION, BY MINERAL DEED DATED FEBRUARY 28, 1967, AND RECORDED IN BOOK 4030, PAGE 208 OF OFFICIAL RECORDS OF KERN COUNTY.

APN: 220-170-31 and 32

9

305216615

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On _04/24/2026_, before me, _Nicole R. Smith_, Notary Public, personally appeared _Lance Miller_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NICOLE R. SMITH
Notary Public - California
Los Angeles County
Commission # 2522173
My Comm. Expires Jun 30, 2029

Signature _____

10

No. 1:24-cv-01455-KES-SAB
RECEIVER'S SECOND AMENDED CERTIFICATE OF INDEBTEDNESS NO. 2

305216615