Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449
*Attorneys for the Receiver Lance Miller*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC;COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER REQUESTING INSTRUCTION FROM THE COURT; MEMORANDUM IN SUPPORT**<br><br>Proposed Hearing Date: September 8, 2026<br>Hearing Time: 1:30 p.m. PT<br>Location: Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge: Hon. Kirk E. Sherriff<br>Action Filed: November 27, 2024 |

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **September 8, 2026, at 1:30 p.m. PT**, or such other date as the matter can be heard, in Courtroom 6, located at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will, and hereby does, by and through his undersigned counsel, request instruction from the Court regarding next steps in the administration of the Remaining Receivership Assets (defined in the attached Motion) in light of the forthcoming satisfaction of Plaintiff's liens.

In support of the requested relief, the Receiver relies upon the Motion and the other files and records in this action the Court may consider.

**PLEASE TAKE FURTHER NOTICE THAT** the Motion is made following the conference of counsel that took place the week of August 24, 2026, pursuant to the local rules of this Court with:

- Steve Gruendel and Zachary Smith of Moore & Van Allen PLLC on behalf of Plaintiff Federal Agricultural Mortgage Corporation, who does not take a position regarding the Motion or the Receiver's efforts to sell the Remaining Property;
- Riley Walter and Ian Quinn of Wanger Jones Hesley PC on behalf of the Farming Defendants (as defined in the Receivership Order), who stated that he needs to discuss the Motion with his client and does not currently take a position;
- Bernie Kornberg of Miller Nash LLP on behalf of Rooster Capital IV, LLC ("**Rooster**"), the second-lien holder on certain Receivership Property, who stated that his client does not oppose the Motion or the Receiver's efforts to sell the Remaining Property; and
- Richard Pachulski and Ira Kharasch of Pachulski Stang Ziehl & Jones LLP on behalf of American Equity Investment Life Insurance Company ("**AEIL**"), the third-lien holder on certain Receivership Property, who stated that his client does not oppose the Motion or the Receiver's efforts to sell the Remaining Property

Dated: August 26, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Arlen P. Moradi*
Arlen P. Moradi

*Attorneys for the Receiver,*
Lance Miller

**MEMORANDUM OF POINTS AND AUTHORITIES**

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), hereby requests that the Court schedule a hearing at which time it may provide the Receiver with instruction regarding administration of the Remaining Receivership Property (defined below) in light of the forthcoming satisfaction of Plaintiff's liens.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. The FAMC Receivership

On November 27, 2024, Federal Agricultural Mortgage Corporation ("**Plaintiff**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause, and Injunctive Relief* [Dkt. No. 1] (the "**Complaint**") initiating the above-captioned case the (the "**Case**") and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15]. Per the Complaint, as of the date the Case was filed, the outstanding amount owed to Plaintiff under the Loan Documents (as defined in the Complaint), inclusive of interest and fees, was approximately $41,833,201.

On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (as amended or supplemented, the "**Receivership Order**") appointing the Receiver as receiver over the Receivership Property (as defined in the Receivership Order).

During the Case, and in accordance with the Receivership Order, Plaintiff provided funding to the receivership estate in the amount of $6,335,000, as evidenced by Receivership Certificate No. 1 in the amount of $5,235,000 [Dkt. No. 216 and Receivership Certificate No. 2 in the amount of $1,100,000 [Dkt. No. 242]. Receivership Order ¶ 4(j).

### B. Sales of Receivership Property

The scope of the Receiver's duties under the Receivership Order includes "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval." Receivership Order ¶ 15.

Following his assessment of the Receivership Property, the Receiver determined. in the exercise of his reasonable business judgment, that an organized sale process would maximize value. In this regard, the Receiver, with Court approval, employed Capstone Capital Markets LLC ("**Capstone**") to act as his investment banker [Dkt. No. 89] and Pearson Realty to serve as his real estate broker [Dkt. No. 82]. To date, the Receiver has completed the following sales of Receivership Property:

| **Property [Dkt. No.]** | **Purchase Price** | **Sale Order Entered [Dkt. No.]** |
|---|---|---|
| Solar Pacels [Dkt. No. 121] | $9,884,400 | September 10, 2025 [Dkt. No. 105] |
| Mission Ranch [Dkt. No. 151] | $14,000,000 | December 11, 2025 [Dkt. No. 176] |
| Oliviera [Dkt. No. 184] | $31,020,000 | February 13, 2026 [Dkt. No. 205] |
| Gardner [Dkt. No. 248] | $4,000,000 | June 22, 2026 [Dkt. No. 259] |

During the Case, the Receiver also distributed to Plaintiff the proceeds of crop sales subject to Plaintiff's lien in the amount of $3,003,816.23.

