Docusign Envelope ID: D2CD9FCE-E90F-8C32-8037-F8408381898D



Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449

*Attorneys for the Receiver* Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC;COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,<br><br>Defendants. | No. 1:24-cv-01455-KES-SAB<br><br>**DECLARATION OF LANCE MILLER IN SUPPORT OF WESTLANDS SALE**<br><br>Hearing Date: September 8, 2026<br>Hearing Time: 1:30 p.m. PT<br>Location: Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Related to Dkt. No. 144, 266, 276<br><br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed: September 16, 2024 |

//

//

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

I, Lance E. Miller, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Notice of (I) Cancellation of Auction and (II) Successful Bidder (Westlands)* [Dkt. No. 276] (the "**Sale Notice**"). Capitalized terms used but not defined in my Declaration have the meanings ascribed in the *Amended Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling Sale Hearing (Westlands)* [Dkt. No. 266] (the "**Amended Bidding Procedures Order**" approving the "**Amended Bidding Procedures**").

3. I am the Founder and a Managing Director of Pivot Management Group, LLC, a financial advisory and turnaround management firm with an office located at 1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266. I have more than 19 years of experience in complex receiverships, workouts, restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney and later as a partner in distressed advisory firms (including Pivot Group), I have provided services over a multitude of industries and markets to companies, creditors, equity holders, asset purchasers, receiverships, and creditors' trusts.

4. On November 27, 2024, Federal Agricultural Mortgage Corporation ("**Plaintiff**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause, and Injunctive Relief* [Dkt. No. 1] (the "**Complaint**") initiating the above-captioned case the (the "**Case**") and an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

5. On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 29] (as amended or supplemented, the "**Receivership Order**") appointing me as receiver over the Receivership Property (as defined in the Receivership Order). The scope of my duties under the Receivership Order include: "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval." Receivership Order ¶ 15.

6. In consultation with Capstone Capital Markets LLC ("**Capstone**"), my other professional advisors, and Plaintiff, I evaluated the Receivership Property and various potential marketing strategies, including marketing all Receivership Property together, attempting to market Receivership Property with non-receivership property, or splitting the property into separate groups. Ultimately, in order to maximize value, I decided in the exercise of my business judgment to place the Receivership Property into two categories in relation to the marketing and sale process: (i) parcels of real estate that should be sold together in order to maximize value, which includes the "Westlands" property that is the subject of the Sale Notice (the "**Property**"), and (ii) parcels of real estate to be sold on a stand-alone basis and were marketed by a real estate broker. In the exercise of my business judgment, I thereafter determined that conducting an organized sale process, via a competitive public auction, would enable me to obtain the highest and best offer for the Property and would be in the best interest of stakeholders.

7. On December 1, 2025, the Court entered an order [Dkt. No. 170] (the "**Original Bidding Procedures Order**") approving the bidding and sale procedures for the Property. On July 7, 2026, the Court entered the Amended Bidding Procedures Order approving the Amended Bidding Procedures.

8. As reflected in the *Declaration of Skye Root* filed concurrently herewith, Capstone has undertaken an extensive marketing process for the Property that began in April 2025.

9. As a result of Capstone's marketing efforts, and in consultation with Plaintiff, on June

Docusign Envelope ID: D2CD9FCE-E90F-8C32-8037-F8408381898D



17, 2026, I signed a *Purchase and Sale Agreement and Joint Escrow Instructions* with Brightfield Investments, LLC ("**Buyer**) for the sale of the Property, along with associated interests, for a purchase price of **$2,346,147** plus/minus certain adjustments as set forth in the Purchase and Sale Agreement.

10. The Bidding Procedures were served to, among others: (i) Plaintiff and its counsel; (ii) Defendants and their respective counsel; (iii) Buyer and all parties known to have a bona fide interest in purchasing the Property; (iv) various governmental entities, including taxing and water management authorities; (v) all parties known to have asserted an Interest in the Property, including the junior lienholders; and (vi) the various entities that have participated in this case, including the lenders and receivers in associated receivership cases and their respective counsel. *See Proof of Service* [Dkt. No. 275].

11. I also published notice of the proposed sale of the Property in (a) The Bakersfield Californian, (b) The Business Journal, and (c) The Hanford Sentinel newspapers on September 19, 2025, September 26, 2025, October 3, 2025, and October 10, 2025. *See Proof of Service by Publication* [Dkt. No. 171].

12. The deadline to submit competing, Qualified Bids passed on July 31, 2026, and no competing bids were received. The auction was cancelled and Brightfield Investments LLC or its designee ("**Buyer**") was named the Successful Bidder for the Property.

13. I filed the Sale Notice with the Court on August 6, 2026, informing parties of the identity of the Successful Bidder and attaching a copy of the Successful Bidder's Purchase and Sale Agreement and the proposed from of order approving the sale. Pursuant to the Bidding Procedures, objections to the proposed sale were due on or before August 12, 2026, which was extended to August 19, 2026, for certain Defendants. No objections were received.

14. Based upon these facts, and in the exercise of my business judgment, I believe that the Buyer's Purchase and Sale Agreement represents the highest and best offer for the Property and the sale of the Property to Buyer pursuant to such agreement is in the best interests of the receivership estate and should be approved. I do not believe that additional marketing of the Property would give rise to a higher or better offer to purchase the Property.

Docusign Envelope ID: D2CD9FCE-E90F-8C32-8037-F8408381898D



15. Based on my counsel's review of public records, it appears that, as of closing, sale proceeds will be sufficient to satisfy all closing costs and liens, other than those of the junior lienholders, each of whom consent to the sale.

16. To the best of my knowledge and belief, the marketing and proposed sale of the Property was done in compliance with the Bidding Procedures Order.

17. I respectfully request that the Court enter an order approving the sale to Buyer free and clear of interests pursuant to the terms set forth in the Purchase and Sale Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2026
In Manhattan Beach, California

By: DocuSigned by: Lance Miller F181C7A978754AD...
Lance E. Miller

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On September 4, 2026, I served the following document(s) described as:

**DECLARATION OF LANCE MILLER IN SUPPORT OF NOTICE OF PROPOSED AUCTION AND SALE OF REAL PROPERTY (SANDRINI)**

as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
ckay@caagproperties.com
mindynili@gmail.com

OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
snb300@aol.com
llindenau@larsonlindenau.com
legal@goldenstatecleanenergy.com

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

Docusign Envelope ID: D2CD9FCE-E90F-8C32-8037-F8408381898D



**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on September 4, 2026, at Los Angeles, California.

*/s/ Arlen P. Moradi*
Arlen P. Moradi