Docusign Envelope ID: 220FBDE8-E38E-8CF6-82D6-6F2877371399

Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449

*Attorneys for the Receiver* Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

FEDERAL AGRICULTURAL MORTGAGE CORPORATION,

Plaintiff,

v.

ASSEMI BROTHERS, LLC; MARICOPA ORCHARDS, LLC; C & A FARMS, LLC; WHITESBRIDGE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC;COPPER AVENUE INVESTMENTS, LLC; ACAP FARMS, LLC; CANTUA ORCHARDS, LLC; GRADON FARMS, LLC,

Defendants.

No. 1:24-cv-01455-KES-SAB

**DECLARATION OF SKYE ROOT IN SUPPORT OF WESTLANDS SALE**

Hearing Date: September 8, 2026
Hearing Time: 1:30 p.m. PT
Location: Courtroom 6, 7th Floor
2500 Tulare Street
Fresno, CA 93721

Related to Dkt. No. 144, 266, 276

Judge: Hon. Kirk E. Sherriff

Action Filed: September 16, 2024

//

//

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

I, Skye Root, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen years, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or opinion, information learned from my review of relevant documents, and information I have received from Lance Miller, in his capacity as the Court-appointed receiver (the "**Receiver**") in the above-captioned case, from the Receiver's agents or advisors, and from other members of the team at Capstone Capital Markets LLC ("**Capstone**"). If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Notice of (I) Cancellation of Auction and (II) Successful Bidder (Westlands)* [Dkt. No. 276] (the "**Sale Notice**"). Capitalized terms used but not defined in my Declaration have the meanings ascribed in the *Amended Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling Sale Hearing (Westlands)* [Dkt. No. 266] (the "**Amended Bidding Procedures Order**" approving the "**Amended Bidding Procedures**").

3. I am a Managing Director at Capstone Partners, Inc. and have held that position since December 2023. As a Managing Director at Capstone Partners, Inc., I am authorized to submit this declaration on behalf of Capstone and in support of the Sale Notice.

4. Capstone is a full-service investment bank with broad reach to investors throughout domestic and international markets. For a transaction of this size and nature, Capstone has access to top national and multinational strategic and financial buyers of agricultural businesses and assets.

5. Throughout my career, I have specialized in agricultural transaction advisory and sales, agricultural management, and consulting throughout the United States and with a particular focus in the western United States. In this regard, I have an extensive network of local and regional brokers and farmland buyers across the western United States. I have completed sales of agricultural properties in seven states, including California, aggregating over $2.1 billion since 2011. Additionally, I have regularly provided in-depth agricultural management consulting. I also have

extensive experience with a wide variety of agricultural operations, including those similar to the defendants' farming operations conducted at the Property.

6. The Receiver retained Capstone to be his investment banker pursuant to the *Order Authorizing Engagement and Compensation of Capstone Capital Markets LLC as Investment Banker* [Dkt. No. 89] entered on May 13, 2025.

7. The Receiver, with the assistance of Capstone, began marketing the Property in April 2025. Working with the Receiver, Capstone reached out to its extensive network of potential acquirors of the Property, including brokers, landowners, operators, and potential investors throughout the United States and internationally. In this process, the Receiver through Capstone has now contacted over 125 potential buyers and executed 40 non-disclosure agreements (each, an "**NDA**") with interested parties.

8. Following execution of an NDA, each interested party was provided a voluminous Confidential Information Memorandum and access to a comprehensive virtual data room (the "**VDR**"). The VDR contains, among other things, detailed ranch-by-ranch and parcel-by-parcel descriptions of the Property, key agreements related to the Property, a financial model, and ranch and soil maps. In addition, interested parties were hosted for guided or self-guided tours of the Property.

9. Each interested party also received a copy of Capstone's process letter, which provided guidance for two rounds of non-binding Letters of Intent (each, an "**LOI**"). Following receipt of the first round LOIs, Capstone and the Receiver selected the most likely parties to move forward to the second round. In the second round, the parties were directed to submit their highest and best offers to become the Stalking Horse Bidder for the Property.

10. With each of the parties chosen to participate in the second round, Capstone and the Receiver negotiated proposed deal terms tied to transaction structure, water issues, crop conditions, and third-party financing. The negotiations those parties spanned several months in order to secure the best possible terms. Once an LOI was selected to move forward, Capstone and the Receiver negotiated an Asset Purchase Agreement with Brightfield Investment LLC ("**Buyer**") as Stalking Horse Bidder with particular focus on satisfaction of Buyer's financing conditions.

Contemporaneously, Capstone and the Receiver sought to attract other parties to compete for the role of Stalking Horse Bidder, in the event Buyer was unable to timely secure its financing or, if it did, to participate as potential over-bidders in an auction. Other parties expressed interest, but no party proposed a purchase agreement with terms higher or better than Buyer's.

11. At the conclusion of the stalking horse process on July 10, 2026, the Receiver designated Buyer as the Stalking Horse Bidder [Dkt. Nos. 268, 270].

12. The deadline to submit Qualified Bids passed on July 31, 2026, and no competing bids were received. Accordingly, no Auction will be held. Buyer or its designee has been named the Successful Bidder for the Property.

13. Based on my professional experience and the results of an extensive marketing process, I believe the bid submitted by Buyer is the highest and best offer and it is unlikely that a continued marketing process would result in a higher or better offer for the Property.

14. To the best of my knowledge and belief, the marketing and proposed sale of the Property has been done in compliance with the Bidding Procedures Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2026
In Boise, Idaho

By: Signed by: [signature] EFE16B238859430...
Skye Root

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On September 4, 2026, I served the following document(s) described as:

**DECLARATION OF SKYE ROOT IN SUPPORT OF NOTICE OF PROPOSED AUCTION AND SALE OF REAL PROPERTY (SANDRINI)**

as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
snb300@aol.com
llindenau@larsonlindenau.com
legal@goldenstatecleanenergy.com

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

Docusign Envelope ID: 220FBDE8-E38E-8CF6-82D6-6F2877371399

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on September 4, 2026, at Los Angeles, California.

*/s/ Arlen P. Moradi*
Arlen P. Moradi