**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
iquinn@wjhattorneys.com

Attorneys for Defendants ACAP Farms, LLC,
Assemi Brothers, LLC, C & A Farms, LLC,
Cantua Orchards, LLC, Copper Avenue Investments, LLC,
Gradon Farms, LLC, Lincoln Grantor Farms, LLC,
Maricopa Orchards, LLC, Whitesbridge Farms, LLC,
Willow Avenue Investments, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>FEDERAL AGRICULTURAL MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ASSEMI BROTHERS, et al.,<br><br>Defendants. | Case No. 1:24-cv-01455-KES-SAB<br><br>**ANSWER OF DEFENDANTS ACAP FARMS, LLC, ASSEMI BROTHERS, LLC, C & A FARMS, LLC, CANTUA ORCHARDS, LLC, COPPER AVENUE INVESTMENTS, LLC, GRADON FARMS, LLC, LINCOLN GRANTOR FARMS, LLC, MARICOPA ORCHARDS, LLC, WHITESBRIDGE FARMS, LLC, AND WILLOW AVENUE INVESTMENTS, LLC TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants ACAP Farms, LLC; Assemi Brothers, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Copper Avenue Investments, LLC; Gradon Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Whitesbridge Farms, LLC; and Willow Avenue Investments, LLC (the "Defendants") hereby answer the *Complaint for (1) Breach of Contract; (2) Appointment of Receiver, Accounting, and Specific Performance; and (3) for Injunctive Relief*

*Against All Defendants;* (the "Complaint") filed by Plaintiff Federal Agricultural Mortgage Corporation (the "Plaintiff") [Dkt. No 1] in the above-captioned case, as follows.

**RESPONSE TO COMPLAINT**

Defendants deny each and every allegation in the Complaint unless specifically admitted. Below, Defendants address each numbered paragraph.

**INTRODUCTION**

1. Borrower Defendants breached their obligations owing to Farmer Mac under various loans. Consequently, Farmer Mac now seeks judgment against the Borrower Defendants for amounts owed through the date of judgment as a result of the breach of the Farmer Mac Loans (as defined herein), the appointment of a receiver, an accounting, and specific performance of its right to possession and rents and profits under the applicable section of each of the Deeds of Trust (as defined herein), in addition to injunctive relief.

***Response:*** Defendants lack sufficient information to deny the broad and vague statements of the first sentence, and therefore, deny same. The second sentence is a request for relief and stated legal conclusions and Defendants assert a specific admission or denial is not required but, if a response is required, Defendants deny same.

2. Borrower Defendants have defaulted on their obligations under the Farmer Mac Loans (as defined herein) by, inter alia, failing to make payment of outstanding accrued interest and outstanding principal on or before July 1, 2024, under certain of the Farmer Mac Loans more particularly described below, in addition to certain financial covenant defaults under the terms of certain of the Farmer Mac Loans as defined below. As of the filing hereof, the outstanding amount owed under the Loan Documents, inclusive of interest and fees, by the Borrower Defendants is $41,833,201.59.

***Response:*** Defendants lack sufficient information to deny the broad and vague statements of the first sentence, and therefore, deny same. Defendants lack sufficient information to deny the assertions in the second sentence, and therefore, deny same.

3. Unless a receiver is appointed to, inter alia, collect rents, protect and manage the Real Property (as defined herein), the Real Property, which serves as Farmer Mac's Collateral

(as defined herein) is at risk of significant harm and diminution of value, resulting in significant harm to Farmer Mac. The Real Property consists of approximately 4,373 acres of real property utilized for the farming of pistachios and almonds, with certain tracts of such Real Property dedicated to the development of solar power generation. The farmland requires regular care and maintenance to preserve its value and ensure the health of the pistachio and almond trees on the land. Upon information and belief, the Borrower Defendants' (and related farming entities) business situation is such that they lack the necessary funds to maintain their real property and crops, including the Real Property, as a result of severe financial stress, and the same is in danger of damage or harm, ultimately causing harm to Farmer Mac. The Borrower Defendants' and related entities' financial distress has resulted in the commencement of multiple legal actions and appointment of multiple receivers already as a result of the Borrower Defendants and their related entities having outstanding debts due and owing in an amount close to $1,000,000,000 with no means to repay such debts, including that owed to Farmer Mac.

***Response:*** Defendants lack sufficient information to deny the broad and vague statements of the first sentence, and therefore, deny same. Defendants admit the second sentence. Defendants admit the third sentence. Defendants admit the Borrower Defendants suffered financial distress but lack information as to harm or effect on Farmer Mac, so, Defendants deny same. Defendants assert the final sentence is compound and therefore deny same in its totality. Defendants admit multiple suits were filed against related entities and receivers have been appointed. As to the remainder of the assertions, Defendants deny same.

4. Farmer Mac is entitled to the relief requested. The Borrower Defendants have defaulted under the terms of the Farmer Mac Loans, and following the acceleration of the same, the total outstanding principal and interest, currently accruing at the default rate, due and owing on the Famer Mac Loans (exclusive of fees and costs) is at least $41,416,040.49 as of November 21, 2024.

***Response:*** Defendants assert the first sentence is overbroad and therefore deny same. Defendants admit the second sentence. Defendants admit they missed at least one payment on

the Framer Mac Loans but as to the remaining allegations, Defendants lack information to admi or deny same, and therefore, deny the allegations.

**PARTIES**

5. Farmer Mac is a corporation organized and existing under the laws of the United States and is authorized to do business in the State of California, with a principal place of business located in Washington, D.C.

***Response:*** Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

6. Upon information and belief, Defendant Assemi Brothers is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Assemi Brothers is owned by: (i) The Amended and Restated Farid Assemi Revocable Trust (the "Farid Assemi Revocable Trust"), the Trustee of which is Farid Assemi, a citizen of California; (ii) The Amended and Restated Darius Assemi Revocable Trust (the "Darius Assemi Revocable Trust"), the Trustee of which is Darius Assemi, a California citizen; and (iii) The Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust (the "Farshid and Sonia Assemi Revocable Trust"), the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns Assemi Brothers are citizens of California, Assemi Brothers is a citizen of California for the purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations.

7. Upon information and belief, Defendant Maricopa is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Maricopa is owned by: (i) The Farid Assemi Revocable Trust, The Trustee of which is Farid Assemi, a citizen of California; and (ii) the Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen; (iii) The Farshid Assemi 1997 Ranch Trust (the "Farshid Assemi Ranch Trust"), the Trustee of which is Faris Assemi, a California citizen; (iv) The Farid Assemi 1997 Ranch Trust

(the "Farid Assemi Ranch Trust"), the Co-Trustees of which are Farshid Assemi and Neema Eliot Assemi, citizens of California; and (v) The Farshid and Sonia Assemi Revocable Trust, the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns Maricopa are California citizens, Maricopa is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations, except that Defendants aver that the Trustee of the Farshid Assemi Ranch Trust is Farid Assemi, not "Faris Assemi."