As of the filing of this Motion, the Receiver believes that he is holding sufficient funds to repay Plaintiff in full, as well as satisfy all associated administrative claims of the receivership estate, including professional fees and trade debt incurred during the Case and those estimated to be incurred in closing the receivership.

Upon satisfaction of Plaintiff's liens, APN Nos. 038-141-21S and 040-020-18S and associates rights (collectively, the "**Remaining Receivership Property**") will be the primary assets remaining to be administered by the Receiver.[2] The Remaining Receivership Property is subject to second liens held by Rooster Capital IV, LLC ("**Rooster**") and third liens held by American Equity

[2] There will be certain receivables and other assets that will be addressed in the Receiver's final report, when filed, but those assets are outside the scope of this Motion.

Investment Life Insurance Company ("**AEIL**").[3] The Receiver does not believe there will be sufficient funds in the receivership estate to satisfy the second lienholder in full.

The Receiver and Capstone have worked tirelessly since Capstone's employment to market and sell the Remaining Receivership Parcels, which comprise approximately 253 assessed acres, in conjunction with the sale of approximately 31,556 assessed acres of related land and associated rights (the "**Related Parcels**") in the case styled *The Prudential Insurance Company of America, et al. v. ACDF, LLC, et al.,* Case No. 24-cv-1102-KES-SAB. As reflected by both the bidding procedures [Dkt. No. 170] and amended bidding procedures [Dkt. No. 266] approved by this Court, the Remaining Receivership Property and the Related Parcels were marketed together and contemplated to be single, integrated sale due to interrelated infrastructure and operations.

After extensive negotiations over the course of approximately one year, on June 17, 2026, the Receiver signed (subject to Court approval) the *Amended and Restated Purchase and Sale Agreement and Joint Escrow Instructions* (the "**PSA**") to sell the Remaining Receivership Property to Brightfield Investments, LLC or its designee (the "**Proposed Buyer**").[4] A similar PSA was concurrently executed with Proposed Buyer with respect to the Related Parcels.

After failing to receive competing bids, the Proposed Buyer was named as the "Successful Bidder" for the Remaining Receivership Property and the Related Parcels and the hearing to consider the sales is currently scheduled for September 8, 2026, at 1:30 p.m. PT. *See Notice of (I) Cancellation of Auction and (II) Successful Bidder (Westlands)* [Dkt. No. 276]; *Notice of (I) Cancellation of Auction and (II) Successful Bidder (Westlands)* Case No. 24-cv-1102-KES-SAB, Dkt. No. 493.

Both Proposed Buyer and the Receiver are prepared to move forward with the concurrent sales; however, the Receiver desires instruction from this Court regarding the scope of his authority over the Remaining Receivership Property considering his ability to repay Plaintiff and wind down the receivership estate with funds on hand.

---

[3] Once Plaintiff is paid in full, U.S. Bank, N.A. will hold a first lien on the crops harvested from the identified parcels.

[4] The PSA supersedes a prior version of the PSA executed in January 2025 that was not presented to the Court for approval.

Accordingly, Pursuant to Paragraph 4(e) of the Receivership Order,[5] the Receiver files this Motion to seek instruction from the Court regarding next steps in the Case, including whether his charge under the Receivership Order provides the authority to sell the Remaining Receivership Property to Proposed Buyer in accordance with the PSA and in tandem with the sale of the Related Property.

## II. NOTICE

On the date the notice of this Motion is filed, or within one (1) business day thereof, the Receiver will cause this Motion to be served via (i) the Court's ECF filing system and (ii) first class mail to the service list established in this case that includes, among others, Plaintiff, Defendants, Rooster, AEIL, and other parties that have contacted the Receiver to request service of pleadings in the case.

## III. CONCLUSION

For the reasons set forth above, the Receiver respectfully submits that good cause exists for the Court to holding a hearing on September 8, 2026, to instruct the Receiver with respect to the administration of the Remaining Receivership Property.

//
//

[5] Paragraph 4(e) authorizes the Receiver to "make a motion or application to the Court regarding instruction or clarification in connection with the powers and scope of the receivership, Receivership Property, and this Order, including but not limited to obtaining orders further instructing the Receiver or orders clarifying or expanding the scope of the receivership or the Receivership Property[.]"

Dated: August 26, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: *<u>/s/ Arlen P. Moradi</u>*
Arlen P. Moradi

*Attorneys for the Receiver,*
Lance Miller

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On August 26, 2026, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER REQUESTING INSTRUCTION FROM THE COURT; MEMORANDUM IN SUPPORT**

as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses on **Exhibit 1** attached hereto and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
snb300@aol.com
llindenau@larsonlindenau.com
legal@goldenstatecleanenergy.com

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2026, at Los Angeles, California

*/s/Arlen P. Moradi*
Arlen P. Moradi