8. Upon information and belief, Defendant C & A Farms is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that C & A Farms is owned by: (i) The Farid Assemi Revocable Trust, the Trustee of which is Farid Assemi, a citizen of California; (ii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen; (iii) The Farshid Assemi and Sonia Assemi Revocable Trust, the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California; (iv) The Farshid Assemi Ranch Trust, the Trustee of which is Faris Assemi, a California citizen; and (v) The Farid Assemi Ranch Trust, the Co-Trustees of which are Farshid Assemi and Neema Eliot Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns C & A Farms are California citizens, C & A Farms is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations, except that Defendants aver that the Trustee of the Farshid Assemi Ranch Trust is Farid Assemi, not "Faris Assemi."

9. Upon information and belief, Defendant Whitesbridge is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Whitesbridge is owned by: (i) the Farid Assemi 2010 grantor Trust Dated December 30, 2010 (the "Farid Assemi Grantor Trust"), the Trustee of which is Neema Assemi, a citizen of California; and (ii) The Farshid and Sonia Assemi 2010 Grantor Trust dated December 30, 2010 (the "Farshid and Sonia Assemi Grantor Trust"), the Trustee of which is Melissa Layne, a California citizen. As

the Trustees of each trust that owns Whitesbridge are California citizens, Whitsebridge is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit that Whitesbridge is a California limited liability company with its principal place of business in Fresno County, California, and that the Farid Assemi Grantor Trust (Trustee Neema Assemi) and the Farshid and Sonia Assemi Grantor Trust (Trustee Melissa Layne) hold membership interests in Whitesbridge. Defendants deny that those trusts are the only members, and aver that the Darius Assemi Revocable Trust also holds a membership interest. Defendants admit that Whitesbridge is a citizen of California for purposes of diversity jurisdiction.

10. Upon information and belief, Defendant Willow Avenue is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Willow Avenue is owned by: (i) The Farid Assemi Grantor Trust, the Trustee of which is Neema Assemi, a citizen of California; (ii) The Farshid and Sonia Assemi Grantor Trust, the Trustee of which is Melissa Layne, a California citizen; and (iii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen. As the Trustees of each trust that owns Willow Avenue are California citizens, Willow Avenue is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations.

11. Upon information and belief, Defendant Lincoln is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Lincoln is owned by: (i) The Farid Assemi Revocable Trust, the Trustee of which is Farid Assemi, a citizen of California; and (ii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen. As the Trustees of each trust that owns Lincoln are California citizens, Lincoln is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit that Lincoln is a California limited liability company with its principal place of business in Fresno County, California, and that Lincoln is a citizen of

California for purposes of diversity jurisdiction. Defendants deny that Lincoln is owned by the Farid Assemi Revocable Trust and the Darius Assemi Revocable Trust, and aver that Lincoln is owned by the Farid Assemi Grantor Trust, the Trustee of which is Neema Assemi, and the Farshid and Sonia Assemi Grantor Trust, the Trustee of which is Melissa Layne.

12. Upon information and belief, Defendant Copper Avenue is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Copper Avenue is owned by: (i) The Farid Assemi Revocable Trust, the Trustee of which is Farid Assemi, a citizen of California; (ii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen; and (iii) The Farshid and Sonia Assemi Revocable Trust, the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns Copper Avenue are California citizens, Copper Avenue is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations.

13. Upon information and belief, Defendant ACAP is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that ACAP is owned by: (i) The Farid Assemi Revocable Trust, the Trustee of which is Farid Assemi, a citizen of California; (ii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen; and (iii) The Farshid and Sonia Assemi Revocable Trust, the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns ACAP are California citizens, ACAP is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations.

14. Upon information and belief, Defendant Cantua is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Cantua is owned by: (i) The Farid Assemi Revocable Trust, the Trustee of which is Farid Assemi, a citizen of California; (ii)

The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen; (iii) The Farshid Assemi Ranch Trust, the Trustee of which is Faris Assemi, a California citizen; (iv) The Farid Assemi Ranch Trust, the Co-Trustee of which are Farshid Assemi and Neema Eliot Assemi, citizens of California; and (v) The Farshid and Sonia Assemi Revocable Trust, the Co-Trustees of which are Farshid Assemi and Sonia Rosemary Assemi, citizens of California. As the Trustees or Co-Trustees of each trust that owns Cantua are California citizens, Cantua is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations, except that Defendants aver that the Trustee of the Farshid Assemi Ranch Trust is Farid Assemi, not "Faris Assemi."

15. Upon information and belief, Defendant Gradon is a limited liability company organized and existing under the laws of the State of California, with a principal place of business in Fresno County, California. Plaintiff is informed and believes that Gradon is owned by: (i) The Farid Assemi 2010 Grantor Trust, the Trustee of which is Neema Assemi, a citizen of California; (ii) The Farshid and Sonia Assemi Grantor Trust, the Trustee of which is Melissa Layne, a California citizen; and (iii) The Darius Assemi Revocable Trust, the Trustee of which is Darius Assemi, a California citizen. As the Trustees of each trust that owns Gradon are California citizens, Gradon is a citizen of California for purposes of diversity jurisdiction.

***Response:*** Defendants admit the allegations.

## JURISDICTION AND VENUE

16. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

***Response:*** To the extent that the allegations call for a legal conclusion about jurisdiction, a response is not required. To the extent a response is required, Defendants admit that the court has jurisdiction over this matter.

17. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

***Response:*** To the extent that the allegations call for a legal conclusion about venue, a response is not required. To the extent a response is required, Defendants admit that venue is proper in this district.

## FACUAL BACKGROUND

### A. Farmer Mac Loans

18. Beginning in or around January 2018, Farmer Mac entered into a series of transactions whereby, pursuant to that certain Farmer Mac Seller/Servicer Agreement dated May 12, 2014 by and between Farmer Mac and Conterra Agricultural Capital, LLC ("Conterra"), a true and accurate copy of which is attached hereto as **Exhibit A**, it became the holder of certain loans and security interests originated by Conterra in favor of the Borrower Defendants. Specifically:

a. On or about January 8, 2018, C & A and Whitesbridge executed a promissory note in favor of Conterra in the original principal amount of $5,500,000 (as amended, restated or modified from time to time, the "Loan 1725 Note"). The terms of the Loan 1725 Note were amended by that Certain Amendment to Note dated June 27, 2018. Conterra has assigned all of its rights, title and interest in the Loan 1725 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note dated as of January 8, 2018, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1725 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. Farmer Mac is the holder of the Loan 1725 Note. True and accurate copies of the Loan 1725 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached hereto as **Exhibit B.**

b. On or about January 8, 2018, C & A and Whitesbridge executed a promissory note in favor of Conterra evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $1,500,000 (as amended, restated or modified from time to time, the "Loan 1728 Note"). The terms of the Loan 1728 Note were modified by that certain Exhibit A to Note Form of Agreement to Convert dated as of June 27, 2018. Conterra has assigned all of its rights, title and interest in the Loan 1728 Note to Farmer Mac pursuant to that

certain Allonge to Promissory Note dated as of January 8, 2018, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1728 Note to the order of U.S. Bank National Association, as custodian/trustee for Farm er Mac. Farmer Mac is the holder of the Loan 1728 Note. True and accurate copies of the Loan 1728 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached hereto as **Exhibit C**.

c. On or about October 11, 2019, Copper, Maricopa, along with non-defendant California limited liability companies Ashlan & Hayes Investments, LLC ("A&H") and ACAP Holdings, LLC ("ACAP Holdings") executed a promissory note in favor of Conterra evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $5,297,232 (as amended, restated or modified from time to time, the "Loan 1673 Note"). The terms of the Loan 1673 Note were modified by that certain First Amendment to Note dated February 2, 2023. Conterra has assigned all of its rights, title and interest in the Loan 1673 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note dated as of October 11, 2019, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1673 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. Farmer Mac is the holder of the Loan 1673 Note. True and accurate copies of the Loan 1673 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached hereto as **Exhibit D**. Ashlan & Hayes Investments, LLC and ACAP Holdings, LLC assigned all rights, title and interest in and to Loan 1673 Note and the real property collateral securing Loan 1673 Note as evidenced by those certain Assumption Agreements dated February 2, 2023, true and accurate copies of which are attached hereto as **Exhibit E**.

d. On or about October 11, 2019, Copper, Maricopa, along with non-defendants A&H and ACAP Holdings executed a promissory note in favor of Conterra in the original principal amount of $10,258,632 (as amended, restated or modified from time to time, the "Loan 1674 Note"). The terms of the Loan 1674 Note were modified by that certain First Amendment to Note dated February 2, 2023. Conterra has assigned all of its rights, title and

interest in the Loan 1674 Note to Farmer Mac pursuant to that certain Allonge to Promissory Note executed October 11, 2019, pursuant to which Conterra instructed the relevant Borrower Defendants to make all payments due and owing under the Loan 1674 Note to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. Farmer Mac is the holder of the Loan 1674 Note. True and accurate copies of the Loan 1674 Note, amendment and allonge evidencing Farmer Mac's ownership of the loan are attached hereto as **Exhibit F**. A&H and ACAP Holdings assigned all rights, title and interest in and to Loan 1674 Note and the real property collateral securing Loan 1674 Note as evidenced by those certain Assumption Agreements dated February 2, 2023, true and accurate copies of which are attached hereto as **Exhibit G**.

e. On or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers and Whitesbridge executed a promissory note in favor of Conterra, evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $12,500,000 (as amended, restated or modified from time to time, the "Loan 2676 Note"). Conterra has assigned all of its rights, title and interest in the Loan 2676 Note to Farmer Mac pursuant to the direction included in the Loan 2676 Note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. Farmer Mac is the holder of the Loan 2676 Note. True and accurate copies of the note evidencing Farmer Mac's ownership of the loan are attached hereto as **Exhibit H**.

f. On or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers and Whitesbridge executed a promissory note in favor of Conterra, evidencing a line of credit extended to the relevant Borrower Defendants in the original principal amount of $12,500,000 (as amended, restated or modified from time to time, the "Loan 2678 Note"). Conterra has assigned all of its rights, title and interest in the Loan 2678 Note to Farmer Mac pursuant to the direction included in the Loan 2678 Note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. True and accurate copies of the note evidencing Farmer Mac's ownership of the Loan 2678 Note are attached hereto as **Exhibit I**.

g. On or about February 2, 2023, Maricopa, Copper, Lincoln, C & A, Willow, Cantua, Gradon and ACAP executed a promissory note in favor of Conterra in the original principal amount of $7,400,000 (as amended, restated or modified from time to time, the "Loan 1004 Note"; and together with the Loan 1725 Note, the Loan 1728 Note, the Loan 1673 Note, the Loan 1674 Note, the Loan 2676 Note, and the Loan 2678 Note, the "Farmer Mac Loans"). Conterra has assigned all of its rights, title and interest in the Loan 1004 Note to Farmer Mac pursuant to the direction included in the note to the relevant Borrower Defendants to make all payments to the order of U.S. Bank National Association, as custodian/trustee for Farmer Mac. A true and accurate copy of the Loan 1004 Note evidencing Farmer Mac's ownership of the loan is attached hereto as **Exhibit J**.

***Response:*** Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph and therefore deny them. As to subparagraph (a), Defendants admit that on or about January 8, 2018, C & A and Whitesbridge executed the Loan 1725 Note in favor of Conterra. Defendants aver that the Loan 1725 Note and the Amendment to Note dated June 27, 2018 are written instruments that speak for themselves. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 1725 Note to Farmer Mac, the Allonge to Promissory Note, and Farmer Mac's status as holder, and therefore deny them. Defendants aver that the documents attached as Exhibit B are written instruments that speak for themselves. As to subparagraph (b), Defendants admit that on or about January 8, 2018, C & A and Whitesbridge executed the Loan 1728 Note in favor of Conterra. Defendants aver that the Loan 1728 Note and the Exhibit A to Note Form of Agreement to Convert dated as of June 27, 2018 are written instruments that speak for themselves. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 1728 Note to Farmer Mac, the Allonge to Promissory Note, and Farmer Mac's status as holder, and therefore deny them. Defendants aver that the documents attached as Exhibit C are written instruments that speak for themselves. As to subparagraph (c), Defendants admit that on or about October 11, 2019, the Loan 1673 Note was executed in favor of Conterra. Defendants aver that the Loan 1673 Note and the First Amendment to Note dated February 2, 2023 are written instruments that speak for

themselves. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 1673 Note to Farmer Mac, the Allonge to Promissory Note, and Farmer Mac's status as holder, and therefore deny them. Defendants aver that the documents attached as Exhibit D are written instruments that speak for themselves. Defendants admit that A&H and ACAP Holdings entered into Assumption Agreements dated February 2, 2023, and aver that the Assumption Agreements attached as Exhibit E are written instruments that speak for themselves. As to subparagraph (d), Defendants admit that on or about October 11, 2019, the Loan 1674 Note was executed in favor of Conterra. Defendants aver that the Loan 1674 Note and the First Amendment to Note dated February 2, 2023 are written instruments that speak for themselves. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 1674 Note to Farmer Mac, the Allonge to Promissory Note, and Farmer Mac's status as holder, and therefore deny them. Defendants admit that A&H and ACAP Holdings entered into Assumption Agreements dated February 2, 2023, and aver that the documents attached as Exhibits F and G are written instruments that speak for themselves. As to subparagraph (e), Defendants admit that on or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers, and Whitesbridge executed the Loan 2676 Note in favor of Conterra, and aver that the Loan 2676 Note is a written instrument that speaks for itself. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 2676 Note to Farmer Mac and Farmer Mac's status as holder, and therefore deny them. Defendants admit that Exhibit H is a copy of the Loan 2676 Note and aver that it speaks for itself. As to subparagraph (f), Defendants admit that on or about December 14, 2020, Maricopa, C & A, Willow, Assemi Brothers, and Whitesbridge executed the Loan 2678 Note in favor of Conterra, and aver that the Loan 2678 Note is a written instrument that speaks for itself. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 2678 Note to Farmer Mac and Farmer Mac's ownership of it, and therefore deny them. Defendants admit that Exhibit I is a copy of the Loan 2678 Note and aver that it speaks for itself. As to subparagraph (g), Defendants admit that Maricopa, Copper, Lincoln, C & A, Willow, Cantua, Gradon, and ACAP executed the Loan 1004 Note in favor of Conterra, and aver that the Loan 1004 Note is a written instrument that

speaks for itself. Defendants lack sufficient information to admit or deny the allegations regarding the assignment of the Loan 1004 Note to Farmer Mac and Farmer Mac's ownership of it, and therefore deny them. Defendants admit that Exhibit J is a copy of the Loan 1004 Note and aver that it speaks for itself.

19. The Farmer Mac Loans each contain cross-default and cross-collateralization provisions referencing the other of the Farmer Mac Loans.

***Response:*** Defendant avers that the Farmer Mac Loans are written instruments that speak for themselves and admits that its terms are within that document unless subsequently modified. Other than as to Defendants' execution of certain loans, to the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendant lacks sufficient information to admit or deny the allegations and therefore denies them.

**B. <u>Farmer Mac Deeds of Trust</u>**

20. In connection with the Farmer Mac Loans, the Borrower Defendants executed a series of deeds of trust (as described in further detail herein below and collectively, the "Deeds of Trust") pursuant to which the Borrower Defendants granted Farmer Mac an interest in certain real property collateral (collectively, the "Real Property") located in and around Fresno County, California, Kings County, California, and Kern County, California in order to secure all obligations under the Farmer Mac Loans. Specifically:

a. The Borrower Defendants' obligations under the Loan 1725 Note are secured by that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as file no. 2023-0011222 in the Fresno County Recorder, Fresno County, California on February 2, 2023 (the "Loan 1725 DOT"). A true and accurate copy of the Loan 1725 DOT is attached hereto as **Exhibit K**.

b. The Borrower Defendants' obligations under the Loan 1728 Note are secured by that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno

County, California as more particularly described therein and recorded as file no. 2023-0011223 in the Fresno County Recorder, Fresno County, California on February 2, 2023 (the "Loan 1728 DOT"). A true and accurate copy of the Loan 1728 DOT is attached hereto as **Exhibit L**.

c. The Borrower Defendants' obligations under the Loan 1673 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2303339 in the Kings County Recorder, Kings County, California on March 3, 2023; and, that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as file no. 2023-0011386 in the Fresno County Recorder, Fresno County, California on February 8, 2023 (together, the "Loan 1673 DOTs"). True and accurate copies of the Loan 1673 DOTs are attached hereto as **Exhibit M**.

d. The Borrower Defendants' obligations under the Loan 1674 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2303340 in the Kings County Recorder, Kings County, California on March 3, 2023; and, that certain Amended and Restated Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as file no. 2023-0011359 in the Fresno County Recorder, Fresno County, California on February 8, 2023 (together, the "Loan 1674 DOTs"). True and accurate copies of the Loan 1674 DOTs are attached hereto as **Exhibit N**.

e. The Borrower Defendants' obligations under the Loan 2676 Note and the Loan 2678 Note are secured by that certain Amended and Restated Deed of Trust (with Future Advances Clause), Security Agreement, Assignment of Rents and Fixture Filing dated February

2, 2023, encumbering real property located in Kern County, California as more particularly described therein and recorded as document no. 223016523 in the Kern County Official Records, Kern County, California on February 13, 2023 (the "Loan 2676/2678 DOT"). A true and accurate copy of the Loan 2676/2678 DOT is attached hereto as **Exhibit O**.

f. The Borrower Defendants' obligations under the Loan 1004 Note are secured by that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kings County, California as more particularly described therein and recorded as document no. 2301891 in the Kings County Official Records, Kings County, California on February 7, 2023; that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Fresno County, California as more particularly described therein and recorded as file no. 2023-0010330 in the Fresno County Recorder, Fresno County, California on February 6, 2023; and, that certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 2, 2023, encumbering real property located in Kern County, California as more particularly described therein and recorded as document no. 223013714 in the Kern County Official Records, Kern County, California (together, the "Loan 1004 DOTs"). True and accurate copies of the Loan 1004 DOTs are attached hereto as **Exhibit P**.

***Response:*** Defendants admit that, in connection with the Farmer Mac Loans, the applicable Borrower Defendants executed deeds of trust encumbering real property located in Fresno, Kings, and Kern Counties, California. As to subparagraphs (a) through (f), Defendants aver that the Deeds of Trust attached as Exhibits K through P are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Deeds of Trust, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

21. In addition to the Real Property, pursuant to Section 19 of each of the Deeds of Trust, the Deeds of Trust "constitute a security agreement within the meaning of the Uniform Commercial Code as adopted by the State of California," and provide that the Farmer Mac Loans

are secured, pursuant to the recital portion of each of the Deeds of Trust, by certain other items of personal property collateral and fixtures, including but not limited to: all buildings, improvements, equipment, fixtures and permanent plantings affixed, attached to or incorporated in the Real Property, all water rights appurtenant to the Real Property (the "Water Rights"), whether such water rights are riparian, appropriative or otherwise, along with all ditch and ditch rights and shares of stock, licenses, permits and contracts evidencing such water or ditch rights appurtenant to the Real Property, and all wells, reservoirs, dams, embankment or fixtures located on the Real Property, all windmills, pumps, irrigation, equipment, motors, engines, and devices of every kind associated with the Real Property (exclusive of the Water Rights, the "Personal Property"; and together with the Water Rights and the Real Property, the "Collateral").

***Response:*** Defendants aver that the Deeds of Trust are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of Section 19 of the Deeds of Trust and the scope of the collateral thereunder, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

22. Farmer Mac's interest in the Personal Property Collateral and Water Rights was properly perfected by the filing of certain UCC-1 financing statements (the "UCCs"), specifically:

a. UCC Filing Acknowledgment filed January 31, 2018, with the California Secretary of State, Filing Number 18-7631437101;

b. UCC recorded January 31, 2018, in the Fresno County Recorder, File No. 2018-0011387-00;

c. UCC recorded October 15, 2019, in the Fresno County Recorder, File No. 2019-0123393;

d. UCC recorded October 15, 2019, in the Official Records of Kings County, Document Number 1917425;

e. UCC Filing Acknowledgment filed October 16, 2019, with the California Secretary of State, Filing Number 19-7741674006.

True and accurate copies of the UCCs and corresponding UCC-1 Continuation Statements are attached here to as **Exhibit Q**.

***Response:*** To the extent that the allegations in the first sentence of this paragraph call for a legal conclusion about whether Farmer Mac's interest in the Personal Property Collateral and Water Rights was properly perfected, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to subparagraphs (a) through (e), Defendants admit that the UCC financing statements described therein were filed or recorded as stated. To the extent that the allegations of subparagraphs (a) through (e) call for a legal conclusion about the effect of those filings, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. Defendants aver that the UCCs and UCC-1 Continuation Statements attached as Exhibit Q are written instruments that speak for themselves.

## C. <u>Defaults Under the Farmer Mac Loans</u>

23. The Borrower Defendants have defaulted under the terms of the Farmer Mac Loans by, inter alia, failing to make payments of outstanding principal and interest as due under the terms of the applicable Farmer Mac Loans, and failing to meet certain non-monetary covenants under the terms of the Farmer Mac Loans (the "Events of Default"). Specifically:

a. The Borrower Defendants have failed to make payment of accrued interest under the applicable terms of each of the Farmer Mac Loans on or before July 1, 2024, which constitutes an event of default under each of the Farmer Mac Loans;

b. The Borrower Defendants have failed to make payment of principal amounts due and owing before July 1, 2024, under the applicable terms of the Loan 1725 Note, the Loan 1728 Note, the Loan 1674 Note and the Loan 1004 Note, which require the applicable Borrower Defendants to make payment of such principal amounts on or before July 1, 2024, which constitutes an event of default under each such Farmer Mac Loan;

c. The Borrower Defendants have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal

year end a debt service coverage ratio of greater than or equal to 1.25:1.00, which constitutes an event of default under each such Farmer Mac Loan;

d. The Borrower Defendants have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal year end a current ratio of not less than 1.50:1.00, which constitutes an event of default under each such Farmer Mac Loan; and,

e. Finally, each of the Farmer Mac Loans is cross defaulted with each of the other individual Farmer Mac Loans and, accordingly, each of the Events of Default under the Farmer Mac Loans and Loan Documents described in subparagraphs (a) through (d) constitutes an event of default under all Famer Mac Loans.

***Response:*** Defendants object to the allegations in the first sentence of this paragraph, through the words "Farmer Mac Loans," as vague and ambiguous, and, on that basis, Defendants lack sufficient information to admit or deny those allegations and therefore deny them. As to subparagraph (a), Defendants admit that the applicable Borrower Defendants did not pay the accrued interest due on July 1, 2024 under each of the Farmer Mac Loans. Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to subparagraph (b), Defendants admit that the applicable Borrower Defendants did not pay the principal amounts due on July 1, 2024 under the Loan 1725 Note, the Loan 1728 Note, the Loan 1674 Note, and the Loan 1004 Note. Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to subparagraph (c), As to the required coverage ratio, under Loan 2676 Note, the Loan 2678 Note and the Loan 1004, Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal

conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. Defendants lack sufficient information to admit or deny the remaining allegations of subparagraph (c) and therefore deny them. (d) As to the required coverage ratio under Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note, Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. Defendants lack sufficient information to admit or deny the remaining allegations of subparagraph (d) and therefore deny them. As to subparagraph (e), Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the cross-default provisions of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

24. On or about September 12, 2024, Farmer Mac provided notice of the Events of Default to the Borrower Defendants by mailing a Notice of Events of Default and Reservation of Rights (the "September Notice"). A true and accurate copy of the September Notice is attached hereto as **Exhibit R**.

***Response:*** Defendants admit that Farmer Mac sent the September Notice on or about September 12, 2024. To the extent that the allegations call for a legal conclusion about the effect of the September Notice, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

25. On or about October 16, 2024, Farmer Mac provided notice of the Events of Default to the Borrower Defendants by mailing a Notice of Events of Default and Reservation of Rights (the "October Notice"), notifying the Borrower Defendants of the continuing Events of Default and imposition of the default interest rate under the applicable terms of each of the Farmer Mac Loans. A true and accurate copy of the October Notice is attached hereto as **Exhibit S**.

***Response:*** Defendants admit that Farmer Mac sent the October Notice on or about October 16, 2024. To the extent that the allegations call for a legal conclusion about the effect of the September Notice, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

26. Following notice to the Borrower Defendants of the Events of Default under Section 23 of each of the Deeds of Trust, Famer Mac is entitled to, inter alia, seek to collect rents and profits from Real Property, and "shall be entitled to have a receiver appointed to take possession of and manage the [Real] Property and collect the Rents and profits derived from the [Real] Property . . ."

***Response:*** Defendants aver that the Deeds of Trust are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Deeds of Trust, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

**D. <u>Borrower Defendants' Failure to Maintain Real Property</u>**

27. Upon information and belief, the Borrower Defendants are without resources monetary or otherwise, sufficient to maintain the Real Property.

***Response:*** Defendants assert the allegation is broad and vague and therefore Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

28. Upon information and belief, the Real Property requires regular maintenance, including watering and spraying which necessitate significant inputs of manpower, water, chemicals, and other materials, none of which are within the Borrower Defendants' current capacity to fund.

***Response:*** Defendants admit the allegations.

29. In light of the Borrower Defendants' inability to finance the continued maintenance of the Real Property, the Real Property is in imminent danger of loss, deterioration, and diminution in value. Given the Real Property's significance to the ability of the Borrower Defendants to repay the Famer Mac Loans, Farmer Mac is at serious risk of material losses and injuries.

***Response:*** Defendants lack sufficient information to admit or deny the allegations of the paragraph and therefore deny them.

30. Farmer Mac has the right, pursuant to the Deeds of Trust, Farmer Mac Loans and applicable law, to the appointment of a receiver. Farmer Mac is entitled to the immediate appointment of a receiver to take possession of and hold, manage, or dispose of, subject to the direction of this Court, the Real Property, its revenue, and all other Collateral located on or affixed to the Real Property that secures the Farmer Mac Loans.

***Response:*** As to the first sentence of this paragraph, Defendants aver that the Deeds of Trust and the Farmer Mac Loans are written instruments that speak for themselves. To the extent that the allegations of the first sentence call for a legal conclusion about the effect of the Deeds of Trust, the Farmer Mac Loans, and applicable law on Farmer Mac's right to the appointment of a receiver, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to the second sentence of this paragraph, Defendants aver that the Deeds of Trust and the Farmer Mac Loans are written instruments that speak for themselves. To the extent that the allegations of the second sentence call for a legal conclusion about Farmer Mac's entitlement to the immediate appointment of a receiver and the scope of the receiver's authority over the Real Property, its revenue, and the Collateral, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

31. The Borrower Defendants intend to cooperate with Farmer Mac and have consented to the appointment of a receiver over the Real Property pursuant to their agreement with Farmer Mac on the terms of an agreed upon form of order appointing a receiver, to be filed substantially contemporaneously herewith or as soon as reasonably practicable thereafter.

***Response:*** Defendants admit the allegations.

32. Farmer Mac intends to cooperate with other lenders, including but not limited to Prudential Life Insurance Company, on the funding of a receiver to maintain the Real Property, as the Real Property securing the Farmer Mac Loans is intermingled with real property collateral of other lenders to the Borrower Defendants.

***Response:*** A receiver has already been appointed in this action, and the allegations of this paragraph are therefore moot. Insofar as Defendants are still required to admit or deny the allegations herein, Defendants lack information as to the stated intent or mental state of the Plaintiff and therefore deny the allegation.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

***Response:*** Defendants restate and incorporate by reference their responses to paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff is the lawful holder of the Notes, the lawful beneficiary under the various Instruments, and the lawful owner of all of the other Loan Documents. Plaintiff is the lawful holder of the Farmer Mac Loans and beneficiary under the Deeds of Trust.

***Response:*** Defendants lack sufficient information to admit or deny the allegations of this paragraph and therefore deny them.

35. As set forth above, the Farmer Mac Loans require the Borrower Defendants to make payment of accrued interest under the applicable terms of each of the Farmer Mac Loans on or before July 1, 2024. The Borrower Defendants have failed to make such payments of accrued interest on or before July 1, 2024, as required under the terms of the Farmer Mac Loans.

***Response:*** As to the first sentence of this paragraph, Defendants aver that the Farmer Mac Loans and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to the second sentence of this paragraph, Defendants admit that the applicable Borrower Defendants did not pay the accrued interest due on July 1, 2024 under the Farmer Mac Loans.

36. As set forth above, applicable terms of the Loan 1725 Note, the Loan 1728 Note, the Loan 1674 Note and the Loan 1004 Note require the applicable Borrower Defendants to make payment of outstanding principal amounts on or before July 1, 2024. The applicable Borrower

Defendants have failed to make such payments of outstanding principal on or before July 1, 2024, as required by the relevant Farmer Mac Loans.

***Response:*** Defendants aver that the Loan 1725 Note, Farmer he Loan 1728 Note, the Loan 1674 Note, and the Loan 1004 Note and Loan Documents are written instruments that speak for themselves. To the extent that the allegations call for a legal conclusion about the effect of the Farmer Mac Loans, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. Defendants admit that the applicable Borrower Defendants did not pay the principal amounts due on July 1, 2024 under those notes.

37. As set forth above, the relevant Borrower Defendants have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal year end a debt service coverage ratio of greater than or equal to 1.25:1.00, and have defaulted under the terms of the Loan 2676 Note, the Loan 2678 Note and the Loan 1004 Note by failing to maintain as of the 2023 fiscal year end a current ratio of not less than 1.50:1.00, as required by each of the relevant Farmer Mac Loans.

***Response:*** Defendants admit that the applicable Borrower Defendants reported, as of the 2023 fiscal year end, a debt service coverage ratio below 1.25:1.00 and a current ratio below 1.50:1.00.

38. The Borrower Defendants have breached the terms of the Farmer Mac Loans by, inter alia, failing to make payment of all outstanding principal and interest by July 1, 2024, and failing to meet certain financial covenants under the relevant Farmer Mac Loans.

***Response:*** Defendants admit that the applicable Borrower Defendants did not make certain payments of principal and interest due on July 1, 2024 and did not meet certain financial covenant ratios as of the 2023 fiscal year end.

39. Farmer Mac duly notified the Borrower Defendants of the Events of Default via the September Notice and October Notice, and the Borrower Defendants have failed to cure such Events of Default, and all applicable cure periods, if any, have expired or are mooted by the

Borrower Defendants' consent to the appointment of a receiver as requested herein and described in Paragraph 31 hereof.

***Response:*** Defendants admit that Farmer Mac sent the September Notice and the October Notice. To the extent that the allegations call for a legal conclusion about the effect of the September Notice or October Notice, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

40. As a direct and proximate result of the Borrower Defendants' breach of the Farmer Mac Loans, Plaintiff has suffered damages in an amount to be determined at trial, but in any event no less than $41,833,201.59; including (i) unpaid principal; (ii) unpaid accrued interest; (iii) late charges; (iv) fees, costs, and other charges (including legal fees and costs) to which Plaintiff is entitled under the governing documents through the date of judgment; and (v) pre-judgment and post-judgment interest at the rate provided by law.

***Response:*** Defendants lack sufficient information to admit or deny the allegations of this paragraph and therefore deny them.

**SECOND CAUSE OF ACTION**

**(Appointment of Receiver, Accounting, and Specific Performance)**

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

***Response:*** Defendants restate and incorporate by reference their responses to paragraphs 1 through 40 as if fully set forth herein.

42. The Borrower Defendants have breached the terms of the Farmer Mac Loans by, inter alia, failing to make payment of all outstanding principal and interest by July 1, 2024, and failing to meet certain financial covenants under the relevant Farmer Mac Loans.

***Response:*** Defendants admit that the applicable Borrower Defendants did not make certain payments of principal and interest due on July 1, 2024 and did not meet certain financial covenant ratios as of the 2023 fiscal year end.

43. Farmer Mac duly notified the Borrower Defendants of the Events of Default via the September Notice and October Notice, and the Borrower Defendants have failed to cure such Events of Default, and all applicable cure periods, if any, have expired or are mooted by the

Borrower Defendants' consent to the appointment of a receiver as requested herein described in Paragraph 31 hereof.

***Response:*** Defendants admit that Farmer Mac sent the September Notice and the October Notice. To the extent that the allegations call for a legal conclusion about the effect of the September Notice or October Notice, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. A receiver has already been appointed in this action, and the remaining allegations of this paragraph are therefore moot; if an admission or denial is still required, the allegation is admitted on the basis the receiver was already appointed. Insofar as the assertions alleged by way of the

44. Pursuant to Section 23 of each of the Deeds of Trust, Plaintiff is entitled to the appointment of a receiver in light of the Events of Default and proper notice to the Borrower Defendants.

***Response:*** A receiver has already been appointed in this action, and the allegations of this paragraph are therefore moot; if an admission or denial is still required, and, only on such basis, the allegation is admitted on the basis the receiver was already appointed.

45. Due to the Borrower Defendants' default, there is risk of immediate and irreparable harm to the Real Property and real and irreparable harm to Farmer Mac through the diminution in value of its Collateral.

***Response:*** Defendants aver that a receiver has already been appointed in this action and the allegations of this paragraph are therefore moot; and, if an admission is required, and only on such basis, the allegation is admitted.

46. The immediate appointment of a receiver is necessary to preserve the value of the Real Property, and Collateral generally, and to protect the Real Property from value destructive irreparable harm.

***Response:*** Defendants further aver that a receiver has already been appointed in this action, and the allegations of this paragraph are therefore moot; and, if an admission is required, and only on such basis, the allegation is admitted.

47. Plaintiff has no adequate remedy at law to enforce the Farmer Mac Loans as set forth herein and will suffer irreparable harm unless equitable relief is granted and a receiver is appointed to manage, operate, and control the Real Property and Collateral generally.

***Response:*** Defendants lack sufficient information to admit or deny the allegations of this paragraph and therefore deny them.

48. A receiver should be appointed, pursuant to, inter alia, Fed. R. Civ. P. 66, with the powers and duties of a court-appointed receiver, including the power to bring and defend actions in his own name as receiver, to take and keep possession of the Real Property, to receive rents and any profits, collect debts, to make transfers, to sell the Real Property through private sale or at public auction and generally take such actions respecting the Real Property as the Court may authorize pending any future foreclosure under the Deeds of Trust.

***Response:*** A receiver has already been appointed in this action, and the allegations of this paragraph are therefore moot; if an admission or denial is still required, the allegation is admitted on the basis the receiver was already appointed.

49. Plaintiff has met the requirements for appointment of a receiver, and a receiver is necessary to protect the Real Property. The Borrower has consented to the appointment of a receiver as described in Paragraph 31 hereof and Plaintiff is entitled to the immediate appointment of a receiver pursuant to the Court's equitable authority, the Loan Documents, and applicable law.

***Response:*** As to the first sentence of this paragraph, to the extent that the allegations call for a legal conclusion about whether Plaintiff has met the requirements for appointment of a receiver and whether a receiver is necessary to protect the Real Property, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them. As to the allegation that the Borrower Defendants consented to the appointment of a receiver as described in paragraph 31, Defendants admit the allegation, and further aver that a receiver has already been appointed in this action, and the allegation is therefore moot. As to the remaining allegation that Plaintiff is entitled to the immediate appointment of a receiver pursuant to the Court's equitable authority, the Loan Documents, and applicable law, to the extent that the allegation calls for a legal conclusion, a

response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegation and therefore deny it.

**THIRD CAUSE OF ACTION**

**(For Injunctive Relief Against All Defendants)**

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

***Response:*** Defendants restate and incorporate by reference their responses to paragraphs 1 through 49 as if fully set forth herein.

51. To enable the receiver to properly and effectively carry out the specific and general duties and powers, and to prevent Plaintiff from suffering irreparable harm and irreparable injury, Plaintiff seeks a preliminary injunction and permanent injunction enjoining Borrower Defendants and their agents, partners, property managers, employees, officers, directors, affiliates, assigned successors, representatives, and all persons acting under, in concert with or for them, from:

a. Committing or permitting any waste on the Real Property or any part thereof, or suffering or committing or permitting any act on the Real Property or any part thereof in violation of law, or removing or otherwise disposing of any of the Real Property or the fixtures presently on the Real Property, or any part thereof;

b. Demanding, collecting, receiving, discounting, or in any other way diverting or using any of the rents and any profits from the Real Property;

c. Directly or indirectly interfering in any manner with the discharge of the receiver's duties or the receiver's possession of and operation or management of the Real Property; and,

d. Doing any act which will, or which will tend to impair, defeat, divert, prevent, or prejudice the preservation of the Real Property, including the rents, or any amounts due and owing to the Borrower Defendants with respect to the Real Property, and any profits, or the preservation of Plaintiff's interest in the Real Property.

***Response:*** As to this paragraph and each of subparagraphs (a) through (d), to the extent that the allegations call for a legal conclusion about Plaintiff's entitlement to preliminary and permanent injunctive relief, a response is not required, and if a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief against all Borrower Defendants as follows:

1. That the Court enter judgment against Borrower Defendants for amounts owed through the date of judgment in an amount to be determined at trial, but in any event no less than the cumulative amount under the Farmer Mac loans of $41,833,201.59, including (i) $37,604,067.25 in unpaid principal;(ii) $3,811,973.24 in unpaid accrued interest; (iii) $294,161.10 in late charges; (iv) fees, costs, and other charges (including legal fees and costs) to which Plaintiff is entitled under the governing documents through the date of judgment and which may be determined at trial; and (v) pre-judgment and post-judgment interest at the rate provided by law;

2. That the Court enforce the provisions of California Code of Civil Procedure Section 564(a) 564(b)(2), 564(b)(9), and 564(b)(11) by specifically enforcing the assignment of rents clauses and Farmer Mac's express entitlement to the appointment of a receiver in the Deeds of Trust, and appoint a receiver to bring and defend actions in his or her own name as receiver, to take and keep possession of the Real Property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, to sell the Real Property by private sale or public auction, and generally to do such acts respecting the Real Property as the Court may authorize pending the forthcoming foreclosure under the Deeds of Trust;

3. That the Court enter an order directing that the Borrower Defendants:

A. Shall relinquish and turn over possession of the Real Property and all Collateral to the receiver upon his or her appointment becoming effective;

B. Shall turn over to the receiver and direct all property managers and other third parties in possession thereof to turn over all keys, leases, books, records, books of account, ledgers, operating statements, budgets, real estate tax bills and all other business records relating to the Real Property or Personal Property Collateral, wherever located, and in whatever mode maintained, including information contained on computers and any and all software relating thereto as well as all banking records, statements, and canceled checks;

C. Shall turn over to the receiver all documents which pertain to all licenses, permits, or government approvals relating to the Real Property, or Personal Property Collateral, and shall immediately advise the receiver of their Federal Taxpayer Identification Numbers used in connection with the operation of the Real Property;

D. Shall immediately advise the receiver as to the nature and extent of insurance coverage on the Real Property and Personal Property Collateral. Borrower Defendants shall immediately name the receiver as an additional insured on the insurance policy (or if multiple, insurance policies) for the period that the receiver shall be in possession of the Real Property and Personal Property Collateral. Borrower Defendants shall be prohibited from cancelling, reducing, or modifying any and all insurance coverage currently in existence with respect to the Real Property; and,

E. Shall immediately turn over to the receiver any monies (including but not limited to, security deposits, prepaid rent, or funds in property management bank accounts for the Real Property) which represent net rental or lease payments with respect to the Real Property. Any tenants occupying, using, or leasing the Real Property, or any portion thereof, and any parties owing funds to Borrower Defendants as a result of the Real Property shall make payment to the receiver.

4. That the Court enter an order for an accounting by the Borrower Defendants of any rents from the Real Property, and any profits;

5. That the Court enter a preliminary injunction and permanent injunction enjoining Borrower Defendants and their agents, partners, property managers, employes, officers, directors, affiliates, assignees, successors, and representative and all persons acting under, in concert with, or for them, from:

A. Committing or permitting any waste on the Real Property or Personal Property Collateral or any part thereof, or suffering or committing or permitting any act on the Real Property or any part thereof in violation of law, or removing or otherwise disposing of any of the Real Property or the fixtures presently on the Real Property, or any part thereof;

B. Demanding, collecting, receiving, discounting, or in any other way diverting or using any of the rents and any profits from the Real Property;

C. Directly or indirectly interfering in any manner with the discharge of the receiver's duties or the receiver's possession of and operation or management of the Real Property; and,

D. Doing any act which will, or which will tend to impair, defeat, divert, prevent, or prejudice the preservation of the Real Property, including the rents, or any amounts due and owing to the Borrower Defendants with respect to the Real Property, and any profits, or the preservation of Plaintiff's interest in the Real Property.

6. That the Court award to Farmer Mac costs incurred in connection with collection of monies owed under the Farmer Mac Loans, including but not limited to the costs of this complaint; for attorneys' fees incurred in connection with this action; and,

7. For such other relief as the Court may deem just and proper.

**DEFENDANTS RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

To the extent Plaintiff's prayer for relief requires a response, Defendants deny that Plaintiff is entitled to any relief as to Defendants and specifically deny all the allegations and prayers for relief contained under the heading "Prayer for Relief" (and paragraphs 1 through 7 therein) in accordance with this Answer and Affirmative Defenses.

**JURY DEMAND**

Under Fed. R. Civ. Proc. 38 and Local Rule 201, Plaintiff demands a trial by jury of all issues raised by this Complaint that are triable by jury, as is its right under the Seventh Amendment to the Constitution of the United States and as given by statute.

**DEFENDANTS' RESPONSE TO JURY DEMAND**

Under Fed. R. Civ. Proc. 38 and Local Rule 201, Defendants demand a trial by jury of all issues raised by this Complaint that are triable by jury, as is its right under the Seventh Amendment to the Constitution of the United States and as given by statute.

**AFFIRMATIVE DEFENSES**

1. Defendants raise the affirmative defense of bad faith, whereby the loss or damages,

if any, sustained by Plaintiff herein is barred by Plaintiff's bad-faith conduct.

2. Defendants raise the affirmative defense of unclean hands whereby the loss or damages, if any, sustained by Plaintiff herein is barred by the doctrine of unclean hands.

3. Defendants raise the affirmative defense of good faith and lawful conduct. Any alleged act or omission by Defendants, concerning Plaintiff, was taken for lawful reasons. At all times relevant to the claims and time period alleged in the Complaint, Defendants acted lawfully, with due care, in good faith, in lawful competition, and without malice.

4. Defendants raise the affirmative defense of laches because the loss or damages, if any, sustained by Plaintiff herein is barred by laches.

5. Defendants raise the affirmative defense of waiver, whereby any recovery by Plaintiff on the Complaint is barred by the doctrine of waiver.

6. Defendants raise the affirmative defense of mitigation of damages. Plaintiff failed to act reasonably to avoid and/or mitigate its alleged damages, and such failure bars or diminishes any recovery on the Complaint, and any cause of action alleged herein.

7. Defendants raise the affirmative defense of unjust enrichment. Plaintiff should not be permitted to obtain a favorable recovery on any of its claims against Defendants because to allow such recovery would result in an unjust enrichment to Plaintiff.

8. Defendants raise the affirmative defense of justification. Plaintiff is barred from recovery on the claims asserted in the Complaint, in whole, or in part, because the actions of Defendants were justified and/or excused under the totality of the circumstances.

9. Defendants raise the affirmative defense of privilege. Plaintiff is barred from recovery on the claims asserted in the Complaint, in whole, or in part, because, at all times relevant to the time period alleged in the Complaint, Defendants acted in good faith to protect their own financial interests.

10. Defendants raise the affirmative defense of estoppel whereby Plaintiff is estopped by its own conduct from recovering any relief under the Complaint.

11. Defendants raise the affirmative defense of Plaintiff's material alteration of the underlying debts and loans.

12. Defendants raise the affirmative defense of Plaintiff's negligent loan administration of the underlying debts and loans.

13. Defendants raise the affirmative defense of Plaintiff's material impairment of the value of the collateral securing the underlying debts and loans, in light of Plaintiff's specific actions regarding that collateral, including but not limited to any or all of the following: seeking appointment of a receiver, neglecting to maintain collateral property, and/or releasing valuable assets without Defendant's consent.

14. Defendants raise the affirmative defense of Plaintiff's misconduct such as fraud, misrepresentation, or duress toward the borrowers on the underlying debts/Loans.

15. Defendants raise the affirmative defense of all defenses or claims belonging to the guarantors on the underlying debts/Loans based on the conduct of Plaintiff, as lender, and/or the underlying debts and loans.

16. Defendants raise as affirmative defenses all rights and defenses given to borrowers at law or in equity, including but not limited to those rights and defenses that are or may become available to Defendants under California law.

17. Defendants raise the affirmative defense of the statute of limitations, including but not limited to Civil Code section 337, because Plaintiff waited too long to sue Defendants.

///

///

///

///

///

///

///

///

///

///

///

18. Defendants reserve any affirmative defenses that may be raised based on later discovered evidence. Defendants has not knowingly or intentionally waived any applicable defenses.

Dated: October 30, 2026

WANGER JONES HELSLEY PC

By: ______________________________
Ian J. Quinn
Attorneys for Defendants ACAP Farms, LLC; Assemi Brothers, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Copper Avenue Investments, LLC; Gradon Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Whitesbridge Farms, LLC; and Willow Avenue Investments, LLC

# PROOF OF SERVICE

**Federal Agricultural Mortgage Corporation v. Assemi Brothers, LLC, et al**
**Case No. 1:24-cv-01455-KES-SAB**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

## PROOF OF SERVICE

My business address is 265 East River Park Circle, Suite 310, Post Office Box 28340, Fresno, California 93729. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **ANSWER OF DEFENDANTS ACAP FARMS, LLC, ASSEMI BROTHERS, LLC, C & A FARMS, LLC, CANTUA ORCHARDS, LLC, COPPER AVENUE INVESTMENTS, LLC, GRADON FARMS, LLC, LINCOLN GRANTOR FARMS, LLC, MARICOPA ORCHARDS, LLC, WHITESBRIDGE FARMS, LLC, AND WILLOW AVENUE INVESTMENTS, LLC TO PLAINTIFF'S COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____ (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California designated in the **"U.S. MAIL LIST"**.

XXX (BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated in the **"ELECTRONIC SERVICE LIST"**.

_____ (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

_____ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

XXX E-FILING: I caused the document(s) to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

EXECUTED ON **October 30, 2026**, at Fresno, California.

XXX (FEDERAL) I declare that I am employed in this office of a member of the bar of this court at whose direction this service was made

_________________________
Danielle Durham

# Mailing Information for a Case 1:24-cv-01455-KES-SAB Federal Agricultural Mortgage Corporation v. Assemi Brothers, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Yelena E. Archiyan , PHV**
  yelena.archiyan@katten.com
- **Terence G. Banich**
  terence.banich@katten.com,courtalertlax@katten.com
- **Michaela C. Crocker , PHV**
  michaela.crocker@katten.com
- **Jason Gregory Eldred**
  jeldred@wilkefleury.com,sdouglas@wilkefleury.com
- **Michael R. Farrell**
  mfarrell@allenmatkins.com
- **Bernard Jaron Kornberg**
  bernie.kornberg@millernash.com
- **Gabriel L. Mathless , PHV**
  gabrielmathless@mvalaw.com
- **John E. Mitchell , PHV**
  john.mitchell@katten.com
- **Arlen Moradi**
  arlen.moradi@katten.com
- **Matthew David Pham**
  mpham@allenmatkins.com,mdiaz@allenmatkins.com
- **Ian J. Quinn**
  RIBTecf@wjhattorneys.com
- **Jonathan Reiter**
  degan@wilkefleury.com
- **Benjamin E. Shook , PHV**
  benshook@mvalaw.com
- **Zachary H. Smith , PHV**
  zacharysmith@mvalaw.com
- **Brodie Austin Surfus**
  bsurfus@wtjlaw.com,borozco@wtjlaw.com
- **Ethan D Trotz , PHV**
  ethan.trotz@katten.com

- **Riley C. Walter**
  RIBTecf@wjhattorneys.com,cbrown@wjhattorneys.com

- **Marshall Craig Whitney**
  mwhitney@wtjlaw.com,abroome@wtjlaw.com,sgomez@wtjlaw.com,hlopez@wtjlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

EMAIL SERVICE LIST

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
snb300@aol.com
llindenau@larsonlindenau.com
legal@goldenstatecleanenergy.